**FARUQI & FARUQI, LLP**
Barbara A. Rohr (SBN 273353)
Benjamin Heikali (SBN 307466)
10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90024
Telephone: (424) 256-2884
Facsimile: (424) 256-2885
E-mail: brohr@faruqilaw.com
          bheikali@faruqilaw.com

*Attorneys for Plaintiff Theodore Broomfield*
*and the putative classes*

**THE WAND LAW FIRM**
Aubry Wand (SBN 281207)
400 Corporate Pointe, Suite 300
Culver City, California 90230
Telephone:  (310) 590-4503
Facsimile:  (310) 590-4596
E-mail: awand@wandlawfirm.com

*Attorneys for Plaintiffs Sara Cilloni and*
*Simone Zimmer and the putative classes*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| THEODORE BROOMFIELD, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>CRAFT BREW ALLIANCE, INC., *et al.*,<br><br>Defendants. | CASE NO.: 5:17-cv-01027-BLF<br><br>**CLASS ACTION**<br><br>**CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>1. **Violation of California Consumer Legal Remedies Act**<br>2. **Violation of California Unfair Competition Law**<br>3. **Violation of California False Advertising Law**<br>4. **Breach of Express Warranty**<br>5. **Breach of Implied Warranty**<br>6. **Common Law Fraud**<br>7. **Intentional Misrepresentation**<br>8. **Negligent Misrepresentation**<br>9. **Unjust Enrichment and Common Law Restitution**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Theodore Broomfield, Sara Cilloni, and Simone Zimmer, (collectively, the "Plaintiffs"), on behalf of themselves and all others similarly situated, bring this class action against Defendants Craft Brew Alliance, Inc. d/b/a Kona Brewing Co., and DOES 1 through 50 (collectively, the "Defendants"), seeking monetary damages, injunctive relief, and other remedies. Plaintiffs make the following allegations based on the investigation of their counsel and on information and belief, except as to allegations pertaining to Plaintiffs individually, which is based on their personal knowledge.

## **INTRODUCTION**

1.      Through false and deceptive packaging and advertising, Defendants intentionally mislead consumers into believing that their Kona Brewing Co. brand beers are brewed in Hawaii. In reality, these beers are brewed in the continental United States.[1]

2.      The falsely advertised beers at issue in this action include, but are not limited to, Kona Brewing Co. brand Longboard Island Lager, Big Wave Golden Ale, Fire Rock Pale Ale, Wailua Wheat Ale, Hanalei Island IPA, Castaway IPA, Lavaman Red Ale, Lemongrass Luau, Koko Brown, and Pipeline Porter (hereinafter, collectively referred to as the "Kona Brewing Co. Beers").

3.      At all relevant times, Defendants have packaged, advertised, marketed, distributed, and sold the Kona Brewing Co. Beers to consumers via retail stores and restaurants throughout the continental United States based on the misrepresentation that the Kona Brewing Co. Beers are brewed in Hawaii.  However, none of the Kona Brewing Co. Beers that are available for sale in the continental United States are brewed by Defendants in Hawaii.  Rather, the Kona Brewing Co. Beers are brewed by Defendants in Oregon, Washington, Tennessee, and New Hampshire.

4.      Defendants intentionally play on the false impression that the Kona Brewing Co. Beers are brewed in Hawaii and then imported to the continental United States.  Craft Brew Alliance, Inc.'s Chief Marketing Officer recently admitted so on the company's third quarter 2016 earnings call by stating: "I'd also like to remind everyone again about why the Kona brand is

---

[1] Kona Brewing Co.'s draft beers sold in Hawaii are brewed in Hawaii.

special among the over 5,000 craft brands available in the U.S.  First, **the Kona brand plays like a craft brand imported from Hawaii** and has the benefit of being a lifestyle, a craft and an important play… Kona's performance in California highlights **Kona's ability trends in craft localness and play as an imported craft brand from Hawaii**."[2] (emphases added).

5.    Plaintiffs and other consumers purchased the Kona Brewing Co. Beers because they reasonably believed, based on Defendants' packaging and advertising that the Kona Brewing Co. Beers are brewed in Hawaii.  Had Plaintiffs and other consumers known that the Kona Brewing Co. Beers were not brewed in Hawaii, they would not have purchased the Kona Brewing Co. Beers or would have paid significantly less for them.  As a result, Plaintiffs and other consumers have been deceived and have suffered economic injury.

6.    Plaintiffs seek relief in this action individually, and on behalf of all other similarly situated individuals who purchased the Kona Brewing Co. Beers during the relevant statute of limitations period, for violations of California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq.*, California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.,* California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, *et seq.*, and for breach of express warranty, breach of implied warranty, common law fraud, intentional misrepresentation, negligent misrepresentation, and unjust enrichment.

7.    Plaintiffs seek to represent a Nationwide Class, a California Subclass, and a California Consumer Subclass (defined *infra* in paragraph 99) (hereinafter, collectively referred to as "Classes").

8.    As a result of the unlawful scheme alleged herein, Defendants have been able to overcharge Plaintiffs and other consumers for beer, induce purchases that would otherwise not have occurred, and/or obtain wrongful profits.  Defendants' misconduct has caused Plaintiffs and other consumers to suffer monetary damages.  Plaintiffs, on behalf themselves and other similarly

---

[2] https://seekingalpha.com/article/4019249-craft-brew-alliances-brew-ceo-andrew-thomas q3-2016-results-earnings-call-transcript (last visited on April 7, 2016).

situated consumers, seek damages, restitution, declaratory and injunctive relief, and all other remedies provided by applicable law or this Court deems appropriate.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because Plaintiffs are citizens of the State of California, Defendant Craft Brew Alliance, Inc. is a citizen of the State of Oregon and the State of Washington, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. This Court also has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2), because this is a class action filed under Rule 23 of the Federal Rules of Civil Procedure, there are thousands of proposed Class members, the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs, and Defendant Craft Brew Alliance, Inc. is a citizen of a state different from that of Plaintiffs and members of the proposed Classes.

10. This Court has personal jurisdiction over Defendants because Defendants have sufficient minimum contacts with the State of California, and/or otherwise intentionally avail themselves of the markets in the State of California through the promotion, marketing, and sale of Kona Brewing Co. Beers in this State to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

11. Venue is proper in this District under 28 U.S.C. § 1391(a)-(d) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PLAINTIFFS

12. Plaintiff Theodore Broomfield is a citizen of the United States and the State of California, and he currently resides in the County of San Francisco. In February of 2017, Mr. Broomfield purchased a twelve-pack of Longboard Island Lager from Walgreens in San Francisco. In purchasing the Longboard Island Lager, Mr. Broomfield saw and relied on the packaging of the Longboard Island Lager. Specifically, Mr. Broomfield saw and relied on the following illustrations and representations on the packaging: a beach, surfers, surfboards, "Longboard Island Lager," "Liquid Aloha," and an image of a map of the major Hawaiian Islands, which depicts the location of the Kona Brewing Co. Brewery on the Big Island. Based on these

-4-

CONSOLIDATED CLASS ACTION COMPLAINT

representations, Mr. Broomfield believed he was purchasing a beer brewed in Hawaii. However, unbeknownst to Mr. Broomfield, Longboard Island Lager, like the other Kona Brewing Co. Beers, was not brewed in Hawaii, but was instead brewed in the continental United States. Mr. Broomfield would not have purchased the Longboard Island Lager or would have paid significantly less for it had he known that it was brewed in the continental United States. Therefore, Mr. Broomfield suffered injury in fact and lost money as a result of Defendants' misleading, false, unfair, and fraudulent practices, as described herein.

13.    Plaintiff Sara Cilloni is a citizen of the United States and the State of California, and currently resides in the County of Santa Clara. Plaintiff Cilloni has regularly purchased the Longboard Island Lager over the relevant Class Period. Her most recent purchase of the Longboard Island Lager was a six-pack in or around July 2016 from a retailer in San Jose, California. In purchasing the Longboard Island Lager, Ms. Cilloni saw and relied on the packaging of the Longboard Island Lager. Specifically, Ms. Cilloni saw and relied on the following illustrations and representations on the packaging: a beach, surfers, surfboards, "Longboard Island Lager" and "Liquid Aloha." Based on these representations, Ms. Cilloni believed she was purchasing a beer brewed in Hawaii. However, unbeknownst to Ms. Cilloni, Longboard Island Lager, like the other Kona Brewing Co. Beers, was not brewed in Hawaii, but was instead brewed in the continental United States. Ms. Cilloni would not have purchased the Longboard Island Lager or would have paid significantly less for the beer had she known that the beer was brewed in the continental United States. Therefore, Ms. Cilloni suffered injury in fact and lost money as a result of Defendants' misleading, false, unfair, and fraudulent practices, as described herein.

14.    Plaintiff Simone Zimmer is a citizen of the United States and the State of California, and she currently resides in the County of San Bernardino. Plaintiff Zimmer has regularly purchased the Kona Brewing Co. Beers over the relevant Class Period, including, but not limited to, six-packs of the Fire Rock Pale Ale, the Big Wave Golden Ale, and the Island Hopper Variety twelve-pack (which includes Big Wave Golden Ale, Longboard Island Lager, Fire Rock Pale Ale, and Castaway IPA). Ms. Zimmer's most recent purchase of the Kona Brewing Co.

