1   Tammy B. Webb (SBN: 227593)
    tbwebb@shb.com
2   John K. Sherk III (SBN: 295838)
    jsherk@shb.com
3   SHOOK, HARDY & BACON L.L.P.
    One Montgomery, Suite 2700
4   San Francisco, California 94104
    Telephone: (415) 544-1900
5   Facsimile: (415) 391-0281

6   Naoki S. Kaneko (SBN: 252285)
    nkaneko@shb.com
7   SHOOK, HARDY & BACON L.L.P.
    5 Park Plaza, Suite 1600
8   Irvine, California 92614
    Telephone: (949) 475-1500
9   Facsimile: (949) 475-0016

10  Attorneys for Defendant
    CRAFT BREW ALLIANCE, INC.

11

12                  UNITED STATES DISTRICT COURT

                 NORTHERN DISTRICT OF CALIFORNIA
13
                       SAN JOSE DIVISION
14

15  | THEODORE BROOMFIELD, *et al.*, | Case No.: 5:17-cv-01027-BLF |
    |---|---|
16  | Plaintiffs, | **DEFENDANT CRAFT BREW ALLIANCE, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** |
17  | v. | |
18  | CRAFT BREW ALLIANCE, INC., *et al.* Defendants. | |
19  | | [Fed. R. Civ. P. 12(b)(1), 12(b)(2), and 12(b)(6)] |
20  | | |
21  | | Date:            September 28, 2017<br>Time:            9:00 a.m.<br>Dept.:           Courtroom 3 – 5th Floor<br>Judge:          Hon. Beth Labson Freeman |
22  | | |
23  | | *Cilloni* Compl. filed: Feb. 28, 2017<br>*Broomfield* Compl. filed: March 6, 2017<br>Consolidated Compl. filed: April 7, 2017 |
24
25
26
27
28

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ...................................................................................................1

II.  SUMMARY OF PLAINTIFFS' CLAIMS AND WHY THE COMPLAINT
     SHOULD BE DISMISSED. ....................................................................................2

III. BACKGROUND. ....................................................................................................3

     A.   The Brewing Locations For Kona Beers Are Accurately Identified
          On All Product Labels And On The Company's Website. ......................3

     B.   Plaintiffs' Consolidated Complaint and Their Moving-Target
          Allegations. .............................................................................................5

IV.  LEGAL STANDARD..............................................................................................8

V.   PLAINTIFFS FAIL TO STATE PLAUSIBLE CLAIMS...................................9

     A.   Plaintiffs Fail to Allege Any Actionable Misrepresentations. ................9

     B.   Plaintiffs' CLRA, UCL, and FAL Claims Fail Because No
          Reasonable Consumer Would Be Misled.. ...........................................11

     C.   Plaintiffs' CLRA Claim Also Fails Because Plaintiffs Have Not
          Identified Any Affirmative Misrepresentations.....................................14

VI.  PLAINTIFFS CANNOT STATE CLAIMS FOR FRAUD OR
     INTENTIONAL AND NEGLIGENT MISREPRESENTATION. . .................14

     A.   Plaintiffs' Fraud and Intentional Misrepresentation Claims Fail
          Because Plaintiffs Have Not Alleged Any Intent to Mislead... ............15

     B.   Plaintiffs' Negligent Misrepresentation Claim Is Also Barred By
          The Economic Loss Doctrine.................................................................16

VII. PLAINTIFFS DO NOT ALLEGE A BREACH OF EXPRESS
     WARRANTY. ........................................................................................................16

VIII. PLAINTIFFS DO NOT ALLEGE A BREACH OF IMPLIED
      WARRANTY. .......................................................................................................17

XI.    PLAINTIFFS LACK STANDING TO SEEK INJUNCTIVE RELIEF. .........................18

X.    PLAINTIFFS' CLAIMS FOR EQUITABLE RELIEF FAIL BECAUSE
       PLAINTIFFS' DAMAGES CLAIMS SHOW THERE IS AN ADEQUATE
       REMEDY AT LAW.. .................................................................................................20

XI.    PLAINTIFFS LACK STANDING TO BRING CLAIMS ON BEHALF OF
       OUT-OF-STATE MEMBERS OF THE ALLEGED NATIONWIDE
       CLASS. ......................................................................................................................21

XII.    THE NATIONWIDE CLASS CLAIMS FAIL FOR LACK OF
        PERSONAL JURISDICTION OVER CRAFT BREW ALLIANCE AS TO
        CLAIMS BY OUT-OF-STATE CONSUMERS. .........................................................22

        A.    The Complaint Fails To Allege Facts Showing That Craft Brew
              Alliance Is Subject To General Jurisdiction In California. ....................................23

        B.    The Complaint Fails To Allege Facts Establishing Specific
              Jurisdiction Over Craft Brew Alliance As To Out-Of-State Claims. ....................23

        C.    It Should Make No Difference That This Is A Class Action.. ................................24

XIII.    CONCLUSION .........................................................................................................24

# TABLE OF AUTHORITIES

**CASES**                                                                 **Page(s)**

*Alliance Mortgage Co. v. Rothwell*,
   10 Cal. 4th 1226 (1995) ...................................................................15

*Altman v. PNC Mortg.*,
   850 F. Supp. 2d 1057 (E.D. Cal. 2012)....................................................14

*Amchem Prods., Inc. v. Windsor*,
   521 U.S. 591 (1997)..........................................................................24

*Am. Suzuki Motor Corp. v. Super. Ct.*,
   37 Cal. App. 4th 1291 (1995), *modified, reh'g denied* ....................................17, 18

*Anunziato v. eMachines, Inc.*,
   402 F. Supp. 2d 1133 (C.D. Cal. 2005) ................................................11

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009).............................................................................8

*Astiana v. Hain Celestial Grp., Inc.*,
   783 F.3d 753 (9th Cir. 2015) .............................................................20

*Baba v. Hewlett-Packard Co.*,
   No. C 09–05946 RS, 2010 WL 2486353 (N.D. Cal. June 16, 2010)....................................16

*Bardin v. Daimler Chrysler Corp.*,
   136 Cal. App. 4th 1255 (2006) ..........................................................14

*Bates v. United Parcel Serv., Inc.*,
   511 F.3d 974 (9th Cir. 2007) .............................................................19

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007).............................................................................8

*Bird v. First Alert, Inc.*,
   No. C 14-3585 PJH, 2014 WL 7248734 (N.D. Cal. Dec. 19, 2014) ....................................20

*Birdsong v. Apple, Inc.*,
   590 F.3d 955 (9th Cir. 2009) .............................................................17

*Bowring v. Sapporo U.S.A., Inc.*,
   --- F. Supp. 3d ----, No. 16-CV-1858 (ILG)(SMG), 2017 WL 902151 (E.D.N.Y. Feb. 10,
   2017) ..................................................................................1, 12, 13

*Burns v. Tristar Prods., Inc.*,
   No. 14-cv-749-BAS (DHB), 2014 WL 3728115 (S.D. Cal. July 25, 2014).....................18, 19

*Cafasso ex rel. U.S. v. Gen. Dynamics C4 Sys., Inc.*,
   637 F.3d 1047 (9th Cir. 2011) ..........................................................8, 9

*Cahen v. Toyota Motor Corp.*,
  147 F. Supp. 3d 955 (N.D. Cal. 2015) ...............................................................22, 23, 24

*Cal. Med. Ass'n. v. Aetna U.S. Healthcare of Cal., Inc.*,
  94 Cal. App. 4th 151 (2001) ...........................................................................................21

*Carrera v. Dreyer's Grand Ice Cream, Inc.*,
  475 F. App'x 113 (9th Cir. 2012) ....................................................................................12

*City of Los Angeles v. Lyons*,
  461 U.S. 95 (1983).............................................................................................................19

*Corcoran v. CVS Health Corp.*,
  169 F. Supp. 3d 970 (N.D. Cal. 2016) .............................................................................22

*Daimler AG v. Bauman*,
  ___ U.S. ___, 134 S. Ct. 746 (2014)...........................................................................22, 23

*Daugherty v. Am. Honda Motor Co.*,
  144 Cal. App. 4th 824 (2006) ..........................................................................................14

*DeMaria v. Nissan N. Am., Inc.*,
  No. 15C3321, 2016 WL 374145 (N.D. Ill. Feb. 1, 2016)................................................24

*Diediker v. Peelle Fin. Corp.*,
  60 Cal. App. 4th 288 (1997) ............................................................................................14

*Dorfman v. Nutramax Labs., Inc.*,
  No. 13-cv-0873-WQH (RBB), 2013 WL 5353043 (S.D. Cal. Sept. 23, 2013) ......................19

*Dumas v. Diageo PLC*,
  No. 15cv1681 BTM (BLM), 2016 WL 1367511 (S.D. Cal. Apr. 6, 2016) ............1, 10, 13, 14

*Easter v. Am. W. Fin.*,
  381 F.3d 948 (9th Cir. 2004) ...........................................................................................21

*Freeman v. Time, Inc.*,
  68 F.3d 285 (9th Cir. 1995) .............................................................................................11

*Forschner Grp., Inc. v. Arrow Trading Co.*,
  30 F.3d 348 (2d Cir. 1994)................................................................................................12

*Gardner v. Safeco Ins. Co. of Am.*,
  No. 14-cv-02024-JCS, 2014 WL 2568895 (N.D. Cal. June 6, 2014).....................................21

*Garrison v. Whole Foods Mkt. Grp., Inc.*,
  No. 13-5222, 2014 WL 2451290 (N.D. Cal. June 2, 2014).............................................20

*Gest v. Bradbury*,
  443 F.3d 1177 (9th Cir. 2006) .........................................................................................18

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
　564 U.S. 915 (2011)..............................................................................................22

*Graham v. Bank of Am., N.A.*,
　226 Cal. App. 4th 594 (2014) ...............................................................................11

*Harmon v. Hilton Grp., PLC*,
　554 Fed. App'x 634 (9th Cir. 2014) ......................................................................10

*Henderson v. Gruma Corp.*,
　No. CV 10–04173 AHM (AJWx), 2011 WL 1362188 (C.D. Cal. Apr. 11, 2011)................19

