**THE WAND LAW FIRM**
Aubry Wand (SBN 281207)
400 Corporate Pointe, Suite 300
Culver City, California 90230
Telephone: (310) 590-4503
Facsimile: (310) 590-4596
E-mail: awand@wandlawfirm.com

*Attorneys for Plaintiffs Sara Cilloni and*
*Simone Zimmer and the putative class*

**FARUQI & FARUQI, LLP**
Barbara A. Rohr (SBN 273353)
Benjamin Heikali (SBN 307466)
10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90024
Telephone: (424) 256-2884
Facsimile: (424) 256-2885
E-mail: brohr@faruqilaw.com
           bheikali@faruqilaw.com

*Attorneys for Plaintiff Theodore Broomfield*
*and the putative class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| THEODORE BROOMFIELD, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CRAFT BREW ALLIANCE, INC., *et al.*, <br><br> Defendants. | CASE NO.: 5:17-cv-01027-BLF <br><br> **CLASS ACTION** <br><br> [Hon. Beth Labson Freeman] <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT** <br><br> Date: August 3, 2017 <br> Time: 9:00 a.m. <br> Courtroom: 3 – 5th Floor <br><br> Operative Complaint Filed: April 7, 2017 |

# TABLE OF CONTENTS

I.  INTRODUCTION ............................................................................... 1

II.  STATEMENT OF FACTS ................................................................... 2

III.  LEGAL STANDARD ......................................................................... 2

IV.  DEFENDANT'S REQUEST FOR JUDICIAL NOTICE SHOULD BE DENIED IN PART AND REFERENCES TO EARLIER COMPLAINTS SHOULD BE DISREGARDED OR STRICKEN ....................................................... 3

V.  ARGUMENT ..................................................................................... 3

   A.  Plaintiffs State Plausible Claims for Relief .................................... 3

      1.  Plaintiffs Allege Specific, Actionable Misrepresentations ................ 4

      2.  Plaintiffs' CLRA, UCL, and FAL Claims Do Not Fail Because a Reasonable Consumer is Likely to Be Misled into Believing that Kona Brewing Co. Beer is Brewed in Hawaii .......................................................................... 9

      3.  Plaintiffs' CLRA Claims Do Not Fail because Plaintiffs Have Identified Affirmative Misrepresentations ...................................................... 15

   B.  Plaintiffs Have Sufficiently Stated Claims for Fraud and Intentional and Negligent Misrepresentation ..................................................................... 16

      1.  Plaintiffs' Fraud and Intentional Misrepresentations Do Not Fail Because Plaintiffs Have Alleged Defendant's Intent to Mislead ............................. 16

      2.  Plaintiffs' Negligent Misrepresentation Claim is Not Barred by the Economic Loss Doctrine ...................................................................... 17

   C.  Plaintiffs Have Sufficiently Alleged a Breach of Express Warranty ................ 18

   D.  Plaintiffs Have Sufficiently Alleged a Breach of Implied Warranty ................ 19

   E.  Plaintiffs Have Standing to Seek Injunctive Relief .................................... 19

   F.  Plaintiffs' Unjust Enrichment Claims Should Not Be Dismissed ................... 21

   G.  The Court Should Not Dismiss Plaintiffs Claims Brought on Behalf of a Nationwide Class ............................................................................ 22

   H.  The Nationwide Class Claims Do Not Fail because This Court has Personal Jurisdiction over Defendant as to Claims by Out-of-State Consumers ............. 22

VI.  CONCLUSION ................................................................................. 24

# TABLE OF AUTHORITIES

**Cases**                                                                          **Page(s)**

*In re 5-hour ENERGY Mktg. & Sales Practices Litig.*,
   MDL 13-2438, 2017 U.S. Dist. LEXIS 13466 (C.D. Cal. Jan. 24, 2017) ...............................19

*Ackerman v. Coca-Cola Co.*,
   CV-09-0395, 2010 U.S. Dist. LEXIS 73156 (E.D.N.Y. July 21, 2010) ...................................11

*Allen v. Similasan Corp.*,
   No. 12cv0376-BTM-WMC, 2013 U.S. Dist. LEXIS 69369 (S.D. Cal. May 14,
   2013).................................................................................................................................................23

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ........................................................................................................................3

*Asis Internet Servs. v. Subscriberbase Inc.*,
   No. 09-3503SC, 2010 U.S. Dist. LEXIS 33645 (N.D. Cal. Apr. 1, 2010) ...............................10

*Astiana v. Hain Celestial Grp., Inc.*,
   783 F.3d 753 (9th Cir. 2015)........................................................................................................21

*People ex rel. Bill Lockyer v. Fremont Life Ins. Co.*,
   104 Cal. App. 4th 508 (Cal. Ct. App. 2002) .................................................................................9

*Bowring v. Sapporo U.S.A., Inc.*,
   No. 16-CV-1858, 2017 U.S. Dist. LEXIS 32333 (E.D.N.Y. Feb. 10, 2017) ............................14

*Brazil v. Dole Packaged Foods, LLC*,
   660 F. App'x 531 (9th Cir. 2016)..................................................................................................21

*Brown v. Hain Celestial Grp., Inc.*,
   913 F. Supp. 2d 881 (N.D. Cal. 2012) ...............................................................................18, 22

*Chavez v. Blue Sky Nat. Beveverage Co.*,
   340 Fed. Appx. 359 (9th Cir. 2009) ............................................................................................15

*In re ConAgra Foods, Inc.*,
   908 F. Supp. 2d 1090 (C.D. Cal. 2012).......................................................................................19

*Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv.*,
   911 F.2d 242 (9th Cir. 1990)..........................................................................................................4

*Corzine v. Whirlpool Corp.*,
   No. 15-cv-05764, 2016 U.S. Dist. LEXIS 152138 (N.D. Cal. Nov. 2, 2016)...........................15

*David v. Baker*,
   129 Fed. App'x 358 (9th. Cir. 2005)..............................................................................................2

-ii-

*Dean v. Colgate-Palmolive Co.*,
    No. EDCV 15-0107 No. EDCV 15-0107 JGB (DTBx), 2015 U.S. Dist. LEXIS
    80150 (C.D. Cal. June 17, 2015) ....................................................................... 20, 21

*Delgado v. Ocwen Loan Servicing, LLC*,
    No. 13-CV-4427 NGG RML, 2014 U.S. Dist. LEXIS 135758 (E.D.N.Y. Sept.
    24, 2014) .................................................................................................................... 12

*Dorfman v. Nutramax Labs., Inc*.,
    No. 13CV0873 WQH RBB, 2013 U.S. Dist. LEXIS 136949 (S.D. Cal. Sept. 23,
    2013) .......................................................................................................................... 11

*Dumas v. Diageo PLC*,
    No. 15cv1681, 2016 U.S. Dist. LEXIS 46691 (S.D. Cal. Apr. 6, 2016) ................ 5, 6, 7, 14

*Goldemberg v. Johnson & Johnson Consumer Cos.*,
    8 F. Supp. 3d 467 (S.D.N.Y. 2014) ......................................................................... 11

*Grodzitsky v. Am. Honda Motor Co*.,
    No. 2:12-cv-1142-SVW-PLA, 2013 U.S. Dist. LEXIS 33387 (C.D. Cal. Feb.
    19, 2013) .................................................................................................................. 22, 23

*Hannibal Pictures, Inc. v. Sonja Prods. LLC*,
    432 Fed. Appx. 700 (9th Cir. 2011) ....................................................................... 17

*Hauter v. Zogarts*,
    14 Cal. 3d 104 (1975) ............................................................................................... 19

*Henderson v. J.M. Smucker Co*.,
    No. CV 10-4524-GHK, 2011 U.S. Dist. LEXIS 27953 (C.D. Cal. Mar. 17,
    2011) ....................................................................................................................... 9, 20

*Johns v. Bayer Corp.*,
    No. 09CV1935 DMS (JMA), 2010 U.S. Dist. LEXIS 62804 (S.D. Cal. June 24,
    2010) .......................................................................................................................... 11

*Johnson v. Gen. Mills, Inc*.,
    No. SACV 10-00061-CJC(ANx), 2011 U.S. Dist. LEXIS 154213 (C.D. Cal.
    Mar. 3, 2011) ............................................................................................................... 5

*Kalitta Air, L.L.C. v. Cent. Tex. Airborne Sys., Inc.*,
    315 F. App'x 603 (9th Cir. 2008) ........................................................................... 17

*Kwikset Corp. v. Super. Ct.*,
    51 Cal. 4th 310 (2011) ................................................................................................ 4

