United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| THEODORE BROOMFIELD, ET AL., <br> Plaintiffs, <br> v. <br> CRAFT BREW ALLIANCE, INC., et al., <br> Defendants. | Case No. 17-cv-01027-BLF <br><br> **ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR RECONSIDERATION** |

This is a putative class action lawsuit brought by purchasers of Kona beer arising out of Defendant Craft Brew Alliance, Inc.'s ("CBA") alleged misleading marketing and labeling of its product. Before the Court is Plaintiffs' Motion for Reconsideration. *See* Mot., ECF 59. Plaintiffs seek reconsideration of part of the Court's September 1, 2017 Order ("Order") dismissing with prejudice their request for injunctive relief on the grounds that Plaintiffs lack Article III standing to pursue injunctive relief in federal court in this context. *See* Order at 19-23, ECF 44. For the reasons stated herein, the Court GRANTS reconsideration and withdraws that portion of its prior order denying Plaintiffs leave to amend their claim for injunctive relief and the Court's rulings associated with those portions of the Order. CBA's motion to dismiss is GRANTED WITH LEAVE TO AMEND with respect to Plaintiffs' request for injunctive relief.

## I. BACKGROUND

In general, Plaintiffs bring this action against CBA alleging that it packages and markets Kona beer in a manner that is intended to mislead consumers into thinking that the beer is brewed in Hawaii, when it is actually brewed in the mainland United States. *See* Consolidated Class Action Complaint ("Compl.") ¶¶ 23-25, ECF 15. In pursuing various claims under California's consumer protection statutes, Plaintiffs also sought injunctive relief to enjoin CBA from

1  continuing its allegedly false, misleading, and unlawful conduct. *Id*. ¶¶ 8, 121, 135, 142. CBA
2  filed a motion to dismiss the Consolidated Complaint, arguing that Plaintiffs lacked Article III
3  standing to pursue injunctive relief in federal court. *See* MTD at 18-20, ECF 16.

4  On August 3, 2017, the Court heard argument on CBA's motion to dismiss. On September
5  1, 2017, the Court granted in part and denied in part CBA's motion. *See* Order, ECF 44. In
6  relevant part, the Court granted CBA's motion to dismiss Plaintiffs' request for injunctive relief
7  and did not afford Plaintiffs leave to amend. *Id*. at 23. The Court reasoned that Plaintiffs' sole
8  allegation that "[d]espite being misled by Defendants, Plaintiffs would likely purchase the Kona
9  Brewing Co. Beers in the future if the Kona Brewing Co. Beers were in fact brewed in Hawaii,"
10 was insufficient to confer standing to pursue injunctive relief in federal court. *See* Compl. ¶ 98. In
11 denying leave to amend, the Court explained that because Plaintiffs are now aware of the reality of
12 Kona's production process of the beers on the mainland, "there is simply no likelihood that
13 Plaintiffs will be deceived into purchasing Kona beer again under the assumption that it is
14 imported from Hawaii." *See* Order at 21. Thus, the Court found that amendment of the pleadings
15 would be futile because Plaintiffs could not establish a real and immediate threat of repeated
16 injury now that they know where Kona beer is brewed. *Id*. at 22.

17 On October 27, 2017, Plaintiffs filed a motion for leave to file a motion for reconsideration
18 in accordance with Civil Local Rule 7-9. *See* ECF 57. In doing so, Plaintiffs brought a recent
19 Ninth Circuit case to the Court's attention: *Davidson v. Kimberly-Clark Corp*., 873 F.3d 1103 (9th
20 Cir. 2017). Plaintiffs argued that the Ninth Circuit's ruling on the request for injunctive relief in
21 *Davidson*, which came down on October 20, 2017, represents a material change of binding
22 precedent that occurred after this Court issued its September 1, 2017 Order. Finding the Ninth
23 Circuit case to be adequate grounds to consider reconsideration of its Order dismissing Plaintiffs'
24 claims for injunctive relief with prejudice, the Court granted Plaintiffs leave to file their motion for
25 reconsideration and provided CBA with an opportunity to respond. *See* ECF 58.

26 Plaintiffs' motion for reconsideration is now fully briefed. *See* Mot.; Opp'n, ECF 60. The
27 Court has reviewed the Ninth Circuit's decision in *Davidson*, the Consolidated Complaint, and the
28 arguments from both Parties. For the reasons that follow, Plaintiffs' motion for reconsideration is

2

GRANTED with respect to this Court's dismissal of their injunctive relief request *with prejudice*. The Court finds that although the pleadings remain inadequate, Plaintiffs should be afforded leave to amend to allege an ongoing and redressable injury sufficient to confer Article III standing, as such amendment would not be futile in light of *Davidson*.