CONSOLIDATED CLASS ACTION COMPLAINT

Beers was the Island Hopper Variety twelve-pack in or around January 2017.  During the relevant Class Period, Ms. Zimmer purchased the Kona Brewing Co. Beers at various retailers in San Bernardino, California, including Ralph's and Rite-Aid.  In purchasing the Kona Brewing Co. Beers, Ms. Zimmer saw and relied on the packaging of the Kona Brewing Co. Beers.  Specifically, Ms. Zimmer saw and relied on the following illustrations and representations on the packaging of the Fire Rock Pale Ale: an erupting volcano, an ocean, and "Fire Rock Pale Ale."  Ms. Zimmer also saw and relied on the following illustrations and representations on the packaging of the Big Wave Golden Ale: blue water, waves, an outrigger canoe, and "Big Wave Golden Ale."  In addition, Ms. Zimmer also saw and relied on the following illustrations and representations on the packaging of the Island Hopper Variety Pack: the ocean, the volcano in the background, the images of the four different beers, and an image of a map of the major Hawaiian Islands, which depicts the location of the Kona Brewing Co. Brewery on the Big Island.  Based on these representations, Ms. Zimmer believed that each of the Kona Brewing Co. Beers she purchased was brewed in Hawaii.  However, unbeknownst to Ms. Zimmer, the Kona Brewing Co. Beers she purchased were not brewed in Hawaii, but instead were brewed in the continental United States.  Ms. Zimmer would not have purchased the Kona Brewing Co. Beers or would have paid significantly less for the Kona Brewing Co. Beers had she known that the Kona Brewing Co. Beers were brewed in the continental United States.  Therefore, Ms. Zimmer suffered injury in fact and lost money as a result of Defendants' misleading, false, unfair, and fraudulent practices, as described herein.

## **DEFENDANTS**

15.    Defendant Craft Brew Alliance, Inc. (d/b/a Kona Brewing Co.) is a Washington corporation with its principle place of business at 929 North Russell Street, Portland, Oregon 97227-1733.  Defendant Craft Brew Alliance, Inc. acquired Kona Brewing Co., Inc., in 2010.[3]  According to a December 9, 2015 filing with the Oregon Secretary of the State, Defendant Craft Brew Alliance, Inc. is responsible for the production, marketing, and sales of craft brewed beer.

---

[3] Craft Brew Alliance, Inc., Annual Report (Form 10-K) p. 1 (Mar. 31, 2011).

CONSOLIDATED CLASS ACTION COMPLAINT

16.     The true names and capacities of DOES 1 through 50, inclusive, are unknown to Plaintiffs at this time, and Plaintiffs therefore sues such DOE Defendants under fictitious names. Plaintiffs are informed and believe, and thereon allege, that each Defendant designated as a DOE is in some manner highly responsible for the occurrences alleged herein, and that Plaintiffs and Class members' injuries and damages, as alleged herein, were proximately caused by the conduct of such DOE Defendants.  Plaintiffs will seek leave of the Court to amend this Complaint to allege the true names and capacities of such DOE Defendants when ascertained.

## FACTUAL ALLEGATIONS

### A.    Background

17.     Kona Brewing Co., Inc. began brewing beer in Hawaii in 1994.[4]

18.     Defendant Craft Brew Alliance, Inc. is a publicly traded company and it "is the sixth largest craft brewing company in the U.S. and a leader in brewing, branding, and bringing to market some of the world-class American craft beers."[5]  In addition to acquiring Kona Brewing Co., Inc. in 2010, Defendant Craft Brew Alliance, Inc. operates the following brands: Red Hook, Widmer Brothers, Omission, and Square Mile Cider Company.

19.     A spokesperson for Defendant Craft Brew Alliance, Inc. was quoted in an Associated Press article admitting that all packaged Kona Brewing Co. Beers are produced in Oregon, Washington state, New Hampshire, and Tennessee.  The spokesperson also admitted that a Kailua-Kona, Hawaii brewery produces draft beer that's sold in Kona Brewing pubs and elsewhere in the islands.[6]

---

[4] Craft Brew Alliance, Inc., Annual Report (Form 10-K) p. 4 (Mar. 16, 2017) (hereinafter "2016 10-K").

[5] *Id.* at 2.

[6] http://bigstory.ap.org/article/5a1d5beaa14e4ebd86aa6641c1540503/suit-kona-brewing-dupes-drinkers-seeking-hawaii-made-beer (last visited on April 7, 2017).

-7-

20.     In fact, Defendants' Hawaiian brewery only has a 10,000 barrel[7] capacity per year.[8] This is in comparison to a 630,000 barrel capacity at their Oregon brewery, a 220,000 barrel capacity at their Washington brewery, a 100,000 barrel capacity at the Tennessee brewery and a 215,000 barrel capacity at their New Hampshire brewery.[9]   Defendants then distribute their beer throughout the continental United States through a distribution agreement with Anheuser-Busch, LLC.[10]

21.     As of December 21, 2016, Anheuser-Busch, LLC owned approximately 31.5% of Craft Brew Alliance, Inc.[11]   Anheuser-Busch is the world's largest producer of alcoholic beverages and it controls approximately 45 percent of the U.S. beer market.[12]

22.     The Kona Brewing Co. Beers are sold across California and the United States at grocery chains, pharmacy chains, myriad liquor stores and mom and pop stores, and large retail outlets including, but not limited to, Walgreens Pharmacy, Rite-Aid Pharmacy, CVS Pharmacy, Safeway, Ralphs, 7-Eleven, Walmart, BevMo!, Target, and Buy–Rite Liquors.  The Kona Brewing Co. Beers consist of at least the following ten varieties:

         a.   Longboard Island Lager;
         b.   Big Wave Golden Ale;
         c.   Fire Rock Pale Ale;
         d.   Wailua Wheat Ale;
         e.   Hanalei Island IPA;
         f.   Castaway IPA;
         g.   Lavaman Red Ale;
         h.   Lemongrass Luau;
         i.   Koko Brown; and
         j.   Pipeline Porter.

---

[7] According to standard measurements, one barrel (or keg) of beer is equivalent to approximately 165 twelve ounce bottles.

[8] 2016 10-K at 19.

[9] *Id.*

[10] *Id.* at 7.

[11] *Id.* at 10.

[12] http://www.chicagotribune.com/business/ct-megabrew-ab-inbev-sabmiller-merger-20161010-story.html (last visited on April 7, 2017).

**B.** **The packaging and marketing of the Kona Brewing Co. Beers are misleading to reasonable consumers**

23.     The packaging and marketing of the Kona Brewing Co. Beers are misleading to reasonable consumers, including Plaintiffs and other Class members.

24.     Defendants deceptively advertise the Kona Brewing Co. Beers as craft beer brewed in Hawaii in order to exploit strong consumer sentiment for Hawaiian-made goods, such as beer.

25.     In order to maximize profits, Defendants have capitalized on the Hawaiian brand image of Kona Brewing Company.  The overall brand image of the Kona Brewing Co. Beers revolves around their purported Hawaiian origins.  In order to create the impression that the Kona Brewing Co. Beers are brewed in Hawaii, Defendants make references to and depict images of Hawaiian landmarks, traditions, history, and culture.  In essence, Defendants intentionally mislead consumers into believing that a small brewery in Hawaii – which it owns and operates – brews all of the Kona Brewing Co. Beers that Defendants sell on the mainland.  This is untrue.

*Representations on all Kona Brewing Co. Beers:*

26.     The false and misleading  representations that are on all of the Kona Brewing Co. Beers' packaging and marketing include, but are not limited to, the following:

        a.  On the top of the packaging of the twelve-packs, an image of a map of the major Hawaiian Islands, which depicts the location of the Kona Brewing Co. Brewery on the Big Island;[13]

        b.  An image of the Hawaiian island chain embossed into the front of each bottle;

        c.  The phrase "Liquid Aloha" embossed into the front of each bottle;

        d.  On the top of the packaging of the twelve-packs, the following statement: "We invite you to visit our *brewery* and pubs whenever you are in Hawaii. MAHALO!" (emphasis added);[14] and

        e.  Images of orchid flowers and palm trees on the packaging.

---

[13] See representative image, infra, paragraph 32.

[14] See representative image, infra, paragraph 32.

CONSOLIDATED CLASS ACTION COMPLAINT

27.     Furthermore, Defendants have implemented a multi-million dollar integrated marketing campaign which further reinforces the notion that the Kona Brewing Co. Beers are brewed in Hawaii. Among this campaign is a series of 30-second "Dear Mainland" television commercials which were shot in Hawaii in a lushly tropical backdrop. The commercials feature two Hawaiian residents drinking Kona beer, addressing the mainland United States and offering comical island-style alternatives to common mainland customs. The commercials conclude with close up images of Kona beer bottles and the phrase "Kona Brewing Co. Kona Hawaii" prominently across the screen:[15]



---

[15] https://www.youtube.com/watch?v=PAJdan1yZH8 (last visited on April 7, 2017).

CONSOLIDATED CLASS ACTION COMPLAINT



***Additional representations on Kona Brewing Co. Beers:***

28.     Each of the Kona Brewing Co. Beers also include false and misleading representations that reinforce the overall image that the beer is brewed in Hawaii:

Longboard Island Lager

29.     The name Long Board Island Lager refers to longboard surfing, a type of surfing that was born in Hawaii.  When one thinks of Hawaii, surfing and the ocean are two images that immediately come to mind.