*In re 5-hour Energy Mktg. and Sales Practices Litig.*,
　No. MDL 13–2438 PSG (PLAx), 2014 WL 5311272 (C.D. Cal. Sept. 4, 2014) ..................18

*In re Actimmune Mktg. Litig.*,
　No. C 08-02376 MHP, 2009 WL 3740648 (N.D. Cal. Nov. 6, 2009) ....................................11

*In re Apple and AT&T iPad Unlimited Data Plan Litig.*,
　802 F. Supp. 2d 1070 (N.D. Cal. 2011) .................................................................20

*In re Carrier IQ, Inc., Consumer Privacy Litig.*,
　78 F. Supp. 3d 1051 (N.D. Cal. 2015) ...................................................................22

*In re Flash Memory Antitrust Litig.*,
　643 F. Supp. 2d 1133 (N.D. Cal. 2009) .................................................................21

*In re Testosterone Replacement Therapy Prods. Liab. Litig.*,
　164 F. Supp. 3d 1040 (N.D. Ill. 2016) ..................................................................24

*In re: Takata Airbag Prods. Liab. Litig.*,
　No. 14-24009-CV-MORENO, 2016 WL 1266609 (S.D. Fla. Mar. 11, 2016) ......................24

*Jimenez v. Super. Ct.*,
　29 Cal. 4th 473 (2002) ...........................................................................................16

*Jones v. ConAgra Foods, Inc.*,
　No. C12-01633 CRB, 2014 WL 2702726 (N.D. Cal. June 13, 2014) ....................................20

*Kearns v. Ford Motor Co.*,
　567 F.3d 1120 (9th Cir. 2009) .................................................................................8

*Khasin v. R.C. Bigelow, Inc.*,
　No. 12-cv-02204-WHO, 2016 WL 1213767 (Mar. 29, 2016)................................................18

*Kipp v. Ski Enter. Corp.*,
　783 F.3d 695 (7th Cir. 2015) .................................................................................22

*Lavie v. Procter & Gamble Co.*,
　105 Cal. App. 4th 496 (2003) ...............................................................................11

*Lazar v. Super. Ct.*,
   12 Cal. 4th 631 (1996) ...................................................................................14

*Lewis v. Casey*,
   518 U.S. 343 (1996)........................................................................................21

*Luman v. Theismann*,
   No. 2:13-cv-00656-KJM-AC, 2014 WL 443960 (E.D. Cal. Feb. 4, 2014) ............19

*Luman v. Theismann*,
   647 Fed. App'x 804 (9th Cir. 2016) ...................................................................19

*Mason v. Nature's Innovation, Inc.*,
   No. 12cv3019 BTM(DHB), 2013 WL 1969957 (S.D. Cal. May 13, 2013) ....................18, 19

*McAdam v. State Nat. Ins. Co.*,
   No. 12cv1333 BTM (MDD), 2012 WL 4364655 (S.D. Cal. Sept. 24, 2012).........................20

*McKinney v. Google, Inc.*,
   No. 5:10–CV–01177 EJD (PSG), 2011 WL 3862120 (N.D. Cal. Aug. 30, 2011)....................9

*McKinnis v. Gen. Mills, Inc.*,
   No. CV 07-2521 GAF (FMOx), 2007 WL 4762172 (C.D. Cal. Sept. 18, 2007) ............14, 15

*McKinnis v. Sunny Delight Beverages Co.*,
   No. CV 07-02034-RGK (JCx), 2007 WL 4766525 (C.D. Cal. Sept. 4, 2007) ......................17

*Metzler Inv. GMBH v. Corinthian Calls., Inc.*,
   540 F.3d 1049 (9th Cir. 2008) ...........................................................................15

*Minkler v. Apple, Inc.*,
   65 F. Supp. 3d 810 (N.D. Cal. 2014) ..................................................................16

*Mollicone v. Universal Handicraft, Inc.*,
   No. 2:16-cv-07322-CAS(MRWx), 2017 WL 440257 (C.D. Cal. Jan. 30, 2017) .............21, 22

*Morales v. Unilever U.S., Inc.*,
   No. 2:13-2213 WBS EFB, 2014 WL 1389613 (N.D. Cal. Apr. 9, 2014)...............................21

*Nelson v. MillerCoors*,
   No. 15-CV-7082 (WFK) (RML), 2017 WL 1403343 (E.D.N.Y. Mar. 31, 2017)........1, 12, 13

*O'Shea v. Littleton*,
   414 U.S. 488 (1974)........................................................................................19

*Pardini v. Unilever U.S.*,
   961 F. Supp. 2d 1048 (N.D. Cal. 2013) ..............................................................22

*Parent v. MillerCoors LLC*,
   No. 15-cv-1204, 2015 WL 6455752 (S.D. Cal. Oct. 26, 2015)................................9

*Pelayo v. Nestle USA, Inc.*,
　989 F. Supp. 2d 973 (C.D. Cal. 2013) ...................................................................12

*Perez v. Nydek Co.*,
　711 F.3d 1109 (9th Cir. 2013) ...........................................................................19

*Pernod Ricard USA, LLC v. Bacardi, U.S.A., Inc.*,
　653 F.3d 241 (3d Cir. 2011)...............................................................................10

*Philips v. Ford Motor Co.*,
　No. 14-CV-02989-LHK, 2015 WL 4111448 (N.D. Cal. July 7, 2015) ...................22

*Piazza's Seafood World, LLC v. Odom*,
　448 F.3d 744 (5th Cir. 2006) .............................................................................10

*Prudential Home Mortg. Co. v. Super. Ct.*,
　66 Cal. App. 4th 1236 (1998) ............................................................................20

*Ranza v. Nike, Inc.*,
　793 F.3d 1059 (9th Cir. 2015) ......................................................................22, 23

*Rhynes v. Stryker Corp.*,
　No. 10-5619 SC, 2011 WL 2149095 (N.D. Cal. May 31, 2011)............................20

*Ries v. Arizona Beverages USA LLC*,
　287 F.R.D. 523 (N.D. Cal. 2012) .......................................................................19

*Robinson Helicopter Co. v. Dana Corp.*,
　34 Cal. 4th 979 (2004) .....................................................................................16

*Ronconi v. Larkin*,
　253 F.3d 423 (9th Cir. 2001) .............................................................................15

*Salameh v. Tarsadia Hotel*,
　726 F.3d 1124 (9th Cir. 2013) .............................................................................8

*Sateriale v. R.J. Reynolds Tobacco Co.*,
　697 F.3d 777 (9th Cir. 2012) ........................................................................10, 11

*Sprewell v. Golden State Warriors*,
　266 F.3d 979 (9th Cir. 2001), *amended on reh'g denied*, 275 F.3d 1187 (9th Cir. 2001).......12

*Stearns v. Select Comfort Retail Corp.*,
　No. 08-2746 JT, 2009 WL 1635931 (N.D. Cal. June 5, 2009)..............................17

*Steel Co. v. Citizens for a Better Env't*,
　523 U.S. 83 (1998)..........................................................................................18

*Summit Tech., Inc. v. High-Line Medical Instruments, Co.*,
　933 F. Supp. 918 (C.D. Cal. 1996) .....................................................................15

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
  551 U.S. 308 (2007) ..............................................................................................15

*Tietsworth v. Sears, Roebuck & Co.*,
  No. C 09–00288 JF (HRL), 2009 WL 1363548 (N.D. Cal. May 14, 2009) ...........................14

*Vess v. Ciba–Geigy Corp. USA*,
  317 F.3d 1097 (9th Cir. 2003) ...............................................................................8

*Vitt v. Apple Computer, Inc.*,
  469 Fed. App'x 605 (9th Cir. 2012) ........................................................................9

*Werbel v. Pepsico, Inc.*,
  No. C 09-04456 SBA, 2010 WL 2673860 (N.D. Cal. July 2, 2010) ...............................11, 12

*Withers v. eHarmony, Inc.*,
  No. CV 09-2266-GHK (RCx), 2011 WL 8156007 (C.D. Cal. Mar. 4, 2011) .......................11

*WPP Lux. Gamma Three Sari v. Spot Runner, Inc.*,
  655 F.3d 1039 (9th Cir. 2011) ...............................................................................15

*Zapata Fonseca v. Goya Foods, Inc.*,
  No. 16-CV-02559-LHK, 2016 WL 4698942 (N.D. Cal. Sept. 8, 2016)..........................20, 21

**STATUTES**

27 C.F.R. § 7.25(a) (2004) ......................................................................................5

27 U.S.C. §§ 201-219 (1988) ..................................................................................5

27 U.S.C. § 205(e) (2000).......................................................................................5

28 U.S.C. § 2072(b) (1990) ....................................................................................24

Fed. R. Civ. P. 8(a)(2)............................................................................................8

Fed. R. Civ. P. 12(b)(1), 12(b)(2) and 12(b)(6) .........................................................22

Fed. R. Civ. P. 23 .................................................................................................24

Cal. Com. Code § 2313(1) (2002) ............................................................................16

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on September 28 2017, at 9:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 3, Fifth Floor, 280 South 1st Street, San Jose, CA 95113, Defendant Craft Brew Alliance, Inc. will move the Court for an order dismissing Plaintiffs' Consolidated Class Action Complaint ("Complaint") (ECF Doc. 15).

This motion is made pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure, and is based on this Notice, the attached Memorandum of Points and Authorities, the pleadings and documents on file in this case, and such other evidence and argument as may be presented at the hearing on this motion.

WHEREFORE, Defendant requests that the Court:

(1) Dismiss the Complaint with prejudice;

(2) Enter judgment in favor of Defendant, and against Plaintiffs, on all claims; and

(3) Award any other relief that is just and proper.

Dated:  April 28, 2017                           SHOOK HARDY & BACON L.L.P.


By:    */s/ Tammy B. Webb*_____
        Tammy B. Webb

Attorneys for Defendant
Craft Brew Alliance, Inc.