*Lanovaz v. Twinings N. Am., Inc*.,
    No. C-12-02646-RMW, 2014 U.S. Dist. LEXIS 1639 (N.D. Cal. Jan. 6, 2014) ...... 20

-iii-

*Lilly v. Jamba Juice Co.*,
 No. 13-cv-02998-JST, 2015 U.S. Dist. LEXIS 34498 (N.D. Cal. Mar. 18, 2015) .............20, 21

*Lima v. Gateway, Inc.*,
 710 F. Supp. 2d 1000 (C.D. Cal. 2010) ...................................................................................5

*Los Gatos Mercantile, Inc. v. E.I. Dupont De Nemours & Co.*,
 No. 13-cv-01180, 2015 U.S. Dist. LEXIS 106292 (N.D. Cal. Aug. 11, 2015).........................22

*Marty v. Anheuser-Busch Cos., LLC*,
 43 F. Supp. 3d 1333 (S.D. Fla. 2014)......................................................................4, 12, 13, 14

*McCrary v. Elations Co., LLC*,
 No. EDCV 13-0242, No. EDCV 13-0242 JGB (OPx), 2013 U.S. Dist. LEXIS
 173591(C.D. Cal. Apr. 24, 2013) ...........................................................................................10

*McKinniss v. Sunny Delight Beverages Co.*,
 No. CV 07-02034-(JCx), 2007 Dist. LEXIS 96108 (C.D. Cal. Sept. 4, 2007) .........................18

*Minkler v. Apple Inc.*,
 65 F. Supp. 3d 810 (N.D. Cal. 2014) ......................................................................................17

*Mullins v. Premier Nutrition Corp.*,
 178 F. Supp. 3d 867 (N.D. Cal. 2016) .................................................................................5, 11

*Nelson v. MillerCoors, LLC*,
 No. 15-CV-7082, 2017 U.S. Dist. LEXIS 67031 (E.D.N.Y. Mar. 31, 2017) .....................13, 14

*Oestreicher v. Alienware Corp.*,
 544 F. Supp. 2d 964 (N.D. Cal. 2008) ....................................................................................15

*Pernod Ricard USA, LLC v. Bacardi, U.S.A, Inc.*
 653 F.3d 241 (3rd Cir. 2011).................................................................................................7, 8

*Piazza's Seafood World, LLC v. Odom*,
 448 F.3d 744 (5th Cir. 2006)..................................................................................................7, 8

*Reid v. Johnson & Johnson*,
 780 F.3d 952 (9th Cir. 2015)....................................................................................................10

*Rejects Skate Magazine, Inc. v. Acutrack, Inc.*,
 No. C 06-2590, 2006 U.S. Dist. LEXIS 63157 (N.D. Cal. Aug. 22, 2006) ..............................17

*Ries v. Ariz. Beverages USA LLC*,
 287 F.R.D. 523 (N.D. Cal. 2012) .......................................................................................19, 20

*Romero v. Flowers Bakeries, LLC*,
 No. 14-cv-05189, 2015 U.S. Dist. LEXIS 59498 (N.D. Cal. May 6, 2015) .............................21

*Rosales v. FitFlop USA, LLC*,
   882 F. Supp.2d 1168 (S.D. Cal. 2012) ..........................................................................18

*Spann v. J.C. Penney Corp.*,
   No. SA CV 12-0215 FMO, 2015 U.S. Dist. LEXIS 42545 (C.D. Cal. Mar. 23,
   2015)...............................................................................................................................20

*Square 1 Bank v. Lo*,
   128 F. Supp. 3d 1257 (N.D. Cal. 2015) ..........................................................................2

*In re Syntex Corp. Sec. Litig.*,
   95 F.3d 922 (9th Cir. 1996)..............................................................................................2

*Thorpe v. Abbott Labs., Inc.*,
   534 F. Supp. 2d 1120 (N.D. Cal. 2008) ........................................................................22

*Universal Stabilization Techs., Inc. v. Advanced BioNutrition Corp.*,
   No. 17cv87, 2017 U.S. Dist. LEXIS 70090 (S.D. Cal. May 8, 2017) ...........................23

*Walling v. Beverly Enters.*,
   476 F.2d 393 (9th Cir. 1973)............................................................................................2

*Williams v. Gerber Prods. Co.*,
   552 F.3d 934 (9th Cir. 2008).................................................................................. *passim*

*Wyler Summit P'ship v. Turner Broad. Sys., Inc.*,
   135 F.3d 658 (9th Cir. 1998)............................................................................................2

*Zakaria v. Gerber Prods. Co.*,
   No. LA CV15-00200, 2015 U.S. Dist. LEXIS 80428 (C.D. Cal. June 18, 2015).....................17

**Statutes**

Cal. Civ. Code § 1770(a)......................................................................................................4, 15

Cal. Comm. Code § 2313(1) ....................................................................................................18

Cal. Comm. Code § 2314 ........................................................................................................ 19

# I.     __INTRODUCTION__

Through false and deceptive packaging and advertising, Craft Brew Alliance, Inc. ("Defendant") intentionally misleads consumers into believing that Kona Brewing Co. brand beers[1] are brewed in Hawaii.  Consolidated Class Action Complaint ("CCAC") ¶ 1.  As admitted by Defendant's Chief Marketing Officer, "Kona, our lead brand is positioned as a craft [beer] imported from Hawaii."  *Id.* at ¶ 76.  In reality, the Kona Brewing Co. Beers are brewed by Defendant exclusively in Oregon, Washington, Tennessee, and New Hampshire.  *Id.* at ¶ 3.  Based on Defendant's false and deceptive packaging and advertising, consumers, such as Plaintiffs Theodore Broomfield, Sara Cilloni, and Simone Zimmer (collectively, the "Plaintiffs") were misled into believing that the Kona Brewing Co. Beers they purchased were brewed in Hawaii, when they were not.  *Id.* at ¶ 5.

Plaintiffs have sufficiently pled plausible claims for relief by alleging specific and actionable misrepresentations by Defendant that are likely to mislead a reasonable consumer into believing that Kona Brewing Co. Beers are brewed in Hawaii.  Furthermore, Plaintiffs have sufficiently alleged claims for fraud and intentional/negligent misrepresentation by pleading specific misrepresentations as well as Defendant's intent to mislead consumers.  Additionally, Plaintiffs' negligent misrepresentation claim is not barred by the economic loss doctrine because California law classifies negligent misrepresentation as a species of fraud for which economic loss is recoverable.  Plaintiffs have sufficiently pled claims for breach of express and implied warranty because they have identified specific promises or affirmations of fact made on the Kona Brewing Co. Beers' packaging.  Moreover, Plaintiffs have standing to bring claims for injunctive relief as they have pled an intent to purchase the Kona Brewing Co. Beers in the future if they were brewed in Hawaii.  Plaintiffs' unjust enrichment claims should not be dismissed based on the duplicity argument advanced by Defendant because that argument has been rejected by the Ninth Circuit.  Finally, Plaintiffs' claims on behalf of the nationwide class should not be dismissed because this

---

[1] Namely, Longboard Island Lager, Big Wave Golden Ale, Fire Rock Pale Ale, Wailua Wheat Ale, Hanalei Island IPA, Castaway IPA, Lavaman Red Ale, Lemongrass Luau, Koko Brown, and Pipeline Porter (hereinafter collectively referred to as the "Kona Brewing Co. Beers").  CCAC ¶ 2.

Court has pendent personal jurisdiction over claims brought on behalf of out-of-state consumers and challenges to class allegations should be addressed at class certification.

## II.   STATEMENT OF FACTS

This class action challenges Defendant's intentional false and misleading packaging and advertising of the Kona Brewing Co. Beers.  *Id.* at ¶ 1.  Plaintiffs allege that Defendant's representations on the Kona Brewing Co. Beers' packaging, such as a map showing the location in Hawaii where the beer is purportedly brewed, the inclusion of the Kona Brewing Co. brewery address, as well as prominent references to and images of Hawaiian culture, history, traditions, and landmarks, mislead reasonable consumers into believing that Kona Brewing Co. Beers are brewed in Hawaii, when they are actually brewed in Oregon, Washington, Tennessee, and New Hampshire.  *Id.* at ¶¶ 26-73.