## II. LEGAL STANDARD

Trial courts have the inherent power to reconsider, set aside, or amend interlocutory orders at any time prior to the entry of a final judgment. Fed. R. Civ. P. 54(b). The substantive standard governing reconsideration of an interlocutory order is the same as that which governs motions to alter or amend judgment under Rule 59(e). Motions for reconsideration are disfavored and "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1254 (9th Cir. 1999) (per curiam) (internal quotation and citation omitted). Furthermore, "[a] motion for reconsideration 'may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

## III. DISCUSSION

A few weeks after this Court issued its Order which, in relevant part, dismissed Plaintiffs' request for injunctive relief without leave to amend, the Ninth Circuit handed down its decision in *Davidson v. Kimberly-Clark Corporation*, 873 F.3d 1103 (9th Cir. 2017). Plaintiffs move for reconsideration of only the portion of the Court's September 1, 2017 Order dismissing Plaintiffs' request for injunctive relief with prejudice. *See generally* Mot. Plaintiffs argue that *Davidson* is an intervening change of controlling law that is "dispositive on the issue of standing to pursue injunctive relief in false advertising consumer class actions." Mot. at 2. CBA urges the Court to deny reconsideration of its Order, arguing that Plaintiffs' interpretation of *Davidson* is flawed. CBA adds that nothing in *Davidson* alters the Court's rationale for dismissing Plaintiffs' injunctive relief claims because the Consolidated Complaint in this case alleges only that Plaintiffs

3

1 would purchase a hypothetical Kona beer that was brewed in Hawaii in the future, which remains
2 inadequate even in light of *Davidson*. *See* Opp'n at 1.

*Davidson* involved the labeling and sale of pre-moistened wipes that the consumer plaintiff alleged were falsely marketed as "flushable." 873 F.3d at 1107. The consumer alleged that she paid a premium for the wipes that were labeled flushable on the package compared to those wipes that were not labeled flushable. *Id*. In ruling on the defendant's motion to dismiss in *Davidson*, the district court originally held that the consumer lacked standing to assert a claim for prospective injunctive relief because "she has indicated she has no intention of purchasing the same Kimberley–Clark product in the future. Thus, leave to amend would be futile." *Davidson v. Kimberly-Clark Corp.*, 76 F. Supp. 3d 964, 969 (N.D. Cal. 2014), *rev'd and remanded*, 873 F.3d 1103 (9th Cir. 2017). Similarly, in its prior Order, this Court held that because Plaintiffs did not allege that they would purchase Kona beer as it is currently made in the future, "Plaintiffs have not and cannot establish" Article III standing. *See* Order at 22.

In *Davidson*, the Ninth Circuit reversed the district court's dismissal of the consumer's injunctive relief claims, finding that the consumer had "properly alleged that she faces a threat of imminent or actual harm by not being able to rely on [defendant's] labels in the future, and that this harm is sufficient to confer standing to seek injunctive relief." 873 F.3d at 1113. The Ninth Circuit recognized that its decision resolved a decisive split among district courts that had developed with respect to whether a previously deceived consumer who brings a false advertising claim can allege that her inability to rely on advertising in the future is an injury sufficient to confer Article III standing to seek injunctive relief. *Id*. ("With no guidance from our court, district courts applying California law have split dramatically on this issue.")

In resolving the split among district courts, the Ninth Circuit came down in favor of the reasoning in *Ries v. Arizona Beverages USA LLC*, 287 F.R.D. 523, 527 (N.D. Cal. 2012). The harm identified by the court in *Ries* was that the consumer plaintiff would not be able to rely on the representations on the product packaging with any confidence in the future. The Ninth Circuit unequivocally adopted *Ries* and stated: "Today, we resolve this district court split in favor of plaintiffs seeking injunctive relief." *Davidson*, 873 F.3d at 1115. The Ninth Circuit explained that

4

in some cases, a consumer's ongoing injury may consist of allegations that the consumer will be unable to rely on the product's advertising or labeling in the future; or it may be allegations that the consumer might purchase the product in the future as she "may reasonably, but incorrectly, assume the product was improved." *Id*. The Court agrees with Plaintiffs that *Davidson*'s approval of *Ries* and clear instruction that injunctive relief must be available to consumers in some instances, requires this Court to reconsider its dismissal of Plaintiffs claims with prejudice. Indeed, this Court's prior order found that *Ries* and similar cases were not persuasive on the issue of injunctive relief. *See* Order at 21.