30.     The packaging of this beer includes an image of Waikiki Beach, longboard surfboards, and individuals surfing in front of Diamond Head, a landmark near Waikiki Beach in Oahu, Hawaii.  Above the handle of the packaging for the six-pack, it prominently states, "THIRST'S UP!"

31.     On the packaging, there is a map image of Oahu, Hawaii, next to which it states:

 "THE BEACH WHERE IT BEGAN

Thanks to a legendary local Hawaiian, Longboards have been a constant feature at Waikiki Beach fir over 90 years.  The great Duke Kahanamoku, father of modern surfing and Olympic Gold Medalist padded his hand-shaped, wooden board – a whopping 16 feet long and weighing 114 pounds – out into the surf to ride the

waves off Waikiki.  This behemoth was dubbed a Longboard and the ancient Polynesian sport of surfing was reborn.  Today, in the shadow of Diamond Head, under swaying palm trees, Waikiki Beach is still the spot to learn the tradition of Longboard surfing.  Here you can catch set after set of rolling waves until the sun fades below the horizon, and then it's time for a beer!

THIRST'S UP!

Kona Brewing Co. pays tribute to the big board of surfing and this famous Hawaiian beach with our refreshing Longboard Island Lager. This crisp, pale gold lager is made with premium pale malt and aromatic hops brewed in a traditional lager style.  Like the last wave of the day at your favorite surf break, Longboard is a smooth and easy going brew that you can enjoy time and time again.  Thirst's up!"

32.    Nowhere on the packaging does it disclose that the Longboard Island Lager beer is brewed anywhere else but Hawaii.  Rather, the only address listed on the packaging is "75-5629 Kuakini Highway, Kailua-Kona, Hawaii 96740."[16]



---

[16] https://www.walmart.com/ip/Kona-Brewing-Co.-Longboard-Island-Lager-Beer-12-fl-oz-6-pack/20695856 (last visited on April 7, 2017).

1
2
3
4
5
6
7
8
9
10
11
12



13
14
15
16
17
18
19
20
21
22
23
24





25
26
27
28

CONSOLIDATED CLASS ACTION COMPLAINT



Big Wave Golden Ale

33.     The name Big Wave Golden Ale refers to the big waves off of Hawaii's beaches and the influence of the ocean in Hawaiian life.

34.     The packaging includes an image of four individuals in an outrigger canoe, a traditional Polynesian canoe, riding a wave in Makaha beach.

35.     On the handle of the packaging for the six-pack it prominently states, "CATCH A WAVE!"

36.     On the packaging there is a map image of Oahu, Hawaii, next to which it states:

 "HAWAIIAN SWEET SPOT

The waves in Hawaii are legendary.  In the winter months, the island's north and west coasts see big waves that often climb to 40 feet, with huge curls of white water breaking just off shore.  This is just one reason why surfers, body boarders, paddlers and those of just willing to watch from the beach make this pilgrimage. There is no other place on earth like Hawaii.  The north shore of Oahu gets all the attention (as it should), but the waves at Makaha are just as sweet.  This is the place

where the first surf competition in Hawaii was held in 1954 and continues to attract world class pros to ride the giants of winter surf.

CATCH A WAVE!

Our brewers wanted to make a beer that went down easy after a day out on the water.  Big Wave Golden Ale is just the ticket.  Big Wave is a lighter bodied golden ale with a tropical hop aroma and flavor – a smooth, easy drinking refreshing ale.  The use of caramel malt contributes to the golden hue of this beer and our special blend of hops provides a bright quenching finish."

37.     Nowhere on the packaging does it disclose that the Big Wave Golden Ale beer is brewed anywhere else but Hawaii.  Rather, the only address listed on the packaging is "75-5629 Kuakini Highway, Kailua-Kona, Hawaii 96740."[17]



---

[17] https://www.walmart.com/ip/Kona-Brewing-Co.-Big-Wave-Golden-Ale-Beer-12-fl-oz-6-Pack/38498865 (last visited on April 7, 2017).



Fire Rock Pale Ale

38.     The name Fire Rock Pale Ale refers to volcanoes and the geographical uniqueness of Hawaii.

39.     The packaging has an image of two individuals observing lava flow into the Pacific Ocean from the Kilauea Volcano, one of Hawaii's active volcanoes, at the Hawaii Volcanoes National Park.

40.     On the handle of the packaging for the six-pack it prominently states, "GO WITH THE FLOW!"

41.     On the packaging there is a map image of the Big Island of Hawaii, next to which it states:

"THE BIG ISLAND GETS BIGGER

The southern point of The Big Island of Hawaii is punctuated by two active volcanoes, Mauna Loa and Kilauea. Eruptions from the east rift zone of Kilauea, the longest continuously erupting volcano, send rivers of red hot lava down its slopes to plunge into the Pacific Ocean. Steam clouds billow from the shore as the

-16-

lava hits the water. The best way to experience this spectacle is at sunset, when the lava glows against the darkening sky and can be seen for miles. The island is expanding thanks to this force of nature, and Hawaii is one of the few accessible places in the world where you can watch it happen before your eyes.

GO WITH THE FLOW!

Northwest of Kilauea Volcano on the Kona Coast is the Kona Brewery, home of the Fire Rock Pale Ale. A copper colored ale made from roasted malts and a selection of five premium hops with a smooth Hawaiian style all its own. Inspired by the island environment, Fire Rock is smooth, yet bold in flavor and aroma.

42.     Nowhere on the packaging does it disclose that the Fire Rock Pale Ale beer is brewed anywhere else but Hawaii.  Rather, the only address listed on the packaging is "75-5629 Kuakini Highway, Kailua-Kona, Hawaii 96740.[18]



---

[18] https://www.walmart.com/ip/Kona-Brewing-Co.-Fire-Rock-Pale-Ale-12-oz-6pk/38361225 (last visited on April 7, 2017).

-17-



Wailua Wheat Ale

43.     The name Wailua Wheat Ale refers to the Wailua Falls, a landmark in Maui, Hawaii.

44.     The packaging includes the image of a woman standing in the pool at the base of the Wailua waterfalls, with the waterfall and a lush green landscape in the background.

45.     On the handle of the packaging for the six-pack it prominently states, "PARADISE FOUND."

46.     On the packaging there is a map image of Maui, next to which it states:

 "LAID BACK IN TIME

Imagine travelling along a 90 year-old winding road on the north coast of Maui, crossing one-lane stone bridges that take you back to old Hawaii.  This simple "highway" is known as the Road to Hana, a historic fishing village and the birth place of a Hawaiian Queen. This journey grips the edge of the island with ocean views and cascading waterfalls around nearly every bend.  Wailua Falls is one of these spectacular sights.  The falls plunge 95 feet into a natural pool, cradled in the

-18-

surrounding volcanic rock. Take a dip in the cool, refreshing water, under the canopy of palm trees, and you will feel the timelessness of this Hawaiian paradise.

PARADISE FOUND

Wailua is Hawaiian for two fresh water streams mingling.  This was just the inspiration we needed to create our Wailua Wheat Ale.  This refreshing, gold colored ale blends with the crisp, slightly sweet citrus flavor of tropical passionfruit, known locally as Lilikoi. This thirst quenching Kona Brew is the perfect companion to a day in the sun – even if you are not on Maui. Just sit back, relax and enjoy paradise anytime!"

47.     Nowhere on the packaging does it disclose that the Wailua Wheat Ale beer is brewed anywhere else but Hawaii.  Rather, the only address listed on the packaging is "75-5629 Kuakini Highway, Kailua-Kona, Hawaii 96740."[19]



---

[19] https://www.walmart.com/ip/Kona-Brewing-Co.-Wailua-Wheat-Ale-12-fl-oz-12-pack/48057804 (last visited on April 7, 2017).

Hanalei Island IPA

48.     The name Hanalei Island IPA refers to Hanalei, a town in Kauai, Hawaii.

49.     The packaging includes an image of kayakers on the ocean in front of a town and mountains.

50.     On the handle of the packaging for the six-pack it prominently states, "EASY DOES IT."

51.     On the packaging there is a map image of Kauai, next to which it states::

"PADDLER'S PARADISE

On the north coast of Kauai, the perfect crescent shape of Hanalei Bay tucks up against lush, green mountains streaked with waterfalls fed by the warm Pacific rain. This is the Hawaii of your dreams.  Launch your kayak into the calm blue waters at the historic pier and take in the iconic view of white sand beaches, the small village of Hanalei, and Makana Mountain (famously known as Bali Hai) towering above you.  Paddling from this bay out to the Nā Pali Coast or up the Hanalei River you will discover more natural wonders that can only be seen as you glide through the water.  With the sun above and your troubles behind, you might just feel like this place is as close to paradise as you'll ever get.

EASY DOES IT

Our easy-drinking Hanalei Island IPA is our brewer's homage to the Garden Isle and the Hawaiian classic drink, POG.  Passionfruit, orange, and guava balance the subtle bitterness of aromatic Azacca and Galaxy hops to deliver a coppery, laidback, session-style ale, bright with tropical flavors and just 4.5% ABV. After all, a day on the bay calls for something that's relaxed and smooth, like our namesake, and refreshing enough to remind you that you're in the South Pacific. And even if you aren't, with this Kona Brew in hand, Hawaii is only a sip away. Easy does it."