1     <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2  **I.     INTRODUCTION**

3          The Kona Brewing Company ("Kona") was started in Hawaii and has been making beer

4  there since 1994.  In 2010, Defendant Craft Brew Alliance, Inc. acquired Kona.  At all times

5  relevant to Plaintiffs' Consolidated Complaint, Kona has operated a brewery in Kona, Hawaii,

6  where it makes draft beers that are sold in Hawaii.  On the other hand, Kona's bottled and canned

7  beers are brewed in facilities in Portland, Oregon; Woodinville, Washington; Portsmouth, New

8  Hampshire; and since recently, in Memphis, Tennessee.  These locations also brew Kona draft

9  beers sold outside of Hawaii.

10         Plaintiffs allege Kona misleads consumers into believing its beers are brewed exclusively

11  in Hawaii.  Plaintiffs claim they would not have purchased Kona beers, or would have purchased

12  them for less, had they known the products were not made in Hawaii.  But Kona has never

13  marketed or labeled its beers as "Made in Hawaii."  Instead, Plaintiffs allege that Kona's use of

14  Hawaiian imagery and descriptions found in product marketing, advertising, labeling, and

15  packaging are somehow actionable.  Plaintiffs make these claims even though – as their complaints

16  demonstrate – all Kona labels, in addition to the Kona website, truthfully identify where the beers

17  are brewed:  "KONA HI • PORTLAND, OR • WOODINVILLE, WA • PORTSMOUTH, NH •

18  MEMPHIS, TN."

19         Plaintiffs also claim that Kona misleads consumers into believing its products are "craft"

20  beers when they are not.  But even if the term "craft" was an actionable statement, which it is not,

21  Plaintiffs never saw or heard Kona refer to its beers as "craft," let alone relied on the statement in

22  making their purchases.

23         This is another lawyer-driven, no-injury, copycat lawsuit, and recently, courts have granted

24  motions to dismiss similar complaints involving other beer makers.  *See, e.g.*, *Nelson v.*

25  *MillerCoors*, No. 15-CV-7082 (WFK) (RML), 2017 WL 1403343 (E.D.N.Y. Mar. 31, 2017);

26  *Bowring v. Sapporo U.S.A., Inc.*, --- F. Supp. 3d ----, No. 16-CV-1858 (ILG)(SMG), 2017 WL

27  902151 (E.D.N.Y. Feb. 10, 2017); *Dumas v. Diageo PLC*, No. 15cv1681 BTM (BLM), 2016 WL

28  1367511 (S.D. Cal. Apr. 6, 2016).  The same result should follow here.

1   **II.     SUMMARY OF PLAINTIFFS' CLAIMS AND WHY THE COMPLAINT SHOULD**

2   **BE DISMISSED**

3          Plaintiffs' Complaint alleges nine claims for relief:  (1) Violation of California's Consumer

4   Legal Remedies Act ("CLRA") on behalf of a California Consumer subclass; (2) Violation of

5   California's Unfair Competition Law ("UCL") on behalf of California subclasses; (3) Violation of

6   California's False Advertising Law ("FAL") on behalf of California subclasses; (4) Breach of

7   Express Warranty on behalf of California subclasses; (5) Breach of Implied Warranty on behalf of

8   California subclasses; (6) Common Law Fraud on behalf of a nationwide class and California

9   subclasses; (7) Intentional Misrepresentation on behalf of a nationwide class and California

10  subclasses; (8) Negligent Misrepresentation on behalf of a nationwide class and California

11  subclasses; and (9) Quasi-Contract,  Unjust Enrichment and Common Law Restitution on behalf of a

12  nationwide class and California subclasses.  (Compl. ¶¶ 110-189.) Defendant Craft Brew Alliance,

13  Inc., ("CBA") moves to dismiss Plaintiffs' Complaint on the following grounds:

14         First, Plaintiffs' claims are not plausible, especially when every Kona beer label discloses

15  all locations where the products are brewed.  Setting aside this disclosure, the alleged

16  misrepresentations and images identified by Plaintiffs reflect Kona's Hawaiian origins and

17  identity, and are *not* representations as to where the products were brewed.  Because those

18  statements and images are not "facts" verifiable by reference to an objective standard – and are at

19  most subjective "puffery" – all of Plaintiffs' claims should be dismissed.

20         Second, Plaintiffs' UCL, FAL, and CLRA claims similarly fail because no reasonable

21  consumer would be misled by the purported misrepresentations identified by Plaintiffs.

22         Third, Plaintiffs have not stated claims for fraud or intentional or negligent

23  misrepresentation because they have not identified any false statements, and Plaintiffs cannot

24  plausibly claim they justifiably relied on any alleged misrepresentations in light of Defendants'

25  disclosure of all brewing locations on every product label.  Independently, Plaintiffs' fraud and

26  intentional misrepresentation claims also fail because Plaintiffs have not alleged sufficient facts

27  demonstrating any intent by Kona to mislead consumers.  Plaintiffs' negligent misrepresentation

28

claim is also barred by the economic-loss doctrine, which prohibits the tort claim because Plaintiffs do not allege personal injury or damage to anything other than the product itself.

Fourth, the express warranty claim fails because Plaintiffs have not identified any specific and unequivocal written statements by Defendants establishing a warranty.

Fifth, the implied warranty claim fails because Plaintiffs have not alleged that Kona beers are not the same quality as generally accepted, merchantable, or suitable for a particular purpose.

Sixth, because Plaintiffs do not allege they intend to buy Kona beers in the future, they lack standing to pursue injunctive relief under their UCL, FAL, and CLRA claims.

Seventh, Plaintiffs seek damages under their first, fourth, fifth, sixth, seventh, and eighth claims for relief.  Because these claims provide Plaintiffs with an adequate remedy of law, their claims for equitable relief – in the form of an injunction, restitution, or otherwise – are barred.

Eighth, Plaintiffs lack standing to bring the nationwide class claims that are the subject of the fifth through ninth claims on behalf of residents of states other than California.

Finally, Plaintiffs allege no facts showing that CBA is subject to personal jurisdiction in California as to claims by out-of-state consumers (again, fifth through ninth claims).  CBA is a Washington corporation with its principal place of business in Oregon, and is therefore not subject to general jurisdiction in California.  Further, the Complaint does not – and could not – establish specific jurisdiction because it does not allege any out-of-state claims arise from CBA conduct in California.

## III.   BACKGROUND

### A.   The Brewing Locations For Kona Beers Are Accurately Identified On All Product Labels And On The Company's Website.

The Kona Brewing Company has been brewing draft beer in Hawaii since 1994.  (Compl. ¶ 17.)  In 2010, Kona became a wholly-owned subsidiary of Defendant CBA.  (*See Broomfield* Compl. ¶ 11, Case No. 3:17-cv-01159-MEJ [Ex. B to Request for Judicial Notice ("RJN")].)  Kona's relationship with CBA is not a secret.  That Kona's overall brand image revolves around its Hawaiian origins – which are reflected in product marketing, advertising, labeling, and packaging – is also not a secret.  Since its inception, Kona has operated a brewery in Kona, Hawaii, where it

1   makes draft beers sold in Hawaii.[1]  Kona bottled and canned beers are brewed in Portland, Oregon;

2   Woodinville, Washington; Portsmouth, New Hampshire; and since recently, also in Memphis,

3   Tennessee.  (*Id.* ¶ 3.)  Draft beers sold outside of Hawaii are also brewed at these locations.  (Compl.

4   ¶ 1 n. 1.)  These locations outside of Hawaii are also not a secret.

5        For example, as acknowledged in Plaintiffs' original complaints, Kona's brewing locations

6   are all disclosed on the company website:



**OUR BREWERIES**

Kona Brewing Company runs its flagship brewhouse in Kailua-Kona on Hawaii's Big Island, which produces more than 12,000 barrels of beer annually.

Under strict guidance, Kona Brewing Company also produces its bottled beer and mainland draft beer in Portland, Oregon, Woodinville, Washington, Memphis, Tennessee, and Portsmouth, New Hampshire, as part of its partnership with Craft Brew Alliance Inc.

17   (*See Cilloni* Compl. ¶ 74, Figure 21, ECF No. 1 [Ex. A to Request for Judicial Notice ("RJN")];

18   *Broomfield* Compl. ¶ 18 [Ex. B to RJN]; available at http://konabrewingco.com/about/ (last visited

19   April 27, 2018).)

20        As admitted in Plaintiff Cilloni's original complaint (and shown below), **every** Kona product

21   label also identifies all locations where Kona beers are brewed: "KONA HI • PORTLAND, OR •

22   WOODINVILLE, WA • PORTSMOUTH, NH • MEMPHIS, TN."

---

[1] Plaintiffs acknowledge that Kona makes draft beer in Hawaii.  (Compl. ¶ 1 n. 1.)

DEFENDANT'S MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT
CASE NO. 5:17-cv-01027-BLF

(*See, e.g.*, *Cilloni* Compl. ¶ 64, Figure 16.)

Kona's disclosure of its brewing locations on product labels exceeds its obligations under federal law. The beer industry is regulated by the Alcohol and Tobacco Tax and Trade Bureau ("TTB"), acting under authority conferred by Congress in the Federal Alcohol Administration Act ("FAAA"). 27 U.S.C. §§ 201-219 (1988). The FAAA provides that malt beverages are to be "bottled, packaged, and labeled" in accordance with regulations promulgated by the TTB. 27 U.S.C. § 205(e) (2000). For domestic beers, the label must include "the name of the bottler or packer and the place where bottled or packed." 27 C.F.R. § 7.25(a) (2004). The bottler's or packer's principal place of business may be shown in lieu of the actual place where bottled or packed if the address shown is a location where bottling or packing operation takes place. *Id.* Thus, Kona could have satisfied its obligations under federal law by only listing one location on its product labels. But again, all brewing locations are listed on every Kona label.

**B.      Plaintiffs' Consolidated Complaint and Their Moving-Target Allegations.**

Plaintiffs' Consolidated Complaint is an amalgamation of two previously-filed complaints. (*See Cilloni* Compl.; *Broomfield* Compl.; *see also* ECF No. 14 (order granting consolidation and allowing Plaintiffs to file consolidated complaint). Apparently recognizing that Kona's transparency about its brewing locations on labels and the company website undermines their claims, Plaintiffs'

1   Consolidated Complaint conspicuously deletes all references to and images of Kona labels

2   (including all allegations Plaintiffs relied on the labels), along with references to Kona's website.