Plaintiffs and other consumers saw and relied on these deceptive representations in purchasing Kona Brewing Co. Beers, and reasonably believed that the beers were brewed in Hawaii.  *Id.* at ¶¶ 12-14, 91.  Had they known that Kona Brewing Co. Beers were not brewed in Hawaii, they would have paid significantly less for, or would not have purchased, the beer.  *Id.*  As a result, Plaintiffs and other consumers have been deceived and have suffered injury.  *Id.*  Despite being deceived, Plaintiffs would likely purchase Kona Brewing Co. Beers in the future if they were in fact brewed in Hawaii.  *Id.* at ¶ 98.

## III.   LEGAL STANDARD

On a motion to dismiss it is defendant's burden to show that plaintiff cannot state a claim for relief.  *Square 1 Bank v. Lo*, 128 F. Supp. 3d 1257, 1265 (N.D. Cal. 2015); *David v. Baker*, 129 Fed. App'x 358, 360 (9th. Cir. 2005).  For purposes of evaluating a motion to dismiss, all factual uncertainties in the complaint must be construed in the light most favorable to the plaintiff.  *In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 926 (9th Cir. 1996).  The Court will dismiss only those claims for which it appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief.  *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).  Any existing ambiguities must be resolved in favor of the pleading.  *Walling v. Beverly Enters.*, 476 F.2d 393, 396 (9th Cir. 1973).  A claim is plausible on its face "when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## IV.   DEFENDANT'S REQUEST FOR JUDICIAL NOTICE SHOULD BE DENIED IN PART AND REFERENCES TO EARLIER COMPLAINTS SHOULD BE DISREGARDED OR STRICKEN

Defendant has filed a request that the Court take judicial notice of the original complaints filed by Plaintiff Broomfield and Plaintiffs Cilloni and Zimmer prior to this action being consolidated, as well the packaging for the Kona Brewing Co. Beers Plaintiffs purchased.  *See* Def.'s Req. for Judicial Notice ("RJN").   Concurrently with their Opposition to this instant Motion, Plaintiffs are filing an Opposition to Defendant's Request for Judicial Notice, as to Exhibits A and B.  As argued in Plaintiffs' Opposition to Defendant's Request for Judicial Notice, the Court should not take judicial notice of either the Broomfield or Cilloni Complaints, filed prior to the CCAC.  *See* Pls.' Opp. to Def.'s RJN 2-5.  In the alternative, this Court should only take judicial notice of the existence of the Cilloni Complaint and the Broomfield Complaint, and should strike all references to the contents of those Complaints from Defendant's Motion to Dismiss.  *Id.* at 4.  Plaintiffs do not allege that they relied on Kona Brewing Co. Beer labels when purchasing Kona Brewing Co. Beer, but rather on the images and statements on Kona Brewing Co. Beer packaging.  CCAC ¶¶ 12-14.  Furthermore, nowhere in the CCAC do Plaintiffs challenge whether the content of the Kona Brewing Co. Beer labels approved by the Alcohol and Tobacco Tax and Trade Bureau complied with federal law.  Therefore, Defendant's reliance on the contents of Kona Brewing Co. Beer bottle labels in its Motion to Dismiss is misplaced and should be disregarded as irrelevant to this Motion.

## V.   ARGUMENT

### A.   Plaintiffs State Plausible Claims for Relief

Plaintiffs have pled plausible claims for relief because they allege (1) specific, actionable misrepresentations made by Defendant on the Kona Brewing Co. Beers' packaging, (2) that the representations on the Kona Brewing Co. Beers' packaging, in their totality, are false and misleading, and (3) that those misrepresentations led Plaintiffs and reasonable consumers to believe that the Kona Brewing Co. Beers are brewed in Hawaii, when in fact they are not.

### 1.   Plaintiffs Allege Specific, Actionable Misrepresentations

Defendant contends that each of the challenged representations are not actionable because they are mere puffery and cannot plausibly be interpreted as statements of objective fact that the Kona Brewing Co. Beers are brewed exclusively in Hawaii.  *See* Def.'s Mot. to Dismiss at 9-10. However, Plaintiffs have sufficiently identified specific representations on the packaging that indicate the Kona Brewing Co. Beers are brewed in Hawaii.  Plaintiffs allege the following statement on the six-pack and twelve-pack packaging of Kona Brewing Co. Beers is objectively false:

"Kona Brewing Co., Kona, Hawaii 75-5629 Kuakini Highway, Kailua-Kona, Hawaii 96740 (808) 334-1133."  CCAC ¶¶ 32, 37, 42, 47, 52, 57, 60, 64, 67, 72.

To further this misconception, the twelve-pack packaging of the Kona Brewing Co. Beers includes an image of the Hawaiian Islands with Kona Brewing Co.'s brewery identified on the map.  *See*, *e.g.*, *Id.* at ¶ 32.

These representations are specific and non-ambiguous, stating an absolute characteristic of the Kona Brewing Co. Beers – that they are brewed in Hawaii.  As such, these depictions on the product packaging are not puffery, but rather actionable misrepresentations.  *See Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv.*, 911 F.2d 242, 246 (9th Cir. 1990) (quoting *Stiffe Co. v. Westwood Lighting Grp.*, 658 F. Supp. 1103, 1115 (D.N.J. 1987)) ("misdescriptions of specific or absolute characteristics of a product are actionable."); *see also* Cal. Civ. Code § 1770(a)(2), 1770(a)(4); *Kwikset Corp. v. Super. Ct.*, 51 Cal. 4th 310, 328-29 (2011) (finding that representations about characteristics of products, including *"processes and places of origin*," and the particular locale of wine are material) (emphasis added).

Furthermore, even if *arguendo* Defendant is correct that isolated statements such as "Liquid Aloha" are puffery, to assess whether the representations are false or deceptive, courts should view alleged misrepresentations in their totality rather than in isolation.  *See Williams v. Gerber Prods. Co.*, 552 F.3d 934, 939 n.3 (9th Cir. 2008) (representation that product is "nutritious" may amount to puffery, but is not subject to dismissal because it "certainly contributes, however, to the deceptive context of the packaging as a whole"); *Marty v. Anheuser-*

-4-

*Busch Cos., LLC*, 43 F. Supp. 3d 1333, 1342 (S.D. Fla. 2014) (citing *Williams* and holding that representation such as "German Quality" and "Brewed Under the German Purity Law" should not be evaluated "in a vacuum" and should rather be viewed in conjunction with other statements on the packaging of the beers); *Lima v. Gateway, Inc.*, 710 F. Supp. 2d 1000, 1007-08 (C.D. Cal. 2010) (holding that while several of the representations made by the defendant, considered in isolation, may amount to mere puffery, the statements taken as a whole are likely to deceive members of the public); *Johnson v. Gen. Mills, Inc.*, No. SACV 10-00061-CJC(ANx), 2011 U.S. Dist. LEXIS 154213, at *4-6 (C.D. Cal. Mar. 3, 2011) (rejecting defendant's attempt to isolate each particular representation in order to argue that each representation standing alone is non-actionable); *Mullins v. Premier Nutrition Corp.*, 178 F. Supp. 3d 867, 889 (N.D. Cal. 2016) ("The California statutes [plaintiff] invokes recognize claims even where representations may not be misleading in isolation, but are deceptive when considering the package and advertisement as a whole.").

Here, Plaintiffs have alleged that they each relied on numerous representations on the packaging in purchasing the Kona Brewing Co. Beers.  CCAC ¶¶ 12-14.  In a detailed and extensive complaint, Plaintiffs challenge numerous deceptive statements and images found on the Kona Brewing Co. Beers' packaging.  *Id.* ¶¶ 26-72.  Furthermore, Plaintiffs allege that these representations "taken in isolation *and as a whole*, are clearly designed to create the false impression that the Kona Brewing Co. Beers are brewed in Hawaii."  *Id.* ¶ 73 (emphasis added).  Accordingly, the representations challenged by Plaintiffs, when viewed in their totality, are actionable misrepresentations by Defendant that the Kona Brewing Co. Beers are brewed in Hawaii.

Defendant cites *Dumas v. Diageo PLC*, No. 15cv1681, 2016 U.S. Dist. LEXIS 46691, at *1 (S.D. Cal. Apr. 6, 2016) to support its argument that Plaintiffs' allegations are non-actionable puffery.  *See* Def.'s Mot. to Dismiss at 10.  But the plaintiffs' allegations in *Dumas* are distinguishable from the allegations made by Plaintiffs here.  The plaintiffs in *Dumas* challenged several representations on the beer packaging: "Jamaican Style Lager", "The Taste of Jamaica" and the D&G logo.  2016 U.S. Dist. LEXIS 46691, at * 2-3.