At the very least, this Court recognizes that Plaintiffs should have been afforded leave to amend their request for injunctive relief. The Ninth Circuit clearly held that there must be *some* circumstances where injunctive relief is available to a consumer who learns that a label is false after purchasing a product. *Davidson*, 873 F.3d at 1115. This Court also recognizes that its Order dismissing Plaintiffs' injunctive relief claims with prejudice creates an "anomaly" that the Ninth Circuit viewed with disfavor. That is to say, preventing a consumer from seeking injunctive relief under California's consumer protection laws in federal court would render such consumer protection laws "effectively gutted" since a defendant would remove any state court action to federal court and prevent the previously deceived consumer from satisfying Article III standing. *Id*. at 1116. This would result in a "perpetual loop" whereby defendants could remove cases involving state law consumer protection claims to federal court, and the federal court would then dismiss the injunctive relief claims for lack of standing. *Id*. Although the Ninth Circuit made clear that its decision was independent from its desire to end this "perpetual loop," this Court agrees that its previous ruling dismissing Plaintiffs' injunctive relief claims with prejudice feeds into this perpetual loop and warrants reconsideration in light of *Davidson*'s controlling precedent.

But the inquiry does not end there. The Court also finds persuasive CBA's argument that Plaintiffs in this case have failed "to plead the requisite plausible allegations necessary to satisfy" the scenarios of future harm set forth in *Davidson*. Opp'n at 3. Just as the Ninth Circuit did in *Davidson*, this Court must review Plaintiffs' allegations in the Consolidated Complaint. Plaintiffs sole allegation supporting their request for injunctive relief is that "[d]espite being misled by

5

Defendants, Plaintiffs would likely purchase the Kona Brewing Co. Beers in the future if the Kona Brewing Co. Beers were in fact brewed in Hawaii." Compl. ¶ 98; *see also* Mot. at 3. On a motion to dismiss, the Court accepts this allegation as true, however the Court need not accept Plaintiffs' additional arguments made in their motion for reconsideration that attempt to re-write their pleading. Without pointing to any additional allegations in their Complaint, Plaintiffs argue that they "cannot rely on Defendant's advertising due to its prior misrepresentations" and that they are "unwilling to purchase" Kona beer because Plaintiffs will not know when or whether the products are brewed in Hawaii in the future. *See* Mot. at 3. The Court considers only the well-pled allegation in the Consolidated Complaint itself that Plaintiffs would purchase Kona beer if it was in fact brewed in Hawaii, and finds that even under *Davidson*, this allegation is insufficient to establish Article III standing to pursue injunctive relief.

Plaintiffs argue that their allegations are "materially identical" to the consumer's allegations in *Davidson* that she would purchase truly flushable wipes manufactured by the defendant if it were possible to determine prior to purchase if the wipes were suitable to be flushed. Mot. at 3. The allegations presented here are not equivalent to those in *Davidson*. For example, the Consolidated Complaint contains absolutely no allegation that Plaintiffs have a current desire to purchase Kona beer but have no way to determine whether the representations on the packaging are true, or that Plaintiffs might purchase Kona beer under an incorrect assumption that the product is now brewed in Hawaii.

Importantly, the complaint in *Davidson* included an allegation that the consumer regularly visits stores where the defendant's "flushable" wipes are sold, and is continually presented with the product but has "no way of determining whether the representation 'flushable' is in fact true." *Davidson*, 873 F.3d at 1116. The Ninth Circuit held *that* allegation, which is not present in Plaintiffs' Consolidated Complaint, constituted a certainly impending threatened injury that establishes Article III standing to assert a claim for injunctive relief. *Id*. Moreover, the Ninth Circuit recognized that based on the pleadings, even that allegation presented a "close question." *Id*. Thus, the Court has no trouble determining that Plaintiffs' sole allegation that they would purchase Kona beer if it were in fact brewed in Hawaii is an insufficient injury under *Davidson*.

In short, the Court agrees with Plaintiffs that *Davidson* made clear that injunctive relief for consumers must be possible in certain circumstances, such as when a consumer faces an actual and imminent threat of future injury because he or she is (1) unable to rely on the defendant's representations in the future; or (2) may purchase the mislabeled product (as is) in the future. 873 F.3d at 1114. However, Defendants are correct that Paragraph 98 of the Consolidated Complaint does not allege either type of injury.

In light of the clear guidance from *Davidson* that deceived consumers must have a federal remedy for their injunctive relief claims in certain circumstances, the Court GRANTS Plaintiffs' motion for reconsideration of the portion of its September 1, 2017 Order dismissing their request for injunctive relief without leave to amend. The Court withdraws that portion of its Order denying Plaintiffs leave to amend their claim for injunctive relief. *See* Order at 21:6-23:3. Therefore, CBA's motion to dismiss is GRANTED WITH LEAVE TO AMEND with respect to Plaintiffs' request for injunctive relief. Plaintiffs may file an amended complaint that adequately alleges an actual, imminent, and ongoing injury in line with the guidance from *Davidson*.

Plaintiffs may file an amended complaint curing the deficiencies identified in this Order **on or before December 18, 2017.** The Court reiterates that leave to amend is granted only with respect to Plaintiffs' request for injunctive relief.

**IT IS SO ORDERED.**

Dated: November 27, 2017

_____
BETH LABSON FREEMAN
United States District Judge