52.     Nowhere on the packaging does it disclose that the Hanalei Island IPA beer is brewed anywhere else but Hawaii.  Rather, the only address listed on the packaging is "75-5629 Kuakini Highway, Kailua-Kona, Hawaii 96740."[20]

---

[20] https://www.brewbound.com/news/craft-brew-alliance-launches-new-kona-hanalei-island-ipa-california (last visited on April 7, 2017).

-20-

Castaway IPA

53.     The packaging includes an image of an individual in an outrigger canoe, a traditional Polynesian canoe, riding over a breaking wave towards a sea cliff.

54.     The name Castaway IPA refers to the many explorers traveling the treacherous route between the islands of Oahu and Molakai, who were "cast away" and lost during their excursion.

55.     On the handle of the packaging for the six-pack it prominently states, "SET SAIL FOR ADVENTURE!"

56.     On the packaging there is a map image of Oahu and Molokai, next to which it states:

CONSOLIDATED CLASS ACTION COMPLAINT

"THE FIRST ISLAND HOPPERS

Hand-carved, wooden outrigger canoes once carried Hawaiians from island to island, where massive waves would crash over their hulls and toss them toward the horizon. The Ka'iwi Channel, or "Channel of Bones," between Oahu and Molokai was a particularly treacherous route. The steep, emerald green volcanic sea cliffs off the north shore of Molokai loomed over these early island explorers as they searched for safe harbors from the shark-infested waters. Only the strongest survived these perilous trips, many were cast away and lost. Today, this 26-mile wide passage challenges champion swimmers and paddlers who continue to race against the high winds and strong currents, earning worldwide admiration and acclaim.

SET SAIL FOR ADVENTURE!

It is those early island explorers, and the new ones too, that inspired us to make an equally spirited IPA. Take a sip of this copper-colored India Pale Ale and you'll taste bold, citrusy hops with a touch of tropical mango and passion fruit balanced by the rich caramel malts. Castaway IPA has a clean, crisp finish that's as fresh as the wind in your face when you set sail for adventure."

57.     Nowhere on the packaging does it disclose that the Castaway IPA beer is brewed anywhere else but Hawaii. Rather, the only address listed on the packaging is "75-5629 Kuakini Highway, Kailua-Kona, Hawaii 96740."[21]

---

[21] https://beerinhawaii.com/2014/03/21/kona-brewings-castaway-ipa-gets-bottled/ (last visited April 7, 2017); https://www.walmart.com/ip/Kona-Brewing-Co.-Aloha-Series-Koko-Brown-Ale-12-fl-oz-6-pack/25568789 (last visited April 7, 2017)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



CONSOLIDATED CLASS ACTION COMPLAINT

Lavaman Red Ale

58.     The name Lavaman Red Ale refers to the Lavaman Waikoloa triathlon that is held on the Big Island of Hawaii.

59.     The packaging includes an image of a man running through towards a volcano – clearly a reference to the famous triathlon.

60.     Nowhere on the packaging does it disclose that the Lavaman Red Ale beer is brewed anywhere else but Hawaii.  Rather, the only address listed on the packaging is "75-5629 Kuakini Highway, Kailua-Kona, Hawaii 96740."[22]

_____

[22] http://www.target.com/p/kona-lava-man-6pk-bottles/-/A-51256065 (last visited on April 7, 2017).

CONSOLIDATED CLASS ACTION COMPLAINT

Lemongrass Luau

      61.    The name Lemongrass Luau refers to a luau, a traditional Hawaiian feast or party.

      62.    The packaging includes an image of three women dancing hula in traditional Hawaiian clothing on a beach with the sunset and mountains in the background.

      63.    On the handle of the packaging for the six-pack it prominently states, "ALWAYS ALOHA."

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

64.    Nowhere on the packaging does it disclose that the Lemongrass Luau beer is brewed anywhere else but Hawaii.  Rather, the only address listed on the packaging is "75-5629 Kuakini Highway, Kailua-Kona, Hawaii 96740."[23]



---

[23] https://beerinhawaii.com/2016/05/31/kona-brewing-releases-lemongrass-luau-bottles/ (last visited on April 7, 2017).

1 Pipeline Porter

2      65.      The name Pipeline Porter refers to one of the world's most famous surf breaks, the

3 Banzai Pipeline, which is located on the north shore of Oahu.

4      66.      The packaging includes an image of a surfer standing on the beach in front of a

5 crashing wave, about to paddle out into the surf.

6      67.      Nowhere on the packaging does it disclose that the Pipeline Porter beer is brewed

7 anywhere else but Hawaii.  Rather, the only address listed on the packaging is "75-5629 Kuakini

8 Highway, Kailua-Kona, Hawaii 96740."



CONSOLIDATED CLASS ACTION COMPLAINT

Koko Brown

68.     The name Koko Brown refers to Koko Crater, a landmark in Oahu, Hawaii.

69.     The packaging includes an image of a man standing on a paddle board in the ocean with a mountain in the background and coconut trees in the foreground.

70.     On the handle of the packaging for the six-pack it prominently states, "CRACK OPEN ALOHA."

71.      On the packaging there is a map image of Oahu, Hawaii.

72.     Nowhere on the packaging does it disclose that the Koko Brown beer is brewed anywhere else but Hawaii.[24]



---

[24] http://www.binnys.com/beer/Kona_Koko_Brown_51828.html (last visited April 7, 2017).

CONSOLIDATED CLASS ACTION COMPLAINT

73.     In sum, the prominent references to and images of Hawaiian landmarks, traditions, history, and culture, taken in isolation and as a whole, are clearly designed to create the false impression that the Kona Brewing Co. Beers are brewed in Hawaii.

**C.**     **Defendants have manifested their intention of deceiving consumers into believing that the Kona Brewing Co. Beers are brewed in Hawaii**

74.     Defendants have acknowledged, through various public statements and documents, their intent to create the impression that the Kona Brewing Co. Beers are brewed in Hawaii and then imported to the continental United States.

75.     Craft Brew Alliance, Inc.'s Chief Marketing Officer admitted so on the company's third quarter 2016 earnings call by stating: "I'd also like to remind everyone again about why the Kona brand is special among the over 5,000 craft brands available in the U.S.  First, ***the Kona brand plays like a craft brand imported from Hawaii*** and has the benefit of being a lifestyle, a craft and an important play . . . Kona's performance in California highlights ***Kona's ability trends in craft localness and play as an imported craft brand from Hawaii***."[25] (emphases added).

76.     Furthermore, in the company's fourth quarter 2014 earnings call, Craft Brew Alliance, Inc.'s Chief Marketing Officer also admitted that:  "First, Kona, our lead brand is ***positioned as a craft [beer] imported from Hawaii***.  Kona is Liquid Aloha and embodies the culture and spirit of the people of Hawaii."[26] (emphasis added).

77.     Kona Brewing company's president has also succinctly described the intent behind Defendants' advertising: "[w]e're delivering more of that sense of place that Kona is known for, and I think this new bottle and package really brings Hawaii home . . . The new labels really mimic the vivid hues I'm lucky enough to see every day in Hawaii.  My favorite design element is

---

[25] https://seekingalpha.com/article/4019249-craft-brew-alliances-brew-ceo-andrew-thomas q3-2016-results-earnings-call-transcript (last visited on April 7, 2016).

[26] https://seekingalpha.com/article/2978286-craft-brew-alliances-brew-ceo-andy-thomas-on-q4-2014-results-earnings-call-transcript?part=single (last visited on April 7, 2016).

the embossed island chain with Liquid Aloha on the shoulder of the bottle—it makes for a more tactile experience because you can literally feel Hawaii as you drink a Kona brew."[27]

78.     As demonstrated in their SEC filings, Defendants are acutely aware of the significance of the  Hawaii-brand image of Kona Brewing Co. Beers and the tremendous impact that image has on their bottom line.  For example, Defendants state, "Our distinctive brand portfolio is positioned to address significant changes in consumer trends, including increased demand for innovative flavors and styles, a growing interest in sustainability, and the increasing importance of local relevance.  As an example, Kona Brewing is one of the most distinctive craft brewers, with a broad portfolio of beers that reflect a uniquely Hawaiian flavor profile, a recognized track record in sustainable business practices, and deep ties to its local community as Hawaii's oldest and largest craft brewery."[28]

**D.     Defendants falsely and deceptively represent that the Kona Brewing Co. Beers are craft beers brewed by a craft brewer**

79.     Part and parcel with the misrepresentation regarding the Kona Brewing Co. Beers' origin is the misrepresentation that the beer is a "craft beer" brewed by a "craft brewer." For instance, Defendant Craft Brew Alliance, Inc. touts in its 2016 10-K notes that it markets, distributes, and sells what it purports to be craft beer: "Kona Brewing is one of the most distinctive craft brewers…" and "Kona Brewing Company has become one of the top craft beer brands in the world."[29]

80.     According to the Brewers Association, a 501(c)(6) not-for-profit trade association set up to promote and protect American craft brewers, in order for an American brewer to be considered a "craft brewer" it needs to be "independent", meaning "[l]ess than 25 percent of the

[27] http://www.prweb.com/releases/2013/4/prweb10633226.htm (last visited on April 7, 2017).
[28] 2016 10-K at 3.
[29] *Id*. at 3-4.