3   (*Compare Cilloni* Compl. ¶¶ 19-62, *and Broomfield* Compl. ¶¶ 22-36, *with* Compl. ¶¶ 23-78.)

4       Plaintiffs' original complaints both alleged Kona's labeling and packaging misleads

5   consumers into believing Kona beers are brewed exclusively in Hawaii.  (*See Cilloni* Compl. ¶ 19

6   ("Craft Brew deceptively labels its Kona Brewing Co. beer as made in Hawaii . . . ."); *Broomfield*

7   Compl. ¶ 23 ("Defendants deceptively labeled and packaged the Products to target consumers who

8   are interested in purchasing Hawaiian-made products.")  But Plaintiffs now claim that only the

9   packaging and advertising (and presumably not the labeling) is responsible for misleading them and

10  other consumers.  (*See* Compl. ¶¶ 1-3, 23-73.)

11      Noticeably absent from Plaintiffs' complaints – both the original and consolidated versions –

12  is any allegation that Kona affirmatively represents that its products are exclusively made or brewed

13  in Hawaii.  That is because Kona has never made such representations.  Instead, Plaintiffs say

14  reasonable consumers were misled into believing Kona beers were brewed exclusively in Hawaii

15  based entirely on non-actionable images and statements that were either true or, at most, can only be

16  characterized as puffery.[2]  (*Id.* ¶ 26.)

17      Plaintiff Sara Cilloni alleges she regularly purchased Longboard Island Lager during the

18  Class Period, and most recently, she purchased a six-pack from an unidentified retailer in San Jose in

19  July 2016.  (*Id.* ¶ 13.)  Plaintiff Simone Zimmer alleges she regularly purchased the products from

20  various retailers, including Ralph's and Rite-Aid, in San Bernardino during the Class Period.  (*Id.* ¶

21  14.)  Her purchases included six-packs of Fire Rock Pale Ale and Big Wave Golden Ale, along with

22  the Island Hopper Variety twelve-pack (that includes Big Wave Golden Ale, Longboard Island

23  Lager, Fire Rock Pale Ale, and Castaway IPA), which she purchased most recently in January 2017.

24

25  ─────────────────

[2] Plaintiffs also cite to a YouTube video to support their claim that Defendant has utilized a "multi-
26  million dollar integrated marketing campaign which further reinforces the notion that Kona
    Brewing Co. Beers are brewed in Hawaii."  (Compl. ¶ 27.)  But like the other purported
27  misrepresentations identified by Plaintiffs, the video (available at
    https://www.youtube.com/watch?v=PAJdan1yZH8) includes nothing that remotely suggests Kona
28  beers are brewed exclusively in Hawaii.  And, Plaintiffs do not allege they saw and relied on the
    video before purchasing the products.

(*Id.*)  Plaintiff Theodore Broomfield alleges he purchased a twelve-pack of Longboard Island Lager from Walgreens in San Francisco in February 2017.  (*Id.* ¶ 12.)

Whereas all three Plaintiffs previously alleged they saw **and relied** on Kona labels before making their purchases, *see Cilloni* Compl. ¶ 89 ("Plaintiffs [Cilloni and Zimmer] read the labels on the Kona Brewing Co. beer bottles and packaging . . . ."); *Broomfield* Compl. ¶ 28 ("Plaintiff [Broomfield] purchased the Longboard Island Lager relying on the content of the labeling and packaging described above . . . ."), all three now vaguely claim to have only relied on the product "packaging" before making their purchases.[3]  *See* Compl. ¶¶ 12, 13, 14.  But none allege that they actually consumed the products.[4]

Plaintiffs further inexplicably claim, "Nowhere on the packaging does it disclose that the [products are] brewed anywhere else but Hawaii.  Rather, the only address listed on the packaging is '75-5629 Kuakini Highway, Kailua-Kona, Hawaii 96740.'"  (Compl. ¶¶ 32, 37, 42, 52, 57, 60, 64, 67, 72.)  In addition to contradicting their earlier allegations that they saw and relied on the Kona labels, this statement is only partially true.  For example, while the Complaint includes images of some cardboard packaging for certain six- and twelve-packs of Kona beer, including images of the tops and bottoms of the packaging, it does not show the packaging for the Island Hopper Variety twelve-pack allegedly purchased by Plaintiff Zimmer.  Contrary to Plaintiffs' claims, the bottom of the cardboard packaging for the Island Hopper Variety twelve-pack – like the labels for every bottle – truthfully and accurately identifies Kona's brewing locations.[5]



---

[3] In analyzing the sufficiency of Plaintiffs' claims, the Court may take judicial notice of Kona's packaging for the products allegedly purchased by Plaintiffs and incorporated by reference into their Complaint.  (*See* RJN, Exs. C-G.)

[4] Plaintiffs also suggest the use of water from sources outside Hawaii significantly affects the taste and quality of Kona beers.  (Compl. ¶¶ 87-89.)  But Plaintiffs do not allege that the beers they purchased did not taste as they would have expected.

[5] The six-pack packaging for Longboard Island Lager (allegedly purchased by Cilloni), Fire Rock Pale Ale and Big Wave Golden Ale (Zimmer), and the twelve-pack packaging for Longboard Island Lager (Broomfield) do not identify Kona's brewing locations.  (*See* RJN, Exs. C, D, F, G.)

DEFENDANT'S MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT
CASE NO. 5:17-cv-01027-BLF

1   (*See* RJN, Ex. E.)[6]

2          Finally, Plaintiffs' Consolidated Complaint also alleges for the first time that Defendants

3   intentionally deceived consumers into believing that Kona beers are "craft beer" brewed by a "craft

4   brewer."  (*Id.* ¶¶ 79-81.)  To support this claim, Plaintiffs point to two innocuous statements

5   allegedly made by CBA's Chief Marketing Offer on company earnings calls in 2014 and 2016:  "the

6   Kona brand plays like a craft brand," and "Kona, our lead brand is positioned as a craft [beer]

7   imported from Hawaii."  (*Id.* ¶¶ 75, 76.)  Plaintiffs also point to CBA's 2016 10-K report, which

8   states, "Kona Brewing is one of the most distinctive craft brewers . . . ." and "Kona Brewing

9   Company has become one of the top craft beer brands in the world."  (*Id.* ¶¶ 18, 79.)  But Plaintiffs

10  do not allege they saw or heard, let alone relied on these statements – all of which were unrelated to

11  the product marketing, labeling, or packaging – in making their purchases.

12  **IV.    LEGAL STANDARD**

13         A court must dismiss a complaint under Rule 12(b)(6) where a plaintiff fails to allege

14  "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550

15  U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also* Fed. R. Civ. P. 8(a)(2)

16  (A pleading must contain a "short and plain statement of the claim showing that the pleader is

17  entitled to relief.").  The court should not accept unreasonable inferences or unwarranted deductions

18  of fact.  *Iqbal*, 556 U.S. at 678 (noting that "[t]hreadbare recitals of the elements of a cause of action,

19  supported by mere conclusory statements, do not suffice").  If the facts pled only support an

20  inference that the defendant is "possibly" liable – or that the defendant's acts are merely "consistent

21  with" the alleged misconduct – the claims are not "plausible" and must be dismissed.  *Id.*

22         Additionally, Plaintiffs carry an even heavier burden here because their claims are grounded

23  in fraud.  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009); *Vess v. Ciba–Geigy Corp.*

24  *USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003).  Plaintiffs must "identify the who, what, when, where,

25  and how of the misconduct charged" with particularity.  *Salameh v. Tarsadia Hotel*, 726 F.3d 1124,

26  1133 (9th Cir. 2013) (internal quotation marks omitted).  The type of allegation that "identifies a

27

28  _____
[6] For the court's reference, Defendant has attached to its Request for Judicial Notice true and correct
copies of the packaging of the Kona products allegedly purchased by Plaintiffs.

1   general sort of fraudulent conduct but specifies no particular circumstances . . . is precisely what

2   Rule 9(b) aims to preclude." *Cafasso ex rel. U.S. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047,

3   1057 (9th Cir. 2011).  There must be sufficient facts pleaded with particularity to describe a

4   plausible claim for relief; that is, all fraud-based claims must be pled in compliance with both Rule 8

5   and Rule 9(b).  *Id.* at 1054-55.

6   **V.    PLAINTIFFS FAIL TO STATE PLAUSIBLE CLAIMS.**

7         Plaintiffs' claims are not pled with sufficient particularity and are not plausible because:  (1)

8   they have not identified any misrepresentations; and (2) their claims are all based on the same

9   defective premise – that Plaintiffs and reasonable consumers were misled into believing Kona beers

10   were brewed exclusively in Hawaii even though <u>every</u> product label specifically identifies the

11   locations where the beers are brewed:  "KONA HI • PORTLAND, OR • WOODINVILLE, WA •

12   PORTSMOUTH, NH • MEMPHIS, TN."  (*See Cilloni* Compl. ¶ 64, Figure 16 [Ex. A to RJN].)

13        **A.    Plaintiffs Fail to Allege Any Actionable Misrepresentations.**

14         "[T]o be actionable as an affirmative misrepresentation, a statement must make a specific and

15   measurable claim, capable of being proved false or of being reasonably interpreted as a statement of

16   objective fact."  *Parent v. MillerCoors LLC*, No. 15-cv-1204, 2015 WL 6455752, at *8 (S.D. Cal.

17   Oct. 26, 2015) (quoting *Vitt v. Apple Computer, Inc.*, 469 Fed. App'x 605, 607 (9th Cir. 2012)).  On

18   the contrary, subjective or generalized opinions about product attributes are not actionable.  *See*

19   *McKinney v. Google, Inc.*, No. 10-cv-01177, 2011 WL 3862120, at *6 (N.D. Cal. Aug. 30, 2011)

20   ("Although misdescriptions [sic] of specific or absolute characteristics are actionable, generalized,

21   vague, and unspecified assertions constitute mere puffery upon which a reasonable consumer could

22   not rely.") (internal quotation marks and citations omitted)).  Plaintiffs fail to satisfy this threshold

23   inquiry.