The court held that the "mere fact that the word 'Jamaica' and 'Jamaican' appear on the packaging is not sufficient to support a conclusion that consumers would be confused regarding the origin…" and also reasoned that the phrase "Jamaican Style" displayed prominently throughout the packaging indicated that the product was *not* from Jamaica. *Id.* at 9-10. The court opined that references to Jamaica should have been viewed together with the "Jamaican Style" representation. *Id.* at 11.

In contrast, nowhere on the Kona Brewing Co. Beers' packaging does Defendant indicate that the beers are "Hawaiian style" or any other type of similar qualification, as done so by the defendant in *Dumas*. Instead, Defendant's representations extend well beyond mere geographical references such as "Hawaii" or "Kona," to depictions of the Hawaiian brewery location (and address), as well as a myriad of images and phrases that evoke Hawaiian landmarks, culture, and tradition. Plaintiffs have included nearly 20 pages of misrepresentations on the Kona Brewing Co. Beer packaging, including multiple representations directly indicating that the beers are brewed at a brewery in Hawaii. For example, on the top of the twelve-pack packaging there is an image of a map of the major Hawaiian Islands, which depicts the location of the Kona Brewing Co. Brewery on the Big Island. *See* CCAC ¶ 32. Next to this image is the following statement:

"Since 1994, Kona Brewing Company has been committed to making handcrafted ales and lagers of uncompromised quality.  We invite you to visit our *brewery* and pubs whenever you are in Hawaii. Mahalo!" (emphasis added).

CCAC ¶ 32.

Defendant's reference to one brewery in Hawaii (rather than multiple breweries across the continental U.S.), which does not brew any of the Kona Brewing Co. Beers, makes it even more likely that a reasonable consumer would be deceived into believing that Kona Brewing Co. Beers are brewed at the single brewery in Kona, Hawaii.  The impression created by Defendant is exacerbated by Defendant's inclusion of the following address on the packaging: "Kona Brewing Co., Kona, Hawaii.75-5629 Kuakini Highway, Kailua, Kona, Hawaii 96740." *Id.*  Specific misrepresentations like these were completely absent in *Dumas.*  All of these statements and images, when taken together and in context, create the false impression that Kona Brewing Co. Beer is brewed in Hawaii.  As Defendant's employee admitted, the "package really brings Hawaii home…" *Id*. at ¶ 77.

Defendant also relies on two other cases, *Pernod Ricard USA, LLC v. Bacardi, U.S.A, Inc*. 653 F.3d 241 (3rd Cir. 2011) and *Piazza's Seafood World, LLC v. Odom*, 448 F.3d 744, 753 (5th Cir. 2006), to support its argument that "other courts have rejected similar complaints finding that references to a specific location intended to evoke subjective qualities or characteristics cannot be converted to a factual statement as to where the product is from."  Def.'s Mot. to Dismiss at 10.  Both of these cases are inapposite.  *Pernod Ricard USA, LLC* was a Lanham Act case in which the court held that the label "clearly states on the front that the liquor is 'Puerto Rican Rum'" and therefore no reasonable consumer could be mislead as to the location of production, especially since the rest of the label was consistent with that statement.  653 F.3d at 252. Furthermore, the court distinguished the case from other cases "in which the statement of geographic origin in an advertisement is contained in fine print" because "the phrase 'Puerto Rican Rum' is particularly prominent on the front of the bottle."  *Id*. at 252, n.13.  Therefore, the court held the phrase "Havana Club," in the context of the entire label, was not actionable.  *Id*. at 253.  The opinion included the following image of the label for reader context:

*Id.* at 246.

Here, unlike the clear Puerto Rico representation in *Pernod Ricard USA, LLC,* nowhere on Defendant's *packaging* does Defendant disclose that Kona Brewing Co. Beer is brewed in Portland, Oregon, Woodinville, Washington, Portsmouth, New Hampshire, or Memphis, Tennessee.  Instead, the packaging is replete with numerous references to Hawaiian landmarks, culture, and traditions.  Furthermore, if the Court was to look at the entire *package* for context (as done so in *Pernod Ricard USA, LLC*), the Court would find only representations consistent with the notion that the beer is brewed in Hawaii, including the depiction of the location of a brewery in Hawaii along with its address.

In *Piazza's Seafood World, LLC v. Odom*, 448 F.3d 744, 753 (5th Cir. 2006), the Fifth Circuit affirmed the district court's finding that within the context of the test for commercial speech, "Piazza's use of the 'Cajun Boy' and 'Cajun Delight' trade names were only potentially misleading, not actually or inherently misleading, because Piazza largely sells its products to wholesalers and it labels its products with their country of origin."  This case is simply not applicable, as it involved whether a Louisiana statute, as applied, violated Piazza's First Amendment rights.  *Id.*  Furthermore, the products at issue in that case were sold to wholesalers,

not consumers, and were labeled with their country of origin.  *Id.*  As noted above, nowhere on Defendant's product packaging does Defendant state that Kona Brewing Co. Beer is brewed in Portland, Oregon, Woodinville, Washington, Portsmouth, New Hampshire, or Memphis, Tennessee.  To the contrary, Defendant explicitly includes the address of the Kona Brewing Co. brewery in Hawaii.

Defendant summarily contends that Plaintiffs' allegations concerning statements that were made on company earnings calls in 2014 and 2016, and were in Defendant's 10-K report, are not actionable.  *See* Def.'s Mot. to Dismiss at 10.  Defendant misses the mark, as these statements by company employees and statements made in Defendant's own SEC filings are admissions. Plaintiffs included them as evidence of Defendant's intent to deceive consumers through deceptive and misleading packaging and advertising.

Defendant goes on to argue that "even if such statements were actionable, which they are not, Plaintiffs' claims should be dismissed because they do not allege they actually relied on them."  Def.'s Mot to Dismiss at 10-11.  However, a plaintiff does not need to show reliance to sufficiently plead a claim under the UCL.  *People ex rel. Bill Lockyer v. Fremont Life Ins. Co.*, 104 Cal. App. 4th 508, 516-17 (Cal. Ct. App. 2002) ("Under section 17200, the test is whether the public is likely to be deceived.  This means that a section 17200 violation, unlike common law fraud, can be shown even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.") (internal citations omitted).

For the foregoing reasons, Plaintiffs have alleged specific actionable represensations.

### 2. Plaintiffs' CLRA, UCL, and FAL Claims Do Not Fail Because a Reasonable Consumer is Likely to Be Misled into Believing that Kona Brewing Co. Beer is Brewed in Hawaii

Claims under California consumer protection statutes are governed by the "reasonable consumer" test, under which a plaintiff, at trial, must show that members of the public are likely to be deceived by the alleged deception.  *Williams*, 552 F.3d at 938.  But the "reasonable consumer" threshold is low at the motion to dismiss phase.  Under California law, whether a business practice is deceptive will usually be a question of fact not appropriate for decision on a motion to dismiss. *See Henderson v. J.M. Smucker Co.*, No. CV 10-4524-GHK (VBKx), 2011 U.S. Dist. LEXIS

27953, at *10-11 (C.D. Cal. Mar. 17, 2011).  Only in a "rare situation" is a motion to dismiss on California false advertising claims appropriate.  *Williams*, 552 F.3d at 939; *Reid v. Johnson & Johnson*, 780 F.3d 952, 958 (9th Cir. 2015) (same); *Asis Internet Servs. v. Subscriberbase Inc*., No. 09-3503SC, 2010 U.S. Dist. LEXIS 33645, at *5 (N.D. Cal. Apr. 1, 2010) (Whether a reasonable consumer is likely to be deceived "is clearly a question of fact, which is best left for a jury, unless no reasonable trier of fact could conclude otherwise.") (internal citations omitted).

A reasonable consumer is likely to be misled into believing that the Kona Brewing Co. Beers are brewed in Hawaii because, as discussed above, Defendant has made numerous representations on the packaging indicating that the beers are brewed in Hawaii, including the location of the Kona Brewing Co. brewery in Hawaii, as well as multiple statements and images encompassing Hawaiian landmarks, tradition, and history.  Therefore, the representations do not make it "impossible for the plaintiff[s] to prove that a reasonable consumer was likely to be deceived."  *McCrary v. Elations Co., LLC*, No. EDCV 13-0242 JGB (OPx), 2013 U.S. Dist. LEXIS 173591, at *16-17 (C.D. Cal. Apr. 24, 2013) (quoting *Yumul v. Smart Balance, Inc*., 733 F. Supp. 2d 1117, 1129 (C.D. Cal. 2010)).