CONSOLIDATED CLASS ACTION COMPLAINT

1  craft brewery is owned or controlled (or equivalent economic interest) by a beverage alcohol
2  industry member that is not itself a craft brewer."[30]

3    81.    Accordingly, Craft Brew Alliance, Inc. cannot be considered a "craft brewer"
4  because more than 25% of the brewery is owned or controlled by Anheuser-Busch, LLC, which
5  owns 31.5% and is an alcohol industry member not itself considered a craft brewer.

6  **E.    Defendants' misrepresentations regarding where Kona Brewing Co. Beers are
7        brewed are material**

8    82.    The Hawaii-brand image in the context of marketing and consumer purchase
9  decisions is extremely powerful.  Consumers purchase items, and are willing to pay more for
10  items, because they are from Hawaii.  Defendants are well aware of this.

11    83.    Craft Brew Alliance, Inc.'s CEO noted during the company's fourth quarter 2015
12  earnings call that: "Better ingredients, knowing where the beer came from, the activity or the
13  inclusion of that brand within that local community, that all carries a premium with it . . . ."[31]

14    84.    In a November 2011 article in Hawaii Business Magazine, Jeff Leichleiter, general
15  manager for Tim's Cascade Snacks (a mainland company), which sells Hawaiian style chips, was
16  quoted as saying, "We know 'Luau Barbeque Rings' doesn't make sense, but 98 percent of the
17  country doesn't know . . . The Hawaii image is a powerful brand – and it's done well for us."[32]

18    85.    In that same article, James "Jimmy" Chan, the owner of Hawaiian Chip Co., was
19  quoted as saying, "If your product is made in Hawaii, I think that's instantly added value to the
20  product . . . People tend to understand that, if it's made here, it will cost more . . . ."[33]

21    86.    The director of retail operations for Big Island Candies (a Hawaii company), Lance
22  Duyao, stated, "One thing that kept us afloat and sustained us is that we are careful about our
23  expansion.  Quality is so important to us.  We don't want to spread ourselves thin by opening too

24  _____

25  [30] https://www.brewersassociation.org/statistics/craft-brewer-defined/ (last visited April 7, 2017).

26  [31] https://seekingalpha.com/article/3953186-craft-brew-alliance-incorporateds-brew-ceo-andy-thomas-q4-2015-results-earnings-call (last visited April 7, 2017).

27  [32] http://www.hawaiibusiness.com/not-made-in-hawaii/ (last visited April 7, 2017).

28  [33] *Id.*

CONSOLIDATED CLASS ACTION COMPLAINT

1    many locations.  Nothing is made anywhere else but here. And when people order stuff online and

2    see that the box is actually postmarked in Hilo, there is an incredible value to that."[34]

3    **F.    The location of beer brewing significantly affects the taste and quality of Kona**
         **Brewing Co. Beers**

4

5         87.    Water makes up more than 90 percent of beer and the type of water used greatly

6    influences the taste and quality of the beer, just as climate and terroir greatly influence the taste

7    and quality of wine.[35]

8         88.    According to Kona's president, "All of the water used to brew beer in Kona is

9    Hawaii County water, naturally percolated through the porous lava rock that makes up the island.

10   Hawaii County water is hard and high in calcium and chloride, and fortunately, these

11   characteristics are great for making beer."[36]

12        89.    Defendants do not use water from Hawaii in brewing the Kona Brewing Co. Beers.

13   Rather, the water used to make the Kona Brewing Co. Beers all comes from the continental United

14   States.  On information and belief, Defendants use water at the site of the brewery (e.g., from

15   Oregon, Washington, Tennessee, and New Hampshire).[37]

16   **G.    Plaintiffs and Class members were deceived and harmed**

17        90.    During the relevant statute of limitations period, Plaintiffs each separately

18   purchased at least one of the Kona Brewing Co. Beers at retail stores located in the State of

19   California.

20        91.    Plaintiffs and other Class members purchased the Kona Brewing Co. Beers relying

21   on the content of the packaging described above,[38] and reasonably believing that the Kona

22

23   [34] http://www.hawaiibusiness.com/made-in-hawaii/ (last visited on April 7, 2017).

24   [35] https://beerandbrewing.com/VUKd4igAABcrKdWe/article/brewing-water (last visited on April 7, 2017).

25   [36] http://www.sdcoastkeeper.org/act/media-center/press-releases/kon-brewings-liquid-aloha-

26   festival-raises-more-than-18000-for-san-diego-coastkeeper (last visited April 7, 2017)

27   [37] Moreover, Kona Brewing Co. Beers do not contain hops – another critical ingredient in beer – from Hawaii.

28   [38] See, *supra*, Paragraphs 11-14.

CONSOLIDATED CLASS ACTION COMPLAINT

Brewing Co. Beers were brewed in Hawaii.  Plaintiffs' and Class members' reasonable beliefs that the Kona Brewing Co. Beers they purchased were brewed in Hawaii were significant factors in each of their decisions to purchase the Kona Brewing Co. Beers.  Plaintiffs and Class members would not have purchased the Kona Brewing Co. Beers, or would have paid significantly less for the Kona Brewing Co. Beers, had they known the true location of brewing of the Kona Brewing Co. Beers.

92.     Plaintiffs and Class members did not know, and have no reason to know, that the Kona Brewing Co. Beers were not brewed in Hawaii because of how the Kona Brewing Co. Beers are deceptively packaged and advertised to create the impression that they are brewed in Hawaii.

93.     Defendants know, knew or should have known that Plaintiffs and other Class members did and would rely on the packaging and advertising of the Kona Brewing Co. Beers in purchasing the Kona Brewing Co. Beers, and would reasonably believe that the Kona Brewing Co. Beers were brewed in Hawaii.

94.     Because the Kona Brewing Co. Beers are not brewed in Hawaii as reasonably expected by Plaintiffs and other consumers, Defendants' branding of the Kona Brewing Co. Beers was and continues to be misleading and deceptive.

95.     Each Class member has been exposed to the same or substantially similar deceptive practice, as each of the Kona Brewing Co. Beers (1) have the same core misleading statements and images concerning Hawaii, and (2) have additional misleading representations based on themes/concepts centered around Hawaiian landmarks, traditions, history, and culture.  All of the Kona Brewing Co. Beers create the similar impression that they are each brewed in Hawaii.

96.     Plaintiffs and other consumers have paid a premium for the Kona Brewing Co. Beers.  Plaintiffs and other consumers would have paid significantly less for the Kona Brewing Co. Beers had they known that the Kona Brewing Co. Beers were not brewed in Hawaii, but were instead brewed in the continental United States.  In the alternative, Plaintiffs and other consumers would not have purchased the Kona Brewing Co. Beers at all had they known that the Kona Brewing Co. Beers were not brewed in Hawaii, but were instead brewed in the continental United States.   Therefore, Plaintiffs and other consumers purchasing the Kona Brewing Co. Beers

suffered injury in fact and lost money as a result of Defendants' false, unfair, and fraudulent practices, as described herein.

97.     As a result of its misleading business practice, and the harm caused to Plaintiffs and other consumers, Defendants should be enjoined from deceptively representing that the Kona Brewing Co. Beers are brewed in Hawaii.  Furthermore, Defendants should be required to pay for all damages caused to misled consumers, including Plaintiffs.

98.     Despite being misled by Defendants, Plaintiffs would likely purchase the Kona Brewing Co. Beers in the future if the Kona Brewing Co. Beers were in fact brewed in Hawaii.

## CLASS ACTION ALLEGATIONS

99.     Plaintiffs bring this class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, individually and on behalf of all members of the following Nationwide Class, California Subclass, and California Consumer Subclass.

**Nationwide Class**

All persons in the United States who purchased any of the Kona Brewing Co. Beers within the relevant statute of limitations periods.

**California Subclass**

All persons, who are California residents who purchased any of the Kona Brewing Co. Beers, or who purchased any of the Kona Brewing Co. Beers within the State of California, during the relevant statute of limitations periods.

**California Consumer Subclass**

All persons, who are California residents who purchased any of the Kona Brewing Co. Beers, or who purchased any of the Kona Brewing Co. Beers within the State of California, for personal, family, or household purposes during the relevant statute of limitations periods.

100.     Excluded from the Classes are the following individuals and/or entities: Defendants and their parents, subsidiaries, affiliates, officers and directors, current or former employees, and any entity in which Defendants have a controlling interest; all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

101.    Plaintiffs reserve the right to modify or amend the definition of the proposed Classes after having had an opportunity to conduct discovery.

102.    Plaintiffs are members of all Classes.

103.    <u>Numerosity:</u> The proposed Classes are so numerous that joinder of all members would be impractical. For the year ended December 31, 2016, Defendant Craft Brew Alliance, Inc., shipped 397,400 barrels[39] of Kona brand beer.  Furthermore, Kona Brewing Co. Beers are sold across California and the United States at grocery chains, pharmacy chains, myriad liquor stores and mom and pop stores, and large retail outlets including, but not limited to, Walgreens Pharmacy, Rite-Aid Pharmacy, CVS Pharmacy, Safeway, Ralphs, 7-Eleven, BevMo!, Walmart, Target, and Buy–Rite Liquors.  The number of individuals who purchased the Kona Brewing Co. Beers within the United States and the State of California during relevant time period is at least in the thousands.  Accordingly, Class members are so numerous that their individual joinder herein is impractical.  While the precise number of Class members and their identities are unknown to Plaintiffs at this time, these Class members are identifiable and ascertainable through Defendants' records and other records and proofs of purchase.