24        None of the statements allegedly relied on by Plaintiffs as "misrepresentations," which

25   includes images of the Hawaiian Islands, oceans, beaches, and volcanos, the statement, "Liquid

26   Aloha," and an invitation to visit Kona's brewery and pubs in Hawaii, can plausibly be interpreted as

27   statements of objective fact that Kona beers are brewed exclusively in Hawaii.  Not surprisingly,

28   Plaintiffs make no attempt to allege what statements like "Liquid Aloha" meant to them because it is

1   a textbook example of non-actionable puffery.  For example, a Southern District of California court

2   recently dismissed a similar case involving Red Stripe Beer and allegations that the defendant's

3   "packaging and labeling" deceived consumers into believing they were purchasing imported

4   Jamaican beer.  *See Dumas v. Diageo PLC*, No. 15cv1681, 2016 WL 1367511, at *6 (S.D. Cal. Apr.

5   16, 2016).  One representation identified by the plaintiffs was the description of Red Stripe Beer as

6   containing "The Taste of Jamaica."  *Id.* at *4.  The court stated, "'The Taste of Jamaica' is a vague

7   and meaningless phrase – who can say what Jamaica 'tastes' like?"  *Id.*  When viewed within the

8   context of the overall marketing of Red Stripe beer, the court held that "a reasonable

9   interpretation . . . is that the beer is made in a way that people identify with Jamaica (either a

10  particular process and/or a certain recipe) and evokes the spirit or feeling of Jamaica."  *Id.*

11          Likewise, other courts have rejected similar complaints finding that references to a specific

12  location intended to evoke subjective qualities or characteristics cannot be converted into a factual

13  statement as to where the product is from.  *See Pernod Ricard USA, LLC v. Bacardi, U.S.A., Inc.*,

14  653 F.3d 241, 253 (3d Cir. 2011) (explaining that even if the words "Havana Club" on a bottle of

15  rum could be understood as indicating the product's geographic origin in Havana, Cuba, "those same

16  words cannot mislead a reasonable consumer who is told in no uncertain terms that 'Havana Club' is

17  a brand of rum made in Puerto Rico.");  *Piazza's Seafood World, LLC v. Odom*, 448 F.3d 744, 753

18  (5th Cir. 2006) (holding that Piazza's use of "Cajun Boy" and "Cajun Delight" trade names on

19  seafood products imported from China was not misleading because product labels identified the

20  country of origin).

21          Regardless, and as discussed further below, any possibility of consumer confusion is

22  foreclosed by the explicit identification of all brewing locations on every product label.  *See Harmon*

23  *v. Hilton Grp., PLC*, 554 Fed. App'x 634, 635 (9th Cir. 2014) (affirming dismissal where explicit

24  disclosure was provided to plaintiff before purchase).

25          Additionally, Plaintiffs' consolidated complaint baldly alleges that Kona beers mislead

26  consumers into believing the products are "craft" beers, when they are not.  To support this claim,

27  Plaintiffs cite to statements made on company earnings calls in 2014 and 2016, and to CBA's 2016

28  10-K report.  (*Id.* ¶¶ 18, 79.)  Even if such statements were actionable, which they are not, Plaintiffs'

10

DEFENDANT'S MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT
CASE NO. 5:17-cv-01027-BLF

1  claims should be dismissed because they do not allege they actually relied on them.  *See Sateriale v.*

2  *R.J. Reynolds Tobacco Co.*, 697 F.3d 777, 793-94 (9th Cir. 2012) (affirming dismissal of UCL and

3  CLRA claims where plaintiffs did not allege reliance); *In re Actimmune Mktg. Litig.*, No. C 08-

4  02376 MHP, 2009 WL 3740648, at *11 (N.D. Cal. Nov. 6, 2009) (rejecting fraud claim based on

5  statements plaintiffs did not allege reliance on); *Graham v. Bank of Am., N.A.*, 226 Cal. App. 4th 594,

6  613-14 (2014) (same in case alleging failure to disclose); *see also Withers v. eHarmony, Inc.*, No.

7  CV 09-2266-GHK (RCx), 2011 WL 8156007, at *2-4 (C.D. Cal. Mar. 4, 2011) (citing cases;

8  granting summary judgment against plaintiff who could not establish actual reliance).

9       Plaintiffs' claims, which are all based, at most, on non-actionable puffery, fail as a matter of

10  law and should be dismissed with prejudice.  *See Anunziato v. eMachines, Inc.*, 402 F. Supp. 2d

11  1133, 1139 (C.D. Cal. 2005) ("Generalized, vague, and unspecified assertions constitute 'mere

12  puffery' upon which a reasonable consumer could not rely, and hence are not actionable.").

13       **B.      Plaintiffs' CLRA, UCL, and FAL Claims Fail Because No Reasonable Consumer**

14            **Would Be Misled.**

15       Even if the alleged misrepresentations identified by Plaintiffs qualified as more than non-

16  actionable puffery, Plaintiffs' claims still fail because no reasonable consumer could be misled into

17  believing that Kona beers were made exclusively in Hawaii.  To state a claim under the CLRA, UCL,

18  and FAL, Plaintiffs must specifically plead how a misrepresentation was misleading based on the

19  objection "reasonable consumer standard."  *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995)

20  (affirming dismissal of UCL, FAL, and CLRA claims because alleged statements unlikely to deceive

21  a "person of ordinary intelligence").  The standard asks whether a representation in question is

22  "likely to deceive the consumer."  *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 508

23  (2003).  This means more than "a mere possibility" that the statement might conceivably be

24  misunderstood by a "few consumers viewing it in an unreasonable manner."  *See id.* (noting

25  "unreasonable expectations or perceptions of the least sophisticated consumer or most gullible

26  consumer" are not relevant).  Instead, it must be "probable that a significant portion of the general

27  consuming public or of targeted consumers, acting reasonably in the circumstances, could be

28  misled."  *Id.*  "[W]here a court can conclude as a matter of law that members of the public are not

DEFENDANT'S MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT
CASE NO. 5:17-cv-01027-BLF

likely to be deceived by the product packaging, dismissal is appropriate." *Werbel v. Pepsico, Inc.*, No. C 09-04456 SBA, 2010 WL 2673860, at *3 (N.D. Cal. July 2, 2010); *see also Pelayo v. Nestle USA, Inc.*, 989 F. Supp. 2d 973, 978 (C.D. Cal. 2013) ("[T]he Court can properly make this determination and resolve such claims based on its review of the product packaging.").

Here, as a matter of law, it is implausible that a significant portion of the general consuming public acting reasonably under the circumstances would believe that Kona beers are brewed exclusively in Hawaii when the labels contain a standalone statement identifying all locations where the beers are brewed: "KONA HI • PORTLAND, OR • WOODINVILLE, WA • PORTSMOUTH, NH • MEMPHIS, TN."  (*See Cilloni* Compl. ¶ 64, Figure 16 [Ex. A to RJN].)  The court should reject Plaintiffs' self-serving allegations that they did not read or rely on Kona labels.  *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended on reh'g denied*, 275 F.3d 1187 (9th Cir. 2001) ("The Court need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit.").  But regardless, Plaintiffs cannot single out representations they find misleading while ignoring contradictory, adjacent representations.  *See Carrera v. Dreyer's Grand Ice Cream, Inc.*, 475 F. App'x 113, 115 (9th Cir. 2012) (rejecting plaintiff's attempt to interpret words on a product label out of context, while ignoring adjacent phrases, and affirming dismissal with prejudice of CLRA, UCL, and FAL claims); *see also Forschner Grp., Inc. v. Arrow Trading Co.*, 30 F.3d 348, 355 (2d Cir. 1994) (holding that the phrase, "Swiss Army Knife," cannot be fairly read to mean "made in Switzerland" because "[t]he fact that a composite phrase contains a geographic term does not necessarily mean that the phrase, viewed as a whole, is a geographic designation").

For example, two courts in the Eastern District of New York recently dismissed two similar complaints against makers of Sapporo and Foster's beers for allegedly misleading consumers that their products were imported.  *Nelson v. MillerCoors, LLC*, --- F. Supp. 3d ----, No. 15-CV-7082, 2017 WL 1403343 (E.D.N.Y. Mar. 31, 2017); *Bowring v. Sapporo U.S.A., Inc.*, --- F. Supp. 3d ----, No. 16-CV-1858 (ILG) (SMG), 2017 WL 902151 (E.D.N.Y. Feb. 10, 2017).  Foster's beers produced in the United States were labeled, "Brewed and Packaged Under the Supervision of Foster's Austrlia Ltd, Melbourne, Australia by Oil Can Breweries, Albany GA and Fort Worth TX."

1   *Nelson*, 2017 WL 1403343, at *6.  Similarly, Sapporo beers produced in the United States were

2   labeled, "Brewed and Bottled [or Canned] by Sapporo Brewing Company, La Cross, WI for Sapporo

3   U.S.A., New York, NY," and Sapporo beers produced in Canada and sold in the United States were

4   labeled, "Imported by Sapporo U.S.A. Inc., New York, NY" followed by "Brewed and canned [or

5   bottled] by Sapporo Brewing Company, Guelph, Ontario, Canada." *Bowring*, 2017 WL 902151, at

6   *1.  Both courts found the allegedly misleading statements – Sapporo's use of a trademarked star

7   symbol, Foster's use of images of a kangaroo and a constellation, and allusions to both products'

8   historic roots in Japan and Australia respectively – were "eclipsed by the accurate disclosure

9   statement," and held that reasonable consumers could not have been misled.  *Nelson*, 2017 WL

10   1403343, at *6; *Bowring*, 2017 WL 902151, at *4.