Despite this, Defendant asks the Court to look beyond the four corn

ers of the CCAC and find, as a matter of law, that the conduct described therein would not mislead a reasonable consumer because such a consumer could not "believe that Kona beers are brewed exclusively in Hawaii when the labels contain a standalone statement identifying all locations where there the beers are brewed: 'KONA, HI · PORTLAND, OR · WOODVILLE, WA · PORTSMOUTH, NH · MEMPHIS, TN.'"  Def.'s Mot. to Dismiss at 12.  This argument fails for several independent reasons.

1) First, Plaintiffs contend throughout this Opposition that their allegations the basis of Defendant's false and deceptive advertising does not involve Kona Brewing Co. Beer labels or the contents of those labels, but rather the representations made on the Kona Brewing Co. Beer packaging.  Therefore, any reference by Defendant to the disclosure, which only appears on the bottle labels**,** should be disregarded by the Court.  *See* Pls.' Opp. to RJN.

2) Second, even if the Court were to consider representations on the label, the impact of a disclosure on a reasonable consumer is not an appropriate matter on a motion to dismiss and should be left for a jury to decide. "California law generally reserves for the jury the question of whether a reasonable consumer is likely to be deceived, and thus a jury should typically review the package as a whole to evaluate the impact of the disclaimer." *Mullins v. Premier Nutrition Corp.*, 178 F. Supp. 3d 867, 892 (N.D. Cal. 2016); *see also Dorfman v. Nutramax Labs., Inc.*, No. 13CV0873 WQH RBB, 2013 U.S. Dist. LEXIS 136949, at *32 (S.D. Cal. Sept. 23, 2013) ("[t]he presence of a disclaimer . . . does not require dismissal of the fraudulent advertising claims."); *Johns v. Bayer Corp.,* No. 09CV1935 DMS (JMA), 2010 U.S. Dist. LEXIS 62804, at *4 (S.D. Cal. June 24, 2010) (refusing to grant a motion to dismiss false advertising claims because the packaging had a disclaimer).

3) Third, Defendant's placement of the disclosure is problematic. In *Williams*, the defendant, as Defendant does here, argued that misleading representations on the front of the product label were cured by accurate statements listed elsewhere on the product label. *Williams*, 552 F.3d at 937. The Ninth Circuit squarely rejected this argument, reversing the district court's order dismissing the plaintiff's UCL and CLRA claims, and holding that a reasonable consumer should not be expected to look beyond misleading representations to discover the truth elsewhere in fine print. *Id.* at 939. Courts in other districts have applied the same reasoning. *See*, *e.g.*, *Ackerman v. Coca-Cola Co.*, CV-09-0395, 2010 U.S. Dist. LEXIS 73156, at *61 (E.D.N.Y. July 21, 2010) (denying motion to dismiss and concluding that the sugar content disclosure on the nutrition label "[did] not eliminate the possibility that reasonable consumers may be misled" regarding its nutritional contents.); *Goldemberg v. Johnson & Johnson Consumer Cos.*, 8 F. Supp. 3d 467, 471 (S.D.N.Y. 2014) (where "advertising exclusively tout[ed]" the natural ingredients in its "Active Naturals" personal care products, the disclosure of synthetic ingredients on the back label did not as a matter of law prevent a reasonable consumer from being misled*)*.

Consumers of the Kona Brewing Co. Beers are even less likely to see the disclaimer than the consumers in *Williams*, *Ackerman,* and *Goldemberg* as the disclaimed information in those cases was on the product labels and was not obscured by packaging that did not contain the same

-11-

disclosure.  In this case, the misrepresentations are on the product packaging, which themselves

cover the purported disclaimer printed on the side of the beer labels, thus requiring consumers to

actually remove the products from the packaging in order to see the disclosure.  *See Delgado v.*

*Ocwen Loan Servicing, LLC*, No. 13-CV-4427 NGG RML, 2014 U.S. Dist. LEXIS 135758, at *8

(E.D.N.Y. Sept. 24, 2014) ("factors such as the font size, placement, or emphasis of a disclaimer

can be relevant to whether the terms and conditions were in fact fully disclosed.").  Plaintiffs

allege, and Defendant admits[2], that nowhere on the six-pack or twelve-pack packaging is there any

type of disclaimer regarding the true locations where Kona Brewing Co. Beers are brewed.  *See*

CCAC ¶¶ 32, 37, 42, 47, 52, 57, 60, 64, 67, 72; *see also* Def.'s Mot. to Dismiss at 7, n. 5.[3]

Particularly relevant here is the decision in *Marty v. Anheuser-Busch Cos, LLC*, 43 F.

Supp. 3d 1333, 1340 (S.D. Fla. 2014), where the plaintiffs challenged claims such as "Originated

in Germany," "German Quality," and "Brewed Under the German Purity Law of 1516."  There,

the court, relying on *Williams*, rejected the defendant's argument that a reasonable consumer is

expected to see a disclaimer on the product label.  The court held,

> "[t]he 'Product of USA' disclaimer is blocked by the carton.  A
> consumer would have to either open the cartons of twelve-pack
> bottles and twelve-pack cans or lift the bottle from the six-pack
> carton in order to see the 'Product of USA' disclaimer.  A
> reasonable consumer is not required to open a carton or remove a
> product from its outer packaging in order to ascertain whether
> representations made on the face of the packaging are misleading."

*Id.* at 1341.

Similarly, reasonable consumers of Kona Brewing Co. Beer are not expected to pull a

bottle out of Defendant's six-pack containers to inspect the fine print on the side of the label and

---

[2] Defendant admits that the packaging for the Kona Brewing Co. Beers purchased by the Plaintiffs do not identify Kona's brewing locations.  Def.'s Mot. to Dismiss at 7, n.5.

[3] Defendant contends that the twelve-pack packaging for the Island Hopper Variety contains a truthful and accurate disclaimer of the Kona brewing locations.  Def.'s Mot. to Dismiss at 7. However, this disclaimer is ambiguous and misleading because it contains the same address of the brewery in Kona, Hawaii that is on all Kona Brewing Co. Beers' packaging, and continues to list Kona, Hawaii as the first of five different brewing locations, despite the fact that none of the Kona Brewing Co. Beers are brewed there.  *Id.*  Furthermore, the top of the twelve-pack Island Hopper Variety packaging contains the following statement: "Kona Brewing Co., Kona, Hawaii 75-5629 Kuakini Highway, Kailua-Kona, Hawaii 96740," indicating that the beers are brewed at that address.

1  fact-check the prominent representations on the product packaging.  Moreover, a reasonable

2  consumer would not be required to pry open the cardboard packaging of Defendant's twelve-pack

3  packages and take out bottles to inspect.

4       The court in *Marty* also held that the disclosure statement on the label "BRAUEREI BECK

5  & CO., BECK'S © BEER, ST. LOUIS, MO" may not alert a reasonable consumer as to the

6  location where Beck's beer is brewed.  *Id.*  Although the statement contained the word "St. Louis,

7  Mo[.]," the court reasoned that there was nothing in the statement which disclosed where Beck's

8  was actually brewed.  *Id.*  Similarly, even if a reasonable consumer was expected to pull out a

9  bottle of Kona Brewing Co. Beer from its packaging, the purported disclosure upon which

10 Defendant relies suffers from the same fundamental defect in *Marty*—while the disclosure lists a

11 number of cities and states, it does not clearly indicate where the beers are actually brewed.

12       Defendant cites to *Nelson v. MillerCoors, LLC*, No. 15-CV-7082, 2017 U.S. Dist. LEXIS

13 67031, at *14 (E.D.N.Y. Mar. 31, 2017), a case involving Foster's beer.  *See* Def.'s Mot. to

14 Dismiss at 12.  In that case, the court clarified the disclaimer rule from *Williams* as follows*:*

15 "disclaimers fail to cure allegedly misleading representations on the front of the packaging only

16 where [1] the alleged representation is clearly stated and [2] the disclaimer is exceedingly vague

17 or requires consumers to make inferences."  The court in *Nelson* went on to hold that "Foster's

18 Beer labels contain an explicit disclaimer as to the place of production" which the court held to be

19 an *accurate* disclosure[4] that "eclipsed" the alleged misrepresentations.  *Id.* at *15-17.  Unlike the

20 beer in *Nelson*, the challenged advertising at issue in this case − the packaging of the Kona

21 Brewing Co. Beer relied on by each of the Plaintiffs − contains absolutely no disclosure as to

22 where the beer is brewed.  Furthermore, if the Court were to consider the product labels here, it

23 would find that the purported disclosure is covered by the packaging of both the six and twelve

24 packs, which was not the case in *Nelson*, where the product was sold in individual cans.[5]  In fact,

25 _____

26 [4] The disclosure in *Nelson* was: "BREWED AND PACKAGED UNDER THE SUPERVISION
   OF FOSTER'S AUSTRLIA LTD., MELBOURNE, AUSTRALIA BY OIL CAL BREWERIES,

27 ALBANY GA AND FORT WORTH TX." 2017 U.S. Dist. LEXIS 67031, at *15.
   [5] To be clear, the Court should not consider the product labels, and Plaintiffs' analysis of the labels

28 does not operate as a waiver of this argument.

the court in *Nelson* distinguished cases such as *Marty* where the disclosure "[w]as not visible to the consumer at the time of purchase," as is the case here.  *Id.* at *15.  Moreover, the disclosure on the labels here is "exceedingly vague or requires consumers to make inferences" under the *Williams* test clarified by *Nelson*.  *Id.* at *14.  Unlike the disclosure in *Nelson*, the disclosure here includes "Kona, Hawaii," the ostensible location of brewing, as well as four other brewing locations, inevitably causing consumer confusion and necessitating inferences as to where exactly the beers are brewed.