104.    <u>Common Questions Predominate:</u> There are questions of law and fact common to the proposed Classes that will drive the resolution of this action and will predominate over questions affecting only individual Class members.  These questions include, but are not limited to, the following:

      a.   Whether Defendants misrepresented material facts and/or failed to disclose material facts in connection with the packaging, marketing, distribution, and sale of the Kona Brewing Co. Beers;

      b.   Whether Defendants' use of false or deceptive packaging and advertising constituted false or deceptive advertising;

      c.   Whether Defendants engaged in unfair, unlawful and/or fraudulent business practices;

---

[39] This equates to 65,571,000 12-ounce bottles of Kona Brewing Co. Beers.

d.  Whether Defendants' unlawful conduct, as alleged herein, was intentional and knowing;

e.  Whether Plaintiffs and the Classes are entitled to damages and/or restitution, and in what amount;

f.  Whether Defendants are likely to continue using false, misleading or unlawful conduct such that an injunction is necessary; and

g.  Whether Plaintiffs and the Classes are entitled to an award of reasonable attorneys' fees, interest, and costs of suit.

105.  Defendants engaged in a common course of conduct giving rise to violations of the legal rights sought to be enforced uniformly by Plaintiffs and Class members.  Similar or identical statutory and common law violations, business practices, and injuries are involved.  The injuries sustained by members of the proposed Classes flow, in each instance, from a common nucleus of operative fact, namely, Defendants' deceptive packaging and advertising of the Kona Brewing Co. Beers.  Each instance of harm suffered by Plaintiffs and Class members has directly resulted from a single course of illegal conduct.  Therefore, individual questions, if any, pale in comparison to the numerous common questions presented in this action.

106.  Superiority: Because of the relatively small size of the individual Class members' claims, no Class member could afford to seek legal redress on an individual basis.  Furthermore, individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  A class action is superior to any alternative means of prosecution.

107.  Typicality: The representative Plaintiffs' claims are typical of those of the proposed Classes, as all members of the proposed Classes are similarly affected by Defendants' uniform unlawful conduct as alleged herein.

108.  Adequacy: Plaintiffs will fairly and adequately protect the interests of the proposed Classes as their interests do not conflict with the interests of the members of the proposed Classes they seeks to represent, and they have retained counsel competent and experienced in class action

CONSOLIDATED CLASS ACTION COMPLAINT

litigation.  The interests of the members of the Classes will be fairly and adequately protected by the Plaintiff and his counsel.

109.    This lawsuit is maintainable as a class action under Federal Rule of Civil Procedure 23(b)(2) because Defendants acted, or failed to act, on grounds generally applicable to Plaintiffs and the proposed Classes, supporting the imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes.

**FIRST CLAIM FOR RELIEF**
**Violation of California's Consumers Legal Remedies Act ("CLRA"),**
**California Civil Code §§ 1750, *et seq.***
***(for the California Consumer Subclass)***

110.    Plaintiffs repeat the allegations contained in paragraphs 1-100 above as if fully set forth herein.

111.    Plaintiffs bring this claim individually and on behalf of the members of the proposed California Consumer Subclass against Defendants.

112.    The Kona Brewing Co. Beers are "goods" within the meaning of Cal. Civ. Code § 1761(a), and the purchases of such Kona Brewing Co. Beers by Plaintiffs and members of the California Consumer Subclass constitute "transactions" within the meaning of Cal. Civ. Code § 1761(e).

113.    Cal. Civ. Code § 1770(a)(2) prohibits "misrepresenting the source, sponsorship, approval, or certification of goods or services."  By marketing the Kona Brewing Co. Beers with their current packaging and advertisements, Defendants have represented and continue to represent that the source of the Kona Brewing Co. Beers is Hawaii, when it is not. Defendant Craft Brew Alliance, Inc. misrepresents that it is a "craft brewer" when it is not.  Therefore, Defendants have violated section 1770(a)(2) of the CLRA.

114.    Cal. Civ. Code § 1770(a)(4) prohibits "using deceptive representations or designations of geographical origin in connection with goods or services."  By marketing the Kona Brewing Co. Beers with their current packaging and advertisements, Defendants have used deceptive representations and designations of the beer's geographical origin (Hawaii).  Therefore, Defendants have violated section 1770(a)(4) of the CLRA.

115.    Cal. Civ. Code § 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have . . . ." By marketing the Kona Brewing Co. Beers with their current packaging and advertisements, Defendants have represented and continue to represent that the beer has characteristics (that it is brewed in Hawaii) which it does not have. Defendants also misrepresent the characteristics of Kona Brewing Co. Beers as "craft beers" when they are not.  Therefore, Defendants have violated section 1770(a)(5) of the CLRA.

116.    Cal. Civ. Code § 1770(a)(7) prohibits "[r]espresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another." By marketing the Kona Brewing Co. Beers with their current packaging and advertisements, Defendants have represented and continue to represent that the beer is of a particular style (that it is brewed in Hawaii) when it is of another (brewed in the continental USA).  Defendants also misrepresent the style and/or standard of Kona Brewing Co. Beers as "craft beers" when they are not. Therefore, Defendants have violated section 1770(a)(7) of the CLRA.

117.    Cal. Civ. Code § 1770(a)(9) prohibits "[a]dvertising goods or services with intent not to sell them as advertised."  By packaging and marketing the Kona Brewing Co. Beers with popular images of Hawaii and statements concerning Hawaiian landmarks, history, traditions, and culture so much so that a reasonable consumer would believe that the beer was brewed in Hawaii, and then intentionally not selling the beer as beers brewed in Hawaii, Defendants have violated section 1770(a)(9) of the CLRA.  Defendants also advertise Kona Brewing Co. Beers as "craft beers" with the intent not to sell them as such, therefore violating section 1770(a)(9) of the CLRA.

118.    At all relevant times, Defendants have known or reasonably should have known that the Kona Brewing Co. Beers were not craft beers brewed in Hawaii, but instead were brewed in the continental United States, and that Plaintiffs and other members of the California Consumer Subclass would reasonably and justifiably rely on the packaging and other advertisements in purchasing the beer.

119.    Plaintiffs and members of the California Consumer Subclass have reasonably and justifiably relied on Defendants' misleading, and fraudulent conduct when purchasing the Kona

1   Brewing Co. Beers.  Moreover, based on the materiality of Defendants' fraudulent and misleading
2   conduct, reliance on such conduct as a material reason for the decision to purchase the beer may
3   be presumed or inferred for Plaintiffs and members of California Consumer Subclass.

4   120.    Plaintiffs and members of the California Consumer Subclass have suffered and
5   continue to suffer injuries caused by Defendants because they would not have purchased the Kona
6   Brewing Co. Beers or would have paid significantly less for the Kona Brewing Co. Beers had they
7   known that Defendants' conduct was misleading and fraudulent.

8   121.    Under Cal. Civ. Code § 1780(a), Plaintiffs and members of the California
9   Consumer Subclass are seeking injunctive relief pursuant to the CLRA, preventing Defendants
10  from further wrongful acts and unfair and unlawful business practices, as well as restitution,
11  disgorgement of profits, and any other relief this Court deems proper.

12  122.    Pursuant to Cal. Civ. Code § 1782, on February 28, 2017, counsel for Plaintiffs
13  Cilloni and Zimmer mailed a notice and demand letter by certified mail, with return receipt
14  requested, to Defendant Craft Brew Alliance, Inc.. Defendant Brew Alliance, Inc. received the
15  notice and demand letter on March 3, 2017.   On February 22, 2017, counsel for Plaintiff
16  Broomfield mailed a notice and demand letter by certified mail, with return receipt requested, to
17  Defendant Craft Brew Alliance, Inc.  Defendant Craft Brew Alliance, Inc. received the notice and
18  demand letter on February 25, 2017.  Because Defendant Craft Brew Alliance, Inc. has failed to
19  fully rectify or remedy the damages caused after waiting more than the statutorily required 30 days
20  after it received the notice and demand letters, Plaintiffs are timely filing this Complaint for
21  damages pursuant to the CLRA.

22              **SECOND CLAIM FOR RELIEF**
                **Violation of California's Unfair Competition Law ("UCL"),**
23              **California Business & Professions Code §§ 17200, _et seq._**
                ***(for the California Subclass and California Consumer Subclass)***
24

25  123.    Plaintiffs repeat the allegations contained in paragraphs 1-100 above as if fully set
26  forth herein.

27  124.    Plaintiffs bring this claim individually and on behalf of the members of the
28  proposed California Subclass and California Consumer Subclass against Defendants.

CONSOLIDATED CLASS ACTION COMPLAINT

125. UCL §17200 provides, in pertinent part, that "unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising . . . ."

126. Under the UCL, a business act or practice is "unlawful" if it violates any established state or federal law.

127. Defendants' false and misleading advertising of the Kona Brewing Co. Beers therefore was and continues to be "unlawful" because it violates the CLRA, California's False Advertising Law ("FAL"), and other applicable laws as described herein.