11          Likewise, in *Dumas*, the Southern District of California rejected similar allegations that the

12   defendant misled consumers into "purchasing and overpaying for Red Stripe beer under the belief

13   that the beer was produced in Jamaica and imported."  No. 15-cv-1681, 2016 WL 1357511, at *1

14   (S.D. Cal. Apr. 6, 2016).  According to the plaintiffs, the Red Stripe packaging:

15          was specifically designed in order to maintain the brand identity of Red Stripe as
          Jamaican beer . . .  Nowhere on the cardboard packaging of Red Stripe does the label
16          indicate that Red Stripe is brewed in the United States with domestic ingredients.  In
          fact, the new packaging for Red Stripe boldly states that it is a "Jamaican Style
17          Lager" that contains "The Taste of Jamaica," and the packaging displays the
          distinctive D&G logo, despite the fact that Red Stripe now originate from Latrobe,
18          Pennsylvania – not Jamaica . . . The label on the bottle states, "For over 80 years, Red
          Stripe has embodied the spirit, rhythm and pulse of Jamaica and its people."
19

20   *Id.*

21          Like Plaintiffs here, the *Dumas* plaintiffs also tried to minimize the effect of Red Stripe's

22   labels by arguing that the labels could not be seen before twelve-packs are purchased (due to the

23   cardboard packaging) and could not be seen in six-packs unless a bottle was removed and examined.

24   *Id.* at *1.  Similar to Kona's Island Hopper Variety twelve-packs, Red Stripe twelve-packs disclosed

25   Red Stripe's brewing location on the bottom of the cardboard packaging.  *Id.* at *3.  But the court

26   rejected plaintiffs' argument, noting that even if a consumer could not be expected to see the label or

27   the language on the bottom of the packaging, a reasonable consumer could not be misled by the

28   visible packaging into believing that Red Stripe is brewed in Jamaica with Jamaican ingredients.

"The mere fact that the word[s] 'Jamaica' and 'Jamaican' appear on the packaging is not sufficient to support a conclusion that consumers would be confused regarding the origin and ingredients of the beer." *Id.* Further, the court noted that anyone examining the label carefully enough to read the language on the back could see that the beer is brewed and bottled in Pennsylvania." *Id.*

Likewise, here, anyone examining Kona labels – as Plaintiffs originally alleged they did – could identify where the products are made. Plaintiffs' UCL, FAL, and CLRA claims should be dismissed because no reasonable consumer would interpret the images and puffery identified as a statement that Kona beers are made exclusively in Hawaii.

**C.    Plaintiffs' CLRA Claim Also Fails Because Plaintiffs Have Not Identified Any Affirmative Misrepresentations.**

The CLRA creates a cause of action only for affirmative misstatements of fact, not for omitting information that a defendant has no legal obligation to disclose. *See Tietsworth v. Sears, Roebuck & Co.*, No. C 09–00288 JF (HRL), 2009 WL 1363548, *4 (N.D. Cal. May 14, 2009) (plaintiff failed to allege affirmative misrepresentation); *Bardin v. Daimler Chrysler Corp.*, 136 Cal. App. 4th 1255, 1276 (2006) (same); *Daugherty v. Am. Honda Motor Co.*, 144 Cal. App. 4th 824, 834 (2006) (plaintiff failed to establish a duty to disclose). Here, Plaintiffs have not identified any Kona representations that are false, and – ignoring the explicit disclosures on the label – Plaintiffs instead pretend that Kona violated the CLRA by omitting from its labels any statement that its beers are not made in Hawaii. Plaintiffs' CLRA claim independently fails for lack of an affirmative misrepresentation.

**VI.    PLAINTIFFS CANNOT STATE CLAIMS FOR FRAUD OR INTENTIONAL AND NEGLIGENT MISREPRESENTATION.**

For Plaintiffs' fraud, intentional misrepresentation, and negligent misrepresentation claims to survive a motion to dismiss, Plaintiffs must plead facts plausibly showing (1) that Kona made a misrepresentation; and (2) that Plaintiffs justifiably relied on that misrepresentation to their detriment. *Altman v. PNC Mortg.*, 850 F. Supp. 2d 1057, 1068 (E.D. Cal. 2012); *Lazar v. Super. Ct.*, 12 Cal. 4th 631, 638 (1996); *Diediker v. Peelle Fin. Corp.*, 60 Cal. App. 4th 288, 297 (1997). Plaintiffs fail to allege these elements. As explained above, Plaintiffs' Complaint identifies only

accurate statements and non-actionable puffery, and does not identify any false statements. *See McKinnis v. Gen. Mills, Inc.*, No. CV 07-2521 GAF (FMOx), 2007 WL 4762172, at \*5 (C.D. Cal. Sept. 18, 2007) (dismissing negligent misrepresentation claim with prejudice because plaintiffs could not identify any false information).

But even if Plaintiffs had identified an actual false representation on Kona labels, they cannot plausibly allege how they and other consumers could have justifiably relied on the images or statements they identify to mean that Kona beers are all brewed in Hawaii, particularly when the labels indicate otherwise and specifically identify where the products are brewed. *See Summit Tech., Inc. v. High-Line Medical Instruments, Co.,* 933 F. Supp. 918, 931 (C.D. Cal. 1996) (a statement "incapable of objective verification" cannot induce reasonable consumer reliance and is not actionable); *Alliance Mortgage Co. v. Rothwell*, 10 Cal. 4th 1226, 1247 (1995) ("If the conduct of the plaintiff in the light of his own intelligence and information was manifestly unreasonable . . ., he will be denied a recovery.").

### A. Plaintiffs' Fraud and Intentional Misrepresentation Claims Fail Because Plaintiffs Have Not Alleged Any Intent to Mislead.

Plaintiffs "must state specific facts indicating no less than a degree of recklessness that strongly suggests actual intent." *Metzler Inv. GMBH v. Corinthian Calls., Inc.*, 540 F.3d 1049, 1066 (9th Cir. 2008) (internal quotation marks and citation omitted); *Ronconi v. Larkin*, 253 F.3d 423, 432 (9th Cir. 2001) (To satisfy Rule 9(b), a complaint "must contain allegations of specific contemporaneous statements or conditions that demonstrate the intentional or the deliberately reckless false or misleading nature of the statements when made.") (internal quotation marks and citation omitted). Intentional misrepresentation requires particularized facts establishing a "strong inference that the defendant acted with the required state of mind." *WPP Lux. Gamma Three Sari v. Spot Runner, Inc.*, 655 F.3d 1039, 1051 (9th Cir. 2011) (internal quotation marks and citation omitted). A "strong inference" is "more than merely plausible or reasonable—it must be cogent and at least as compelling as any opposing inference of nonfraudulent intent." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 309 (2007).

1      Aside from conclusory allegations, Plaintiffs have alleged no facts even suggesting any intent

2  by Kona to mislead. *See Baba v. Hewlett-Packard Co.*, No. C 09–05946 RS, 2010 WL 2486353, at

3  *3 (N.D. Cal. June 16, 2010) ("[C]onclusory averments of scienter, without reference to a factual

4  context, are insufficient.").  Instead, Plaintiffs simply assert—without more — that Kona somehow

5  concealed from them the fact that its beers are not all made in Hawaii.  Plaintiffs have not alleged

6  sufficient facts to demonstrate Kona's intent to mislead consumers.

7      **B.      Plaintiffs' Negligent Misrepresentation Claim Is Also Barred By The Economic**

8              **Loss Doctrine.**

9      Plaintiffs' negligent misrepresentation claim also fails for a simpler reason: Plaintiffs allege

10  only economic losses and so are precluded from bringing tort claims by the economic-loss rule.  The

11  rule "requires a purchaser to recover in contract for purely economic loss due to disappointed

12  expectations, unless he can demonstrate harm above and beyond a broken contractual promise."

13  *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004).  In the products context, the

14  relevant promises are usually warranties. *See Jimenez v. Super. Ct.*, 29 Cal. 4th 473, 490 (2002)

15  (internal quotation marks and citation omitted) (discussing the distinction "between tort recovery for

16  physical injuries and warranty recovery for economic loss....").  Because Plaintiffs do not allege

17  personal injury or damage to any property other than the product at issue, the rule bars this claim.

18  *See Minkler v. Apple, Inc.*, 65 F. Supp. 3d 810, 820 (N.D. Cal. 2014) (dismissing negligent

19  misrepresentation claim where plaintiff alleged she would not have purchased the iPhone 5 had she

20  known about alleged Apple Maps defect).

21  **VII.   PLAINTIFFS DO NOT ALLEGE A BREACH OF EXPRESS WARRANTY.**

22      To state a breach of express warranty claim, Plaintiffs must allege facts sufficient to show

23  that Defendant made affirmations of fact or promises that became part of the basis of the bargain

24  between the parties.  Cal. Com. Code § 2313(1) (2002).  A description of the goods can create an

25  express warranty as long as that description became part of the basis of the bargain between the

26  parties.  Cal. Com. Code § 2313(1)(b) (2002).  Here, Plaintiffs cannot point to a specific,

27  unequivocal statement or guarantee that Kona beers are brewed exclusively in Hawaii.

28

1    For example, in *McKinnis v. Sunny Delight Beverages Co.*, the court dismissed an express

2 warranty claim by plaintiffs claiming that the terms and imagery (depictions of fruit) on the

3 defendant's product labels, combined with the placement of the products at retail stores next to

4 actual fruit products, constituted a fact and promise that the products contained significant amounts

5 of fruit.  No. CV 07-02034-RGK (JCx), 2007 WL 4766525, at * 5-6 (C.D. Cal. Sept. 4, 2007).

6 Unlike specific and unequivocal written statements, the court held the depictions of fruit on product

7 labels made "no explicit guarantees about the exact percentage of fruit in a particular beverage." *Id.*

8 at *6.  The court explained, "[i]t is simply unreasonable to believe that Defendant intended to

9 guarantee the precise fruit content of its products through whimsical depictions of fruit on its product

10 labels," especially when the products also truthfully disclose the ingredients in them.  *Id.*

11    Here, Plaintiffs similarly allege that Kona beers expressly warranted on packaging that the

12 products were brewed only in Hawaii.  (Compl. ¶¶ 146, 148.)  Just as the court found in *McKinnis*, it

13 would be unreasonable to believe that Kona intended to claim that its products were brewed only in

14 Hawaii based on the images and statements identified by Plaintiffs (*e.g.*, references to Hawaiian

15 culture and history, Kona's brewery and pubs in Hawaii, images of beaches, surfing, and water),

16 especially when all brewing locations are disclosed on every label.  Plaintiffs have not alleged

17 sufficient facts to state a claim for breach of express warranty.