Likewise, Defendant's reliance on *Bowring v. Sapporo U.S.A., Inc.*, No. 16-CV-1858, 2017 U.S. Dist. LEXIS 32333 (E.D.N.Y. Feb. 10, 2017), is unfounded.  There, the court focused on the "visible" and "accurate" disclosure statements[6].  As discussed above, the disclosure as to the place of brewing is not on the Kona Brewing Co. Beers' packaging, is not "visible" on the label, and is ambiguous in substance at best.  Therefore, unlike consumers of the beers in *Nelson* and *Bowring*, a reasonable consumer can still be misled by the Kona Brewing Co. Beers' packaging because the disclosure is unclear on the labeling and obscured by the packaging.

Defendant again points to *Dumas*, but its reliance on that case is misplaced in regard to the disclaimer as well.  The Court noted in *Dumas* that the packaging and labeling stated, "[b]rewed and [b]ottled by Red Stripe Beer Company Latrobe, PA."  2016 U.S. Dist. LEXIS 46691, at *15; *see also* Def.'s Mot. to Dismiss at 14.  Unlike in *Dumas*, the Kona Brewing Co. Beer packaging does not list any brewing locations, and the label lists Kona, Hawaii as the first of five breweries and does not make clear that the beer is brewed and bottled at the other locations on the label, instead of Hawaii.  Therefore, a reasonable consumer can nevertheless be misled by the Kona Brewing Co Beer labels because they are unclear as to where the beer is brewed and bottled, and they are also accompanied by misleading packaging.

---

[6] The disclosures in *Bowring* were: "Brewed and Bottled [or Canned] by Sapporo Brewing Company, La Cross WI" and "Brewed and canned [or bottled] by Sapporo Brewing Company, Guelph, Ontario, Canada."  2017 U.S. Dist. LEXIS 32333, at *3-4.

Accordingly, because a reasonable consumer is likely to be misled into believing that the Kona Brewing Co. Beers are brewed in Hawaii, Plaintiffs have sufficiently pled claims under the UCL, FAL, and CLRA.

### 3. Plaintiffs' CLRA Claims Do Not Fail because Plaintiffs Have Identified Affirmative Misrepresentations

One of the enumerated "unfair methods of competition and unfair or deceptive acts or practices" under the CLRA is the use of "deceptive representations or designations of geographic origin in connection with goods."  Cal. Civ. Code § 1770(a)(4); *see also Chavez v. Blue Sky Nat. Beverage Co.*, 340 Fed. Appx. 359, 361 (9th Cir. 2009) (holding that the defendant misrepresented the origin and nature of soda by including "Santa Fe, New Mexico" on label when soda was not bottled and produced in New Mexico).  Plaintiffs have pled that Defendant has done exactly so. Contrary to Defendant's assertion, Plaintiffs have identified a number of deceptive representation and designations of geographic origin made by Defendants on Kona Brewing Co. Beer packaging, which when viewed in isolation (such as an image of a map of the Hawaiian Islands with a star identifying Kona Brewing Co. Brewery, and the address of the brewery in Hawaii) and in their totality, are actionable under the CLRA.  *See* CCAC ¶¶ 26, 32.

In the alternative, to the extent Defendant argues that Plaintiffs' allegations are based on omissions on the packaging, Plaintiffs have adequately pled a fraudulent omission.  Under the CLRA, a plaintiff can bring a cause of action for an omission if it is "contrary to a representation actually made by the defendant."  *Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964, 969 (N.D. Cal. 2008) (quoting *Daugherty v. Am. Honda Motor Co., Inc.*, 144 Cal. App. 4th 824, 835(2006)); *Corzine v. Whirlpool Corp.*, No. 15-cv-05764, 2016 U.S. Dist. LEXIS 152138, at *16 (N.D. Cal. Nov. 2, 2016) (Freeman, J.).  Plaintiffs have alleged that Defendant has made numerous misrepresentations concerning where the Kona Brewing Co. Beers are brewed.  This omission is contrary to the representation on the Kona Brewing Co. Beer packaging that the beer is brewed in Hawaii.  Therefore, Plaintiffs have also pled a cause of action under the CLRA for a fraudulent omission.

**B.**     **Plaintiffs Have Sufficiently Stated Claims for Fraud and Intentional and Negligent Misrepresentation**

Defendant contends that Plaintiffs have not stated claims for fraud or intentional or negligent misrepresentation because "Plaintiffs' Complaint identifies only accurate statements and non-actionable puffery, and does not identify any false statements." *See* Def.'s Mot. to Dismiss at 14-15.     However, as argued above, Plaintiffs have alleged nearly 20 pages of deceptive representations made by Defendant on the Kona Brewing Co. Beers' packaging, which when viewed in isolation (such as an image of a map of the Hawaiian Islands with a star identifying Kona Brewing Co. Brewery, and the address of the brewery in Hawaii) and in their totality, would objectively lead a reasonable person to believe the beers are brewed in Hawaii.  Any argument that identified representations need be "false statements" – to the extent Defendant is advancing this argument – is inconsistent with Ninth Circuit law.  *See Williams*, 552 F.3d at 938 ("The California Supreme Court has recognized that [California false advertising laws] prohibit not only advertising which is false, but also advertising which[,] although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public.") (internal quotations omitted).

Defendant also contends that Plaintiffs could not have justifiably relied on the representations on the packaging because the labels disclose where the products are brewed.  As discussed above, the disclosure on the label is inadequate and will not be seen by a reasonable consumer.  For the foregoing reasons, Plaintiffs have sufficiently stated claims for fraud and intentional or negligent misrepresentation.

**1.**     **Plaintiffs' Fraud and Intentional Misrepresentations Do Not Fail Because Plaintiffs Have Alleged Defendant's Intent to Mislead**

Defendant argues that Plaintiffs have not alleged sufficient facts to demonstrate Defendant's intent to mislead consumers because they simply assert that Defendant concealed the fact that Kona Brewing Co. Beer is not all brewed in Hawaii.  Def.'s Mot. Dismiss at 15.  In doing so, Defendant ignores an entire section of the CCAC titled "**Defendants have manifested their intention of deceiving consumers into believing that the Kona Brewing Co. Beers are brewed**

**in Hawaii.**" *See* CCAC at ¶¶ 74-78.  In this section, Plaintiffs allege that through various public statements, including statements made by Defendant's Chief Marketing Officer and Kona Brewing company's president, Defendant has clearly manifested its intent to create the false impression that Kona Brewing Co. Beers are brewed in Hawaii.  *Id.* ("Kona, our lead brand is positioned as a craft [beer] imported from Hawaii.").  *Id.* at ¶ 77.