128. As a result of Defendants' unlawful business acts and practices, Defendants have unlawfully obtained money from Plaintiff, and members of both the California Subclass and California Consumer Subclass.

129. Under the UCL, a business act or practice is "unfair" if the defendants' conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the benefits for committing such acts or practices are outweighed by the gravity of the harm to the alleged victims.

130. Defendants' conduct was and continues to be of no benefit to purchasers of the Kona Brewing Co. Beers, as it is misleading, unfair, unlawful, and is injurious to consumers who rely on the beer's packaging and marketing. Creating consumer confusion as to the actual location of brewing and the characteristics of the beer (as a craft beer) is of no benefit to consumers. Therefore, Defendants' conduct was and continues to be "unfair."

131. As a result of Defendants' unfair business acts and practices, Defendants have and continue to unfairly obtain money from Plaintiffs, and members of both the California Subclass and California Consumer Subclass.

132. Under the UCL, a business act or practice is "fraudulent" if it actually deceives or is likely to deceive members of the consuming public.

133. Defendants' conduct here was and continues to be fraudulent because it has the effect of deceiving consumers into believing that the Kona Brewing Co. Beers are craft beers brewed in Hawaii, when they are not. Because Defendants misled Plaintiffs and members of both

-40-

1   the California Subclass and California Consumer Subclass, Defendants' conduct was "fraudulent."

2       134.    As a result of Defendants' fraudulent business acts and practices, Defendants have

3   and continue to fraudulently obtain money from Plaintiffs, and members of both the California

4   Subclass and California Consumer Subclass.

5       135.    Plaintiffs requests that this Court cause Defendants to restore this unlawfully,

6   unfairly, and fraudulently obtained money to Plaintiffs, and members of both the California

7   Subclass and California Consumer Subclass, to disgorge the profits Defendants made on these

8   transactions, and to enjoin Defendants from violating the UCL or violating it in the same fashion

9   in the future as discussed herein.  Otherwise, Plaintiffs, and members of both the California

10  Subclass and California Consumer Subclass, may be irreparably harmed and/or denied an effective

11  and complete remedy if such an order is not granted.

12  **THIRD CLAIM FOR RELIEF**
    **Violation of California's False Advertising Law ("FAL"),**

13  **California Business & Professions Code §§ 17500,** *et seq*
    ***(for the California Subclass and California Consumer Subclass)***

14

15      136.    Plaintiffs repeat the allegations contained in paragraphs 1-100 above as if fully set

16  forth herein.

17      137.    Plaintiffs bring this claim individually and on behalf of the members of the

18  proposed California Subclass and California Consumer Subclass against Defendants.

19      138.    California's FAL makes it "unlawful for any person to make or disseminate or

20  cause to be made or disseminated before the public . . . in any advertising device . . . or in any

21  other manner or means whatever, including over the Internet, any statement, concerning . . .

22  personal property or services professional or otherwise, or performance or disposition thereof,

23  which is untrue or misleading and which is known, or which by the exercise of reasonable care

24  should be known, to be untrue or misleading."

25      139.    Defendants have represented and continue to represent to the public, including

26  Plaintiffs and members of both the California Subclass and California Consumer Subclass,

27  through Defendants' deceptive packaging and marketing, that the Kona Brewing Co. Beers are

28  craft beers brewed in Hawaii.  Defendants' representations are misleading because the Kona

-41-

Brewing Co. Beers are not craft beers and are brewed in the continental United States.  Because Defendants have disseminated misleading information regarding the Kona Brewing Co. Beers, and Defendants know, knew, or should have known through the exercise of reasonable care that the representation was and continues to be misleading, Defendants have violated the FAL.

140.    Furthermore, Defendants know, knew or should have known through the exercise of reasonable care that such representation was and continues to be unauthorized and misleading.

141.    As a result of Defendants' false advertising, Defendants have and continue to fraudulently obtain money from Plaintiffs and members of both the California Subclass and California Consumer Subclass.

142.    Plaintiffs request that this Court cause Defendants to restore this fraudulently obtained money to Plaintiffs and members of both the California Subclass and California Consumer Subclass, to disgorge the profits Defendants made on these transactions, and to enjoin Defendants from violating the FAL or violating it in the same fashion in the future as discussed herein.   Otherwise, Plaintiffs and members of both the California Subclass and California Consumer Subclass may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

**FOURTH CLAIM FOR RELIEF**
**Breach of Express Warranty**
**California Commercial Code § 2313**
***(for the California Subclass and California Consumer Subclass)***

143.    Plaintiffs repeat the allegations contained in paragraphs 1-100 above as if fully set forth herein.

144.    Plaintiffs bring this claim individually and on behalf of the members of the proposed California Subclass and California Consumer Subclass against Defendants.

145.    California Commercial Code § 2313 provides that "(a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise," and "(b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description."  Cal. Com. Code §

2313.

146.    Defendants have expressly warranted on the packaging of the Kona Brewing Co. Beers that the beers are brewed in Hawaii. These representations about the Kona Brewing Co. Beers: (1) are affirmations of fact or promises made by Defendants to consumers that the Kona Brewing Co. Beers are in fact brewed in Hawaii; (2) became part of the basis of the bargain to purchase the Kona Brewing Co. Beers; and (3) created an express warranty that the Kona Brewing Co. Beers would conform to these affirmations of fact or promises.  In the alternative, the representations about the Kona Brewing Co. Beers are descriptions of goods which were made as part of the basis of the bargain to purchase the Kona Brewing Co. Beers, and which created an express warranty that the Kona Brewing Co. Beers would conform to the product descriptions.

147.    Plaintiffs and members of both the California Subclass and California Consumer Subclass reasonably and justifiably relied on the foregoing express warranties, believing that the Kona Brewing Co. Beers did in fact conform to these warranties.

148.    Defendants have breached the express warranties made to Plaintiffs and members of both the California Subclass and California Consumer Subclass by failing to brew the Kona Brewing Co. Beers in Hawaii.

149.    Plaintiffs and members of both the California Subclass and California Consumer Subclass paid a premium price for the Kona Brewing Co. Beers but did not obtain the full value of the beers as represented.  If Plaintiffs and members of both the California Subclass and California Consumer Subclass had known of the true nature of the Kona Brewing Co. Beers, they would not have purchased the beers or would not have been willing to pay the premium price associated with beers.

150.    As a result, Plaintiffs and members of both the California Subclass and California Consumer Subclass suffered injury and deserve to recover all damages afforded under the law.

**FIFTH CLAIM FOR RELIEF**
**Breach of Implied Warranty**
**California Commercial Code § 2314**
***(for the California Subclass and California Consumer Subclass)***

151.    Plaintiffs repeat the allegations contained in paragraphs 1-100 above as if fully set
-43-

forth herein.

152.    Plaintiffs bring this claim individually and on behalf of the members of the proposed California Subclass and California Consumer Subclass against Defendants.

153.    California Commercial Code § 2314(1) provides that "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." Cal. Com. Code § 2314(1).

154.    California Commercial Code § 2314(2) provides that "[g]oods to be merchantable must be at least such as . . . (f) conform to the promises or affirmations of fact made on the container or label if any." Cal. Com. Code § 2314(2)(f).

155.    Defendants are merchants with respect to the sale of beer Kona Brewing Co. Beers, including the Kona Brewing Co. Beers here. Therefore, a warranty of merchantability is implied in every contract for sale of the Kona Brewing Co. Beers to California consumers.

156.    By advertising the Kona Brewing Co. Beers with their current packaging, Defendants made an implied promise that the Kona Brewing Co. Beers were brewed in Hawaii. By not brewing the Kona Brewing Co. Beers in Hawaii, Defendants have not "conformed to the promises…made on the container or label." Plaintiffs and California consumers did not receive the goods as impliedly warranted by Defendants to be merchantable.

157.    Therefore, the Kona Brewing Co. Beers are not merchantable under California law and Defendants have breached their implied warranty of merchantability in regard to the Kona Brewing Co. Beers.

158.    If Plaintiffs and members of both the California Subclass and California Consumer Subclass had known that the Kona Brewing Co. Beers were not brewed in Hawaii, they would not have purchased the beer or would not have been willing to pay the premium price associated with the beer. Therefore, as a direct and/or indirect result of Defendants' breach, Plaintiffs and members of both the California Subclass and California Consumer Subclass have suffered injury and deserve to recover all damages afforded under the law.

### SIXTH CLAIM FOR RELIEF
### Common Law Fraud
### *(for the Classes)*

159.   Plaintiffs repeat the allegations contained in paragraphs 1-100 above as if fully set forth herein.

160.   Plaintiffs bring this claim individually and on behalf of the members of the Classes against Defendants.

161.   Defendants have willfully, falsely, or knowingly packaged and marketed the Kona Brewing Co. Beers in a manner indicating that the Kona Brewing Co. Beers are craft beers brewed in Hawaii. However, the Kona Brewing Co. Beers are not craft beers and are not brewed in Hawaii and instead are brewed in the continental United States.   Therefore, Defendants have made misrepresentations as to the Kona Brewing Co. Beers.

162.   Defendants' misrepresentations are and were material (i.e., the type of misrepresentations to which a reasonable person would attach importance and would be induced to act thereon in making purchase decisions) because they relate to the characteristics of the beer and where the brewing of the beer that the consumer is receiving occurred.