18 **VIII.   PLAINTIFFS DO NOT ALLEGE A BREACH OF IMPLIED WARRANTY.**

19    Plaintiffs' implied warranty claim fares no better than their express warranty claim and is

20 subject to dismissal on the same grounds. More importantly, affirmative statements do not give rise

21 to "implied warranties."  Here, Plaintiffs have not alleged any facts showing that Kona beers are not

22 of the same quality as generally accepted in the trade, merchantable, or suitable for a particular

23 purpose.  *See, e.g., Birdsong v. Apple, Inc.*, 590 F.3d 955, 958 (9th Cir. 2009) (breach of implied

24 warranty of merchantability occurs when a product "lacks even the most basic degree of fitness for

25 ordinary use") (internal quotation marks and citation omitted); *Stearns v. Select Comfort Retail*

26 *Corp.*, No. 08-2746 JT, 2009 WL 1635931, at *8 (N.D. Cal. June 5, 2009) (An implied warranty

27 under § 2314 "does not impose a general requirement that goods precisely fulfill the expectation of

28 the buyer.") (internal quotation marks and citation omitted); *Am. Suzuki Motor Corp. v. Super. Ct.*,

37 Cal. App. 4th 1291, 1296 (1995), *modified, reh'g denied* (The implied warranty of

merchantability provides for a "minimum level of quality.") (internal quotation marks and citation

omitted).  Plaintiffs do not even allege they consumed the beers they purchased, let alone that they

were not drinkable, not fit for consumption, or that they were of lower quality when compared to

competing beers.  The implied warranty claim should also be dismissed.

## IX.   PLAINTIFFS LACK STANDING TO SEEK INJUNCTIVE RELIEF.

Plaintiffs seek injunctive relief in their CLRA, UCL and FAL claims.  (Compl. ¶¶ 121, 135,

142.)  But Article III, Section 2 of the Constitution restricts federal judicial power to adjudication

of "cases" or "controversies."  To establish standing, a plaintiff must demonstrate "redressability –

a likelihood that the requested relief will redress the alleged injury."  *Steel Co. v. Citizens for a*

*Better Env't*, 523 U.S. 83, 103 (1998).  "[T]he party invoking federal jurisdiction bears the burden

of establishing its existence."  *Id*. at 103-104 (citation omitted).

Here, the Complaint does not allege that any of the Plaintiffs intends to purchase Kona

beers in the future.  Nor would such an allegation be plausible in light of Plaintiffs' claims.  As this

Court explained in *Khasin v. R.C. Bigelow, Inc*., No. 12-cv-02204-WHO, 2016 WL 1213767, at

*4-5 (N.D. Cal. Mar. 29, 2016), plaintiffs allegedly misled by labeling claims lack standing to seek

injunctive relief because there is no danger they will be misled in the future.  An injunction would

not redress any ongoing or threatened injury to plaintiffs, who are not "realistically threatened by

repetition of the violation."  *Gest v. Bradbury*, 443 F.3d 1177, 1181 (9th Cir. 2006) (internal

quotation marks and citation omitted).

Most decisions addressing this issue hold that a plaintiff lacks standing to pursue injunctive

relief under California's consumer statutes (UCL, FAL, CLRA) if there is no showing of a

likelihood of future injury from the defendant's alleged misrepresentations regarding the product at

issue – that is, where a plaintiff does not intend or is not likely to purchase the product at issue in

the future.  *Mason v. Nature's Innovation, Inc*., No. 12cv3019 BTM (DHB), 2013 WL 1969957, at

*2-3 (S.D. Cal. May 13, 2013); *In re 5-hour Energy Mktg. and Sales Practices Litig.*, No. MDL

13–2438 PSG (PLAx), 2014 WL 5311272, at *10-11 (C.D. Cal. Sept. 4, 2014) (granting motion to

dismiss brought under Rule 12(b)(1)); *Burns v. Tristar Prods., Inc*., No. 14-cv-749-BAS (DHB),

DEFENDANT'S MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT
CASE NO. 5:17-cv-01027-BLF

1   2014 WL 3728115, at *2-3 (S.D. Cal. July 25, 2014); *Dorfman v. Nutramax Labs., Inc.*, No. 13-cv-

2   0873-WQH (RBB), 2013 WL 5353043, at *8-9 (S.D. Cal. Sept. 23, 2013).[7]

3          For example, in *Luman v. Theismann*, the plaintiff's claims were based on alleged

4   misrepresentations about a product called Super Beta Prostate.  No. 2:13-cv-00656-KJM-AC, 2014

5   WL 443960 (E.D. Cal. Feb. 4, 2014).  The district court dismissed the claims for injunctive relief,

6   emphasizing that federal courts are of limited jurisdiction under Article III and "it is 'not within

7   the Court's authority to carve out an exception to Article III's standing requirements to further the

8   purpose of California's consumer protection laws.'"  *Id.* at *8 (quoting *Mason*, 2013 WL 1969957,

9   at *5).  The Ninth Circuit affirmed this portion of the district court's decision, holding "[t]he

10  district court did not err in determining that Plaintiffs lack standing to pursue injunctive relief.  To

11  maintain standing, Plaintiffs must show a sufficient likelihood that they will be injured by

12  [defendant] again in a similar way and that the future injury can be redressed by injunctive relief."

13  *Luman*, 647 Fed. App'x 804, 807 (9th Cir. 2016) (citing *Bates v. United Parcel Serv., Inc.*, 511

14  F.3d 974, 985 (9th Cir. 2007) and *Perez v. Nydek Co.*, 711 F.3d 1109, 1113-14 (9th Cir. 2013)).

15         Similarly, in *Bates*, the Ninth Circuit described the requirement of a "'real and immediate

16  threat of repeated injury'" for standing to seek injunctive relief.  511 F.3d at 985 (quoting *O'Shea v.*

17  *Littleton*, 414 U.S. 488, 496 (1974)).  It explained that "'[P]ast wrongs do not in themselves

18  amount to [a] real and immediate threat of injury necessary to make out a case or controversy.'"

19  *Bates*, 511 F.3d at 985 (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 103 (1983)).  And in

20  *Perez*, the Ninth Circuit held the plaintiff lacked standing to seek injunctive relief under the CLRA

21  to enjoin the defendants from using a laser device for eye surgery because he did not allege an

22  intention to have further eye surgery.  711 F.3d at 1113-14 (plaintiff failed to demonstrate that he

23  faced an imminent threat of irreparable injury).

24         Because Plaintiffs do not and cannot credibly allege they intend to purchase Kona beers in

25  the future, they cannot demonstrate a likelihood of future injury.  *Luman*, 647 Fed. App'x at 807;

26

27  [7] A few courts have held to the contrary, on the theory that a plaintiff must be allowed to seek
    injunctive relief in order to fulfill the purpose of the state consumer statutes.  *Ries v. Arizona*
28  *Beverages USA LLC*, 287 F.R.D. 523, 533-34 (N.D. Cal. 2012); *Henderson v. Gruma Corp.*, No.
    CV 10–04173 AHM (AJWx), 2011 WL 1362188, at *7-8 (C.D. Cal. Apr. 11, 2011).

1   *see also Jones v. ConAgra Foods, Inc*., No. C12-01633 CRB, 2014 WL 2702726, at *12-13 (N.D.

2   Cal. June 13, 2014) (citing *Garrison v. Whole Foods Mkt. Grp., Inc*., No. 13-5222, 2014 WL

3   2451290, at *5 (N.D. Cal. June 2, 2014)); *Bird v. First Alert, Inc*., No. C 14-3585 PJH, 2014 WL

4   7248734, at *5 (N.D. Cal. Dec. 19, 2014) ("numerous courts have held that a 'public policy'

5   exception to the standing requirement – which plaintiff seems to be attempting to argue here –

6   does not comport with Article III's mandate").  Plaintiffs' claims for injunctive relief should be

7   dismissed for lack of Article III standing.

8   **X.    PLAINTIFFS' CLAIMS FOR EQUITABLE RELIEF FAIL BECAUSE PLAINTIFFS'**

9   **DAMAGES CLAIMS SHOW THERE IS AN ADEQUATE REMEDY AT LAW.**

10   Plaintiffs seek equitable relief in the form of an injunction or restitution under their first

11   (CLRA), second (UCL), third (FAL), and ninth (unjust enrichment) claims for relief.  (Compl. ¶¶

12   121, 135, 142, 189.)  It is doubtful whether there is a viable cause of action for unjust enrichment

13   under California law.  *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015)

14   (citation omitted) (explaining that "in California, there is not a standalone cause of action for

15   'unjust enrichment'").  But even if Plaintiffs' unjust enrichment claim could be construed as one

16   for restitution (*id.*), it should fail for the same reason as plaintiffs' other claims for equitable relief

17   – because plaintiffs have alleged an adequate remedy at law.  *See In re Apple and AT&T iPad*

18   *Unlimited Data Plan Litig*., 802 F. Supp. 2d 1070, 1077 (N.D. Cal. 2011) (plaintiff may not pursue

19   a claim for unjust enrichment that is merely duplicative of statutory claims).

20   "A plaintiff seeking equitable relief must establish that there is no adequate remedy at law

21   available."  *Rhynes v. Stryker Corp.*, No. 10-5619 SC, 2011 WL 2149095, at *3 (N.D. Cal. May 31,

22   2011) (injunctive relief and restitution under UCL are not available where there is an adequate

23   remedy at law and potential for compensatory damages); *McAdam v. State Nat. Ins. Co.*, No.

24   12cv1333 BTM (MDD), 2012 WL 4364655, at *2 (S.D. Cal. Sept. 24, 2012) (same; citing

25   *Prudential Home Mortg. Co. v. Super. Ct*., 66 Cal. App. 4th 1236, 1249-50 (1998)).

26   Plaintiffs plead no facts to suggest that the damages they seek would be inadequate, and so

27   they have not alleged a right to equitable relief under the UCL, FAL or CLRA, or any other cause

28   of action.  *See Zapata Fonseca v. Goya Foods, Inc.*, No. 16-CV-02559-LHK, 2016 WL 4698942,

at *7-8 (N.D. Cal. Sept. 8, 2016) (dismissing UCL claims and CLRA claim for injunctive relief because other claims offered adequate remedy at law); *Gardner v. Safeco Ins. Co. of Am.*, No. 14-cv-02024-JCS, 2014 WL 2568895, at *7-8 (N.D. Cal. June 6, 2014) (holding contract remedy was adequate); *see also Cal. Med. Ass'n. v. Aetna U.S. Healthcare of Cal., Inc.*, 94 Cal. App. 4th 151, 172 (2001) (dismissing unjust enrichment claim because contract damages would be adequate).