### 2.   Plaintiffs' Negligent Misrepresentation Claim is Not Barred by the Economic Loss Doctrine

Defendant also argues that Plaintiffs' negligent misrepresentation claim is barred by the economic loss doctrine because Plaintiffs allege only economic losses.  *See* Def.'s Mot. to Dismiss at 16.  This is an incorrect interpretation of California law.  The economic loss "rule does not apply to Plaintiff's negligent misrepresentation claim [because] 'California law classifies negligent misrepresentation as a species of fraud … for which economic loss is recoverable.'"  *Zakaria v. Gerber Prods. Co.*, No. LA CV15-00200, 2015 U.S. Dist. LEXIS 80428, at \*31 (C.D. Cal. June 18, 2015) (quoting *Kalitta Air, L.L.C. v. Cent. Tex. Airborne Sys., Inc.*, 315 F. App'x 603, 607 (9th Cir. 2008)) (citing *Bily v. Arthur Young & Co.*, 834 P.2d 745, 768 (Cal. 1992); *Robinson Helicopter Co., Inc. v. Dana Corp.*, 102 P.3d 268, 275 & n.7 (Cal. 2004)).  *See also Rejects Skate Magazine, Inc. v. Acutrack, Inc.*, No. C 06-2590, 2006 U.S. Dist. LEXIS 63157, at \*15 (N.D. Cal. Aug. 22, 2006) (holding that the economic loss doctrine does not apply to negligent misrepresentation claims).  Furthermore, this Court should disregard the holding in *Minkler v. Apple Inc.*, 65 F. Supp. 3d 810 (N.D. Cal. 2014) that the economic loss doctrine applies to negligent misrepresentation because *Minkler* (a district court opinion) interprets binding California Supreme Court law differently than the Ninth Circuit did in *Kalitta Air* and *Hannibal Pictures, Inc. v. Sonja Prods. LLC*, 432 Fed. Appx. 700, 701 (9th Cir. 2011) (holding a jury verdict in favor of a negligent misrepresentation claim was not precluded by the economic loss rule where "one party has lied to the other.").  Accordingly, the Court should not dismiss Plaintiffs' negligent misrepresentation claim.

### C.   Plaintiffs Have Sufficiently Alleged a Breach of Express Warranty

To prevail on a breach of express warranty claim under California law, a plaintiff must prove that: (1) "the seller's statements constitute an affirmation of fact or promise or a description of the goods; (2) the statement was part of the basis of the bargain; and (3) the warranty was breached." Cal. Comm. Code § 2313(1); *Brown v. Hain Celestial Grp., Inc.*, 913 F. Supp. 2d 881, 899-900 (N.D. Cal. 2012) (quoting *Weinstat v. Dentsply Int'l, Inc.*, 180 Cal. App. 4th 1213, 1227 (2010)).   "Product advertisements, brochures, or packaging can serve to create part of an express warranty." *Rosales v. FitFlop USA, LLC*, 882 F. Supp.2d 1168, 1178 (S.D. Cal. 2012) (quoting *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prods Liab. Litig.*, 754 F. Supp. 2d 1145, 1183 (C.D. Cal. 2010)).

The inclusion of a map of the Hawaiian Islands with a star marking the location of the Kona Brewing Co. Brewery, and the specific address and phone number of the brewery on the beer packaging is an express warranty that the beer is brewed in Hawaii.   Additionally, Defendant's inclusion of statements and images that reference Hawaiian traditions, culture, and landmarks, when taken together, constitute a description of goods that create an express warranty that Kona Brewing Co. Beer is brewed in Hawaii.   Plaintiffs relied on Defendant's express warranty that Kona Brewing Co. Beer is brewed in Hawaii when purchasing the beers.   CCAC ¶ 147.   Defendant breached this warranty by brewing all of the Kona Brewing Co. Beers in the continental United States.   *Id.* at ¶ 148.

Defendant points to *McKinniss v. Sunny Delight Beverages Co.*, No. CV 07-02034-(JCx), 2007 Dist. LEXIS 96108 (C.D. Cal. Sept. 4, 2007), as being similar to this case.   The court there reasoned that it was "unreasonable to believe that Defendant intended to guarantee the precise fruit content of its products through whimsical depictions of fruit on its product labels." *Id.* at *16. This case is distinguishable from *McKinniss*.   In that case, the court found that defendant's representations were true.   Here, Defendant includes an express warranty, the image of map of the Hawaiian Islands with the star identifying the location of the Kona Brewing Co. Brewery and the address of the brewery on its packaging.   However, none of the Kona Brewing Co. Beers are

-18-

brewed in Hawaii, rendering this express warranty false.  Accordingly, the Court should deny Defendant's request to dismiss Plaintiffs' express warranty claims.

### D.   Plaintiffs Have Sufficiently Alleged a Breach of Implied Warranty

Defendant contends that Plaintiffs have failed to state an implied warranty claim because they "have not alleged any facts showing that Kona beers are not of the same quality as generally accepted in the trade, merchantable, or suitable for a particular purpose."  Def.'s Mot. to Dismiss at 17.  Defendant has misconstrued the pleadings.  Plaintiffs have not alleged a breach of implied warranty based on the above stated provisions of Cal. Comm. Code § 2314.  Defendant focuses its argument and the cases it relies on entirely on these alternative merchantability requirements.

Rather, Plaintiffs' implied warranty claim is predicated on § 2314(2)(f), which provides that "[g]oods to be merchantable must . . . [c]onform to the promises or affirmations of fact made on the container or label if any."  CCAC ¶ 154; Cal. Comm. Code § 2314(2)(f); *see also Hauter v. Zogarts*, 14 Cal. 3d 104, 117-18 (1975) (the implied warranty of merchantability has several meanings, including that the product must conform to the promises or affirmations of fact made on the container or label).  Because the Kona Brewing Co. Beers do not conform to the promises or affirmations of fact that they are brewed in Hawaii, Defendant has violated its implied warranty of merchantability.  CCAC ¶156-57; *see also In re ConAgra Foods, Inc.*, 908 F. Supp. 2d 1090, 1111-12 (C.D. Cal. 2012) (denying motion to dismiss on breach of implied warranty of merchantability claim where plaintiff alleged that product did not conform to representation on its label); *In re 5-hour ENERGY Mktg. & Sales Practices Litig.*, MDL 13-2438, 2017 U.S. Dist. LEXIS 13466, at *37 (C.D. Cal. Jan. 24, 2017) (denying summary judgment on breach of implied warranty of merchantability claim when evidence presented raises a genuine dispute of fact as to whether the product conforms to the "promises or affirmations" on its label).  Accordingly, the Court should deny Defendant's request to dismiss Plaintiffs' implied warranty claims.

### E.   Plaintiffs Have Standing to Seek Injunctive Relief

A plaintiff has standing to pursue injunctive relief when he or she manifests an intention to purchase the challenged products in the future, regardless of plaintiff's awareness of the alleged deception.  *See Ries v. Ariz. Beverages USA LLC*, 287 F.R.D. 523, 533 (N.D. Cal. 2012);

*Henderson,* 2011 U.S. Dist. LEXIS 41077, at *18-20 ("[w]hile Plaintiffs may not purchase the same [] products as they purchased during the class period, because they are now aware of the true content of the products, to prevent them from bringing suit on behalf of a class in federal court would surely thwart the objective of California's consumer protection laws."); *see also Lanovaz v. Twinings N. Am., Inc.,* No. C-12-02646-RMW, 2014 U.S. Dist. LEXIS 1639, at *32 (N.D. Cal. Jan. 6, 2014) (adopting reasoning in *Henderson* and holding that plaintiff has standing to seek injunctive relief); *Spann v. J.C. Penney Corp.,* No. SA CV 12-0215 FMO (RNBx), 2015 U.S. Dist. LEXIS 42545, at *35 (C.D. Cal. Mar. 23, 2015) (same).

In *Ries,* the defendants sought to dismiss plaintiffs' claims for injunctive relief, arguing that "plaintiffs are not threatened by future harm because they are now aware of the contents of [product], and can no longer be deceived." 287 F.R.D. at 533. The court rejected this notion, noting that "were the Court to accept the suggestion that plaintiffs' mere recognition of the alleged deception operates to defeat standing for an injunction, then injunctive relief would never be available in false advertising cases, a wholly unrealistic result." *Id.* (adopting *Henderson*). Ultimately, the court held that plaintiffs had standing to seek class-wide injunctive relief where they had a "stated intent to purchase" the challenged product in the future. *Id.* at 533-34.

A number of other courts have held plaintiffs to a lower injunctive relief pleading standard. *See Dean v. Colgate-Palmolive Co.,* No. EDCV 15-0107 JGB (DTBx), 2015 U.S. Dist. LEXIS 80150, at *20-23 (C.D. Cal. June 17, 2015) (holding that plaintiff has standing to seek injunctive relief even if the plaintiff does not claim that he is still interested in buying the defendant's product); *see also Lilly v. Jamba Juice Co.,* No. 13-cv-02998-JST, 2015 U.S. Dist. LEXIS 34498, at *12 (N.D. Cal. Mar. 18, 2015) (plaintiffs' statement that she "would consider purchasing the products again . . . " was sufficient to confer standing because a mere "willingness to consider a future purchase is sufficient.").