163.   Defendants knew or recklessly disregarded the fact that the Kona Brewing Co. Beers are not craft beers and are not brewed in Hawaii.

164.   Defendants intend that Plaintiffs and others consumers rely on these representations, as evidenced by Defendants' intentionally using packaging that invokes popular Hawaiian images, and makes references to Hawaiian landmarks, history, traditions, and culture. Furthermore, Defendants' admissions in paragraphs 74-78 confirm this intention.

165.   Plaintiffs and members of the Classes have reasonably and justifiably relied on Defendants' misrepresentations when purchasing the Kona Brewing Co. Beers and had the correct facts been known, would not have purchased the Kona Brewing Co. Beers or would not have purchased them at the prices at which they were offered.

166.   Therefore, as a direct and proximate result of Defendants' fraud, Plaintiffs and members of the Classes have suffered economic losses and other general and specific damages, including but not limited to the amounts paid for the Kona Brewing Co. Beers, and any interest

1  that would have accrued on those monies, all in an amount to be proven at trial.

2  **SEVENTH CLAIM FOR RELIEF**
3  **Intentional Misrepresentation**
   *(for the Classes)*

4  167.    Plaintiffs repeat the allegations contained in paragraphs 1-100 above as if fully set

5  forth herein.

6  168.    Plaintiffs bring this claim individually and on behalf of the members of the Classes

7  against Defendants.

8  169.    Defendants marketed the Kona Brewing Co. Beers in a manner indicating that the

9  Kona Brewing Co. Beers were craft beers brewed in Hawaii. However, the Kona Brewing Co.

10 Beers are not craft beers and not brewed in Hawaii and instead are brewed in the continental

11 United States.  Therefore, Defendants have made misrepresentations as to the Kona Brewing Co.

12 Beers.

13 170.    Defendants' misrepresentations regarding the Kona Brewing Co. Beers are material

14 to a reasonable consumer because they relate to the characteristics of the beer and the location of

15 the brewing of the beer received by consumers.  A reasonable consumer would attach importance

16 to such representations and would be induced to act thereon in making purchase decisions.

17 171.    At all relevant times when such misrepresentations were made, Defendants knew

18 that the representations were misleading, or have acted recklessly in making the representations,

19 without regard to the truth.

20 172.    Defendants    intend    that    Plaintiffs    and    others    consumers    rely    on    these

21 representations, as evidenced by Defendants' intentionally using packaging that invokes popular

22 Hawaiian images, and makes references to Hawaiian landmarks, history, traditions, and culture.

23 Furthermore, Defendants' admissions in paragraphs 74-78 confirm this intention.

24 173.    Plaintiffs and members of the Classes have reasonably and justifiably relied on

25 Defendants' intentional misrepresentations when purchasing the Kona Brewing Co. Beers, and

26 had the correct facts been known, would not have purchased the Kona Brewing Co. Beers or

27 would not have purchased them at the prices at which they were offered.

28 174.    Therefore,    as    a    direct    and    proximate    result    of    Defendants'    intentional

CONSOLIDATED CLASS ACTION COMPLAINT

misrepresentations, Plaintiffs and members of the Classes have suffered economic losses and other general and specific damages, including but not limited to the amounts paid for the Kona Brewing Co. Beers, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

### EIGHTH CLAIM FOR RELIEF
#### Negligent Misrepresentation
*(for the Classes)*

175.    Plaintiffs repeat the allegations contained in paragraphs 1-100 above as if fully set forth herein.

176.    Plaintiffs bring this claim individually and on behalf of the members of the Classes against Defendants.

177.    Defendants marketed the Kona Brewing Co. Beers in a manner indicating that the Kona Brewing Co. Beers were craft beers brewed in Hawaii. However, the Kona Brewing Co. Beers are not craft beers and are not brewed in Hawaii and instead are brewed in the continental United States.  Therefore, Defendants have made misrepresentations as to the Kona Brewing Co. Beers.

178.    Defendants' misrepresentations regarding the Kona Brewing Co. Beers are material to a reasonable consumer because they relate to the characteristics of the beer and the location of the brewing of the beer received by the consumer.  A reasonable consumer would attach importance to such representations and would be induced to act thereon in making purchase decisions.

179.    At all relevant times when such misrepresentations were made, Defendants knew or had been negligent in not knowing that that the Kona Brewing Co. Beers were not craft beers brewed in Hawaii and instead were brewed in the continental United States.  Defendants had no reasonable grounds for believing their misrepresentations were not false and misleading.

180.    Defendants intend that Plaintiffs and others consumers rely on these representations, as evidenced by Defendants' intentionally using packaging that invokes popular Hawaiian images, and makes references to Hawaiian landmarks, history, traditions, and culture. Furthermore, Defendants' admissions in paragraphs 74-78 confirm this intention.

-47-

181.    Plaintiffs and members of the Classes have reasonably and justifiably relied on Defendants' negligent misrepresentations when purchasing the Kona Brewing Co. Beers, and had the correct facts been known, would not have purchased the Kona Brewing Co. Beers or would not have purchased them at the prices at which they were offered.

182.    Therefore, as a direct and proximate result of Defendants' negligent misrepresentations, Plaintiffs and members of the Classes have suffered economic losses and other general and specific damages, including but not limited to the amounts paid for the Kona Brewing Co. Beers, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

### NINTH CLAIM FOR RELIEF
### Quasi Contract/Unjust Enrichment/Restitution
### (for the Classes)

183.    Plaintiffs repeat the allegations contained in paragraphs 1-100 above as if fully set forth herein.

184.    Plaintiffs bring this claim individually and on behalf of the members of the Classes against Defendants.

185.    As alleged herein, Defendants have intentionally and recklessly made misleading representations to Plaintiffs and members of the Classes to induce them to purchase the Kona Brewing Co. Beers.  Plaintiffs and members of the Classes have reasonably relied on the misleading representations and have not received all of the benefits promised by Defendants. Plaintiffs and members of the Classes therefore have been induced by Defendants' misleading and false representations about the Kona Brewing Co. Beers, and paid for them when they would and/or should not have or paid more money to Defendants for the beer than they otherwise would and/or should have paid.

186.    Plaintiffs and members of the Classes have conferred a benefit upon Defendants as Defendants have retained monies paid to them by Plaintiffs and members of the Classes.

187.    The monies received were obtained under circumstances that were at the expense of Plaintiffs and members of the Classes – i.e., Plaintiffs and members of the Classes did not receive the full value of the benefit conferred upon Defendants.

188.    Therefore, it is inequitable and unjust for Defendants to retain the profit, benefit, or compensation conferred upon them without paying Plaintiffs and the members of the Classes back for the difference of the full value of the benefits compared to the value actually received.

189.    As a direct and proximate result of Defendants' unjust enrichment, Plaintiffs and members of the Classes are entitled to restitution, disgorgement, and/or the imposition of a constructive trust upon all profits, benefits, and other compensation obtained by Defendants from its deceptive, misleading, and unlawful conduct as alleged herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of the Classes, respectfully pray for following relief:

1.    Certification of this case as a class action on behalf of the Classes defined above, appointment of Plaintiffs as Class representatives, and appointment of their counsel as Class counsel;

2.    A declaration that Defendants' actions, as described herein, violate the claims described herein;

3.    An award of injunctive and other equitable relief as is necessary to protect the interests of Plaintiffs and the Classes, including, *inter alia*, an order prohibiting Defendants from engaging in the unlawful act described above;

4.    An award to Plaintiffs and the proposed classes of restitution and/or other equitable relief, including, without limitation, restitutionary disgorgement of all profits and unjust enrichment that Defendants obtained from Plaintiffs and the proposed classes as a result of their unlawful, unfair and fraudulent business practices described herein;

5.    An award of all economic, monetary, actual, consequential, and compensatory damages caused by Defendants' conduct;

6.    An award of punitive damages;

7.    An award to Plaintiffs and their counsel of their reasonable expenses and attorneys' fees;

8.      An award to Plaintiffs and the proposed classes of pre and post-judgment interest, to the extent allowable; and

9.      For such further relief that the Court may deem just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs, on behalf of themselves and the proposed classes, hereby demand a jury trial with respect to all issues triable of right by jury.

DATED:  April 7, 2017                 **FARUQI AND FARUQI LLP**

By: */s/ Barbara S. Rohr*

Barbara A. Rohr (SBN 273353)
Benjamin Heikali (SBN 307466)
10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90024
Telephone: (424) 256-2884
Facsimile: (424) 256-2885
E-mail: brohr@faruqilaw.com
            bheikali@faruqilaw.com

*Attorneys for Plaintiff Theodore Broomfield and the putative class*

DATED:  April 7, 2017                 **THE WAND LAW FIRM**

By: */s/ Aubry Wand*

Aubry Wand (SBN 281207)
400 Corporate Pointe, Suite 300
Culver City, California 90230
Telephone:  (310) 590-4503
Facsimile:  (310) 590-4596
E-mail: awand@wandlawfirm.com

*Attorneys for Plaintiffs Sara Cilloni and Simone Zimmer and the putative class*

CONSOLIDATED CLASS ACTION COMPLAINT

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 7, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List.


Dated:  April 7, 2017                          By: */s/ Barbara A. Rohr*

                                                       Barbara A. Rohr

CONSOLIDATED CLASS ACTION COMPLAINT