## XI.   PLAINTIFFS LACK STANDING TO BRING CLAIMS ON BEHALF OF OUT-OF-STATE MEMBERS OF THE ALLEGED NATIONWIDE CLASS.

The named plaintiffs here are California residents.  While they assert causes of action under California laws and on behalf of California subclasses, they also attempt to assert several "nationwide" claims alleging common law fraud, intentional misrepresentation, negligent misrepresentation and quasi-contract/unjust enrichment/restitution. (Compl. ¶¶ 160, 168, 176, 184.) These claims should be dismissed.

First, Plaintiffs do not have standing to represent citizens of other states who might have been injured in those states by violations of those states' laws.  The United States Supreme Court has explained, "named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent."  *Lewis v. Casey*, 518 U.S. 343, 347 (1996) (internal quotation marks omitted).  This means a plaintiff in a class action lacks standing to bring claims based on the laws of states in which no named plaintiff resides.  *See, e.g., Morales v. Unilever U.S., Inc.*, No. 2:13-2213 WBS EFB, 2014 WL 1389613, at *4-5 (N.D. Cal. Apr. 9, 2014); *In re Flash Memory Antitrust Litig.*, 643 F. Supp. 2d 1133, 1163-64 (N.D. Cal. 2009).

Further, standing should be addressed at the pleading stage, rather than deferred until class certification.  *See, e.g., In re Flash Memory*, 643 F. Supp. 2d at 1164; *Morales*, 2014 WL 1389613, at *5 (citing *Easter v. Am. W. Fin.*, 381 F.3d 948, 962 (9th Cir. 2004) (standing should usually be addressed before class certification).  Courts in this circuit have repeatedly held, that where "a representative plaintiff is lacking for a particular state, all claims based on that state's laws are subject to dismissal" because no named plaintiff has standing to assert them.  *See Mollicone v. Universal Handicraft, Inc.*, No. 2:16-cv-07322-CAS(MRWx), 2017 WL 440257, at *9-10 (C.D.

1   Cal. Jan. 30, 2017) (noting that "the majority of courts to consider this question" have so held;

2   citing cases); *Corcoran v. CVS Health Corp.*, 169 F. Supp. 3d 970, 990 (N.D. Cal. 2016)

3   (explaining that courts "routinely" dismiss such claims) (citation omitted); *Philips v. Ford Motor*

4   *Co.*, No. 14-CV-02989-LHK, 2015 WL 4111448, *17 (N.D. Cal. July 7, 2015); *In re Carrier IQ,*

5   *Inc. Consumer Privacy Litig.*, 78 F. Supp. 3d 1051, 1069-75 (N.D. Cal. 2015); *Pardini v. Unilever*

6   *U.S.*, 961 F. Supp. 2d 1048, 1061 (N.D. Cal. 2013).  Here, plaintiffs have no representatives for 49

7   of the 50 states as well as the District of Columbia.

8           Plaintiffs Broomfield, Cilloni and Zimmer are residents of California who allegedly

9   purchased Kona beers in this state.  (Compl. ¶¶ 12-14.)  They lack standing to bring claims on

10   behalf of residents of other states based on the laws of those states.  The claims on behalf of the

11   nationwide class should be dismissed under Rules 12(b)(1) and 12(b)(6).

12   **XII.    THE NATIONWIDE CLASS CLAIMS FAIL FOR LACK OF PERSONAL**

13           **JURISDICTION OVER CBA AS TO CLAIMS BY OUT-OF-STATE CONSUMERS.**

14           In response to a 12(b)(2) motion, a plaintiff must at least make a *prima facie* showing to

15   support jurisdiction.  *Kipp v. Ski Enter. Corp.*, 783 F.3d 695, 697 (7th Cir. 2015).  A court applies

16   the personal jurisdiction rules of the state in which it sits.  *Daimler AG v. Bauman,* ___ U.S. ___,

17   134 S. Ct. 746, 753, 187 L. Ed. 2d 624 (2014).  Because California's long-arm statute allows the

18   exercise of personal jurisdiction to the full extent permitted under the Constitution, the issue here

19   is whether exercise of jurisdiction over CBA as to the non-resident putative class members' claims

20   for relief comports with due process.  *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015);

21   *Cahen v. Toyota Motor Corp.*, 147 F. Supp. 3d 955, 961-62  (N.D. Cal. 2015).

22           There are two types of personal jurisdiction:  general and specific.  *Goodyear Dunlop Tires*

23   *Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011); *Ranza*, 793 F.3d at 1068-69.  General

24   jurisdiction allows a state to exercise jurisdiction over a defendant even as to claims arising from

25   conduct distinct from its activities within the state.  But because general jurisdiction is so broad,

26   the Supreme Court has restricted its use to situations where the defendant is "essentially at home"

27   in the forum state.  *Goodyear*, 564 U.S. at 919.  Except in extraordinary circumstances not present

28   here, this means general jurisdiction is limited to the states of the defendant's principal place of

1   business and incorporation.  *Daimler*, 134 S. Ct. at 760, 761 n.19.  In contrast, specific jurisdiction

2   is case-specific.  This means that each claim must arise out of or relate to the defendant's activities

3   within the forum.  *Ranza*, 793 F.3d at 1068; *Cahen*, 147 F. Supp. 3d at 962.

4     **A.**  **The Complaint Fails To Allege Facts Showing That CBA Is Subject To General**

5       **Jurisdiction In California.**

6     The Supreme Court has identified only two places where a corporation can always be

7   considered "at home" for purposes of general jurisdiction:  the states of its incorporation and

8   principal place of business.  *Daimler*, 134 S. Ct. at 760; *Ranza*, 793 F.3d at 1069.  Although the

9   Supreme Court has not foreclosed the possibility that a corporation might be considered at home in

10  another state, this is only in an "exceptional case."  *Daimler*, 134 S. Ct. at 761 n.19; *Cahen*, 147 F.

11  Supp. 3d at 964-65.  As the court in *Cahen* noted, the Supreme Court did not apply this exception

12  in *Daimler* even though the defendant had substantial business operations in California.  *Id*.

13    Here, the Complaint alleges only that CBA is a Washington corporation with its principal

14  place of business in Oregon.  (Compl. ¶ 15.)  There is no basis for general jurisdiction.

15    **B.**  **The Complaint Fails To Allege Facts Establishing Specific Jurisdiction Over**

16      **CBA As To Out-Of-State Claims.**

17    Plaintiffs Broomfield, Cilloni and Zimmer are California residents who allegedly bought

18  Kona beers in California, and CBA does not contest that Plaintiffs have alleged facts showing

19  specific jurisdiction over CBA as to their claims.  Plaintiffs also seek to represent two subclasses

20  of similarly-situated California consumers and specific jurisdiction similarly poses no obstacle

21  there.  But there are no allegations that suggest the claims of non-resident putative class members,

22  who did not purchase Kona beers in California, have anything to do with CBA's conduct in

23  California.  Specifically, there is no allegation that the claims of the putative class members who

24  reside in the other 49 states and the District of Columbia and did not make purchases in California

25  are related to California.  There is no allegation that CBA's contacts with California gave rise to or

26  relate to the claims of out-of-state class members, who did not purchase the products in California.

27  There is simply no basis for subjecting CBA to suit in California by putative class members who

28  could not establish jurisdiction here even if they sued individually.

DEFENDANT'S MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT
CASE NO. 5:17-cv-01027-BLF

C.     **It Should Make No Difference That This Is A Class Action.**

Plaintiffs lack standing to assert claims under the laws of any state except California.  A named plaintiff in a class action must allege and prove she has been personally injured, and "lacks standing to assert legal claims on behalf of a putative class pursuant to state law under which the named plaintiff's own claims do not arise."  *In re: Takata Airbag Prods. Liab. Litig.*, No. 14-24009-CV-MORENO, 2016 WL 1266609, at *4 (S.D. Fla. Mar. 11, 2016) (citation omitted).  Rule 23 cannot confer either standing or personal jurisdiction.  Under the Rules Enabling Act, a rule of procedure cannot "abridge, enlarge, or modify" any substantive right.  *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613 (1997) (quoting 28 U.S.C. § 2072(b) (1990)).

The fact there may be specific jurisdiction over CBA for purposes of Plaintiffs' claims does not mean CBA is subject to jurisdiction for other purposes.  *See, e.g.*, *In re Testosterone Replacement Therapy Prods. Liab. Litig.*, 164 F. Supp. 3d 1040, 1046-51 (N.D. Ill. 2016); *DeMaria v. Nissan N. Am., Inc.*, No. 15C3321, 2016 WL 374145, at *6-8 (N.D. Ill. Feb. 1, 2016).  In *DeMaria*, the court not only dismissed the out-of-state classes along with the named out-of-state claimants, it also dismissed the alleged nationwide claims to the extent they were brought on behalf of non-residents whose claims did not arise out of the defendant's activities in Illinois.  2016 WL 374145, at *8.

Even if Plaintiffs or their counsel had been able to locate representatives from other states, that would not establish general or specific jurisdiction over CBA as to claims of out-of-state plaintiffs, who did not purchase Kona beers in California.  For example, in *Cahen*, this Court found that the non-resident plaintiffs seeking certification of Oregon and Washington classes had failed to establish jurisdiction over Ford Motor Company in California, even though there was no challenge to specific jurisdiction as to the claims brought by the California resident plaintiffs.  2015 WL 7566806, at *4-7.  Here too, the non-California claims should be dismissed.

## XIII.   CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court dismiss the Complaint in its entirety, with prejudice.

1

2

Dated:  April 28, 2017

Respectfully submitted,

SHOOK HARDY & BACON L.L.P.

3

4

5

By:____/s/ *Tammy B. Webb*_____
       TAMMY B. WEBB

6

7

Attorneys for Defendant
Craft Brew Alliance, Inc.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28