Here, regardless of Plaintiffs' current knowledge, they have adequately attested to having an intention to purchase the Kona Brewing Co. Beers in the future. CCAC ¶ 98 ("Plaintiffs would likely purchase the Kona Brewing Co. Beers in the future if the Kona Brewing Co. Beers were in fact brewed in Hawaii."). Plaintiffs' stated intentions satisfy *Ries* and go beyond those held

-20-

1  sufficient to confer standing in *Dean* and *Lilly*.  Accordingly, the Court should hold that Plaintiffs

2  have standing to pursue injunctive relief.

3       **F.**    **Plaintiffs' Unjust Enrichment Claims Should Not Be Dismissed**

4       Defendant contends that Plaintiffs' claims for equitable relief fail because Plaintiffs have

5  alleged an adequate remedy at law and thus their unjust enrichment claims are duplicative of their

6  statutory claims under the CLRA, UCL, and FAL.  Def.'s Mot. to Dismiss at 20.

7       Despite a divergence of authority in California courts, the Ninth Circuit has recently

8  rejected the "duplicity" argument advanced by Defendant here.  The appellate court in *Astiana v.*

9  *Hain Celestial Grp., Inc.,* 783 F.3d 753, 762 (9th Cir. 2015) recently held that a plaintiff's unjust

10  enrichment claim will not be subject to dismissal based on defendant's argument that an unjust

11  enrichment claim is "duplicative or superfluous" to other claims.  "When a plaintiff alleges unjust

12  enrichment, a court may 'construe the cause of action as a quasi-contract claim seeking

13  restitution.'"  *Id.* (quoting *Rutherford Holdings, LLC v. Plaza Del Rey*, 223 Cal. App. 4th 221, 231

14  (2014)).  *See also Brazil v. Dole Packaged Foods*, *LLC*, 660 F. App'x 531 (9th Cir. 2016) ("The

15  district court did not have the benefit of our decision in *Astiana*, in which we held that unjust

16  enrichment claims may be pleaded in the alternative in quasi-contract").  In *Romero v. Flowers*

17  *Bakeries, LLC*, No. 14-cv-05189, 2015 U.S. Dist. LEXIS 59498, at *26-27 (N.D. Cal. May 6,

18  2015), this Court followed *Astiana* and denied the defendant's motion to dismiss plaintiff's unjust

19  enrichment claim.

20       Here, Plaintiffs have adequately pled a quasi-contract claim.  Plaintiffs allege that

21  Defendant made misleading representations about Kona Brewing Co. Beer, and was unjustly

22  enriched as it retained monies paid to it at the expense of deceived consumers.  This is sufficient

23  under *Astiana*, 783 F.3d at 762 (the plaintiffs' statement that "[defendant] had 'entic[ed]' plaintiffs

24  to purchase their products through 'false and misleading' labeling, and that [defendant] was

25  'unjustly enriched' as a result" is sufficient to state a quasi-contract cause of action).  Accordingly,

26  the Court should deny Defendant's request to dismiss Plaintiffs' unjust enrichment claim.

27

28

**G.**   **The Court Should Not Dismiss Plaintiffs Claims Brought on Behalf of a Nationwide Class**

Defendant contends that Plaintiffs do not have standing to bring claims on behalf of out-of-state members of a Nationwide Class.  *See* Def.'s Mot. to Dismiss at 21.  A motion to dismiss is not the appropriate time to challenge class allegations.  Class allegations generally are not tested at the pleadings stage, and motions to dismiss class allegations "are disfavored because a motion for class certification is a more appropriate vehicle" for arguments about class propriety.  *Thorpe v. Abbott Labs., Inc.*, 534 F. Supp. 2d 1120, 1125 (N.D. Cal. 2008); *see also Brown*, 913 F. Supp. 2d at 888 ("[m]otions to strike are regarded with disfavor, as they are often used as delaying tactics, and should not be granted 'unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation.'") (quoting *Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991)).

A number of courts in this jurisdiction have refused to prematurely dismiss class allegations at the motion to dismiss phase.  *See, e.g.*, *Los Gatos Mercantile, Inc. v. E.I. Dupont De Nemours & Co.*, No. 13-cv-01180, 2015 U.S. Dist. LEXIS 106292, at *106-07 (N.D. Cal. Aug. 11, 2015) (Freeman, J.); *Grodzitsky v. Am. Honda Motor Co.*, No. 2:12-cv-1142-SVW-PLA, 2013 U.S. Dist. LEXIS 33387, at *32-33 (C.D. Cal. Feb. 19, 2013) (denying motion to strike nationwide class allegations, noting that "[d]efendant has yet to file an answer and discovery has not yet begun; given the early stage of the proceedings… it is premature to determine if this matter should proceed as a class action).  Accordingly, this Court should deny Defendant's request to dismiss Plaintiffs' claims on behalf of the nationwide class as premature.

**H.**   **The Nationwide Class Claims Do Not Fail because This Court has Personal Jurisdiction over Defendant as to Claims by Out-of-State Consumers**

There are two types of personal jurisdiction: general and specific.  Plaintiffs only allege that this Court has specific personal jurisdiction over Defendant.  Defendant does not contest that Plaintiffs have alleged sufficient facts showing that this Court has specific personal jurisdiction over Defendant. *See* Def.'s Mot. to Dismiss at 23.  Defendant instead argues that Plaintiffs have

failed to allege sufficient facts establishing specific personal jurisdiction over Defendant as to claims by out-of-state consumers. *Id.*

This Court has personal jurisdiction over Defendant as to claims by out-of-state consumers under pendent personal jurisdiction. Under this doctrine, "a court may assert pendent personal jurisdiction over a defendant with respect to a claim for which there is no independent basis of personal jurisdiction so long as it arises out of a common nucleus of operative facts with a claim in the same suit over which the court does have personal jurisdiction." *Universal Stabilization Techs., Inc. v. Advanced BioNutrition Corp.*, Case No. 17cv87, 2017 U.S. Dist. LEXIS 70090, at *16 (S.D. Cal. May 8, 2017) (quoting *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1180-81 (9th Cir. 2004)). "Such a decision is left to the Court's discretion and relies on 'considerations of judicial economy, convenience and fairness to litigants.'" *Allen v. Similasan Corp.*, No. 12cv0376-BTM-WMC, 2013 U.S. Dist. LEXIS 69369, at *7-8 (S.D. Cal. May 14, 2013) (quoting *Action Embroidery*, 368 F.3d at 1181).

Here, claims by out-of-state putative class members arise out of the same nucleus of operative facts as claimed by Plaintiffs that Defendant packaged the Kona Brewing Co. Beers with false and misleading representations, creating the impression that the beer is brewed in Hawaii. In addition, finding personal jurisdiction in this case advances judicial economy, convenience, and fairness to litigants because the alternative is state by state class actions alleging the same facts against the same Defendant, which is a waste of judicial resources and could result in inconsistent rulings. In *Allen*, the Southern District of California applied the pendent personal jurisdiction doctrine where a plaintiff had purchased the product at issue in another state, and had otherwise not alleged a connection between her transactions and the forum. 2013 U.S. Dist. LEXIS 69369, at *8. The court exercised pendent jurisdiction over the defendant because the claims arose out of the same common nucleus of operative facts as another plaintiff's claims for which the court did have jurisdiction over the defendant. *Id.* This Court should do the same here, and apply the pendent personal jurisdiction doctrine as to claims by out-of-state members of the putative class.

## VI.    <u>CONCLUSION</u>

For the foregoing reasons, the Court should deny Defendant's Motion to Dismiss in its entirety.   Alternatively, if the Court is inclined to grant any portion of Defendant's Motion, Plaintiffs respectfully request that the Court do so without prejudice, and permit Plaintiffs leave to file an amended complaint.

DATED: May 26, 2017                          Respectfully submitted,

**FARUQI & FARUQI, LLP**

By: */s/ Benjamin Heikali*

Barbara A. Rohr No. 273353
Benjamin Heikali No. 307466
10866 Wilshire Blvd., Suite 1470
Los Angeles, CA 90024

**THE WAND LAW FIRM**
Aubry Wand (SBN 281207)
400 Corporate Pointe, Suite 300
Culver City, California 90230

*Attorneys for Plaintiffs*

1

## <u>CERTIFICATE OF SERVICE</u>

2

       I hereby certify that on May 26, 2017, I electronically filed the foregoing with the Clerk of

3

the Court using the CM/ECF system, which will send notification of such filing to the e-mail

4

addresses denoted on the Electronic Mail Notice List.

5

Dated: May 26, 2017          By: *<u>/s/ Benjamin Heikali</u>*

6

                     Benjamin Heikali

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28