**FARUQI & FARUQI, LLP**
Benjamin Heikali (SBN 307466)
10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90024
Telephone: (424) 256-2884
Facsimile: (424) 256-2885
E-mail: bheikali@faruqilaw.com

**THE WAND LAW FIRM**
Aubry Wand (SBN 281207)
400 Corporate Pointe, Suite 300
Culver City, California 90230
Telephone: (310) 590-4503
Facsimile: (310) 590-4596
E-mail: awand@wandlawfirm.com

[Additional counsel listed on signature block]

*Attorneys for Plaintiffs Theodore Broomfield, Simone Zimmer and the putative classes*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| THEODORE BROOMFIELD, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>CRAFT BREW ALLIANCE, INC.,<br><br>Defendant. | CASE NO.: 5:17-cv-01027-BLF<br><br>**CLASS ACTION**<br><br>**FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>1. **Violation of California Consumer Legal Remedies Act**<br>2. **Violation of California Unfair Competition Law**<br>3. **Violation of California False Advertising Law**<br>4. **Common Law Fraud**<br>5. **Intentional Misrepresentation**<br>6. **Negligent Misrepresentation**<br>7. **Unjust Enrichment and Common Law Restitution**<br><br>**DEMAND FOR JURY TRIAL** |

-1-

1  Plaintiffs Theodore Broomfield and Simone Zimmer, (collectively, the "Plaintiffs"), on

2  behalf of themselves and all others similarly situated, bring this class action against Defendant

3  Craft Brew Alliance, Inc. d/b/a Kona Brewing Co. (collectively, the "Defendant"), seeking

4  monetary damages, injunctive relief, and other remedies.  Plaintiffs make the following allegations

5  based on the investigation of their counsel and on information and belief, except as to allegations

6  pertaining to Plaintiffs individually, which is based on their personal knowledge.

7  **INTRODUCTION**

8  1.  Through false and deceptive packaging and advertising, Defendant intentionally

9  misleads consumers into believing that Kona Brewing Co. brand beers are brewed in Hawaii.  In

10  reality, these beers are brewed in the continental United States.[1]

11  2.  The falsely advertised beers at issue in this action include, but are not limited to,

12  Kona Brewing Co. brand Longboard Island Lager, Big Wave Golden Ale, Fire Rock Pale Ale,

13  Wailua Wheat Ale, Hanalei Island IPA, Castaway IPA, Lavaman Red Ale, Lemongrass Luau,

14  Koko Brown, and Pipeline Porter (hereinafter, collectively referred to as the "Kona Brewing Co.

15  Beers").

16  3.  At all relevant times, Defendant has packaged, advertised, marketed, distributed,

17  and sold the Kona Brewing Co. Beers to consumers via retail stores and restaurants throughout the

18  continental United States based on the misrepresentation that the Kona Brewing Co. Beers are

19  brewed in Hawaii.  However, none of the Kona Brewing Co. Beers that are available for sale in

20  the continental United States are brewed by Defendant in Hawaii.  Rather, the Kona Brewing Co.

21  Beers are brewed by Defendant in Oregon, Washington, Tennessee, and New Hampshire.

22  4.  Defendant intentionally plays on the false impression that the Kona Brewing Co.

23  Beers are brewed in Hawaii and then imported to the continental United States.  Craft Brew

24  Alliance, Inc.'s Chief Marketing Officer recently admitted so on the company's third quarter 2016

25  earnings call by stating: "I'd also like to remind everyone again about why the Kona brand is

26  special among the over 5,000 craft brands available in the U.S.  First, *the Kona brand plays like a*

27

28  [1] Kona Brewing Co.'s draft beers sold in Hawaii are brewed in Hawaii.

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

*craft brand imported from Hawaii* and has the benefit of being a lifestyle, a craft and an important play… Kona's performance in California highlights ***Kona's ability trends in craft localness and play as an imported craft brand from Hawaii***."[2] (emphases added).

5. Plaintiffs and other consumers purchased the Kona Brewing Co. Beers because they reasonably believed, based on Defendant's packaging and advertising that the Kona Brewing Co. Beers are brewed in Hawaii. Had Plaintiffs and other consumers known that the Kona Brewing Co. Beers were not brewed in Hawaii, they would not have purchased the Kona Brewing Co. Beers or would have paid significantly less for them. As a result, Plaintiffs and other consumers have been deceived and have suffered economic injury.

6. Plaintiffs seek relief in this action individually, and on behalf of all other similarly situated individuals who purchased the Kona Brewing Co. Beers during the relevant statute of limitations period, for violations of California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq.*, California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.,* California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, *et seq.*, and for common law fraud, intentional misrepresentation, negligent misrepresentation, and unjust enrichment.

7. Plaintiffs seek to represent a Nationwide Class, a California Subclass, and a California Consumer Subclass (defined *infra* in paragraph 96) (hereinafter, collectively referred to as "Classes").

8. As a result of the unlawful scheme alleged herein, Defendant has been able to overcharge Plaintiffs and other consumers for beer, induce purchases that would otherwise not have occurred, and/or obtain wrongful profits. Defendant's misconduct has caused Plaintiffs and other consumers to suffer monetary damages. Plaintiffs, on behalf themselves and other similarly situated consumers, seek damages, restitution, declaratory and injunctive relief, and all other remedies provided by applicable law or this Court deems appropriate.

---

[2] https://seekingalpha.com/article/4019249-craft-brew-alliances-brew-ceo-andrew-thomas q3-2016-results-earnings-call-transcript (last visited on April 7, 2016).

**JURISDICTION AND VENUE**

9.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because Plaintiffs are citizens of the State of California, Defendant is a citizen of the State of Oregon and the State of Washington, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  This Court also has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2), because this is a class action filed under Rule 23 of the Federal Rules of Civil Procedure, there are thousands of proposed Class members, the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs, and Defendant is a citizen of a state different from that of Plaintiffs and members of the proposed Classes.

10.      This Court has personal jurisdiction over Defendant because Defendant has sufficient minimum contacts with the State of California, and/or otherwise intentionally avail themselves of the markets in the State of California through the promotion, marketing, and sale of Kona Brewing Co. Beers in this State to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

11.      Venue is proper in this District under 28 U.S.C. § 1391(a)-(d) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

**PLAINTIFFS**

12.      Plaintiff Theodore Broomfield is a citizen of the United States and the State of California, and he currently resides in the County of San Francisco.  In February of 2017, Mr. Broomfield purchased a twelve-pack of Longboard Island Lager from Walgreens in San Francisco.  In purchasing the Longboard Island Lager, Mr. Broomfield saw and relied on the packaging of the Longboard Island Lager.  Specifically, Mr. Broomfield saw and relied on the following illustrations and representations on the packaging: a beach, surfers, surfboards, "Longboard Island Lager," "Liquid Aloha," and an image of a map of the major Hawaiian Islands, which depicts the location of the Kona Brewing Co. Brewery on the Big Island.  Based on these representations, Mr. Broomfield believed he was purchasing a beer brewed in Hawaii.  However,

unbeknownst to Mr. Broomfield, Longboard Island Lager, like the other Kona Brewing Co. Beers, was not brewed in Hawaii, but was instead brewed in the continental United States.

13.     Mr. Broomfield would not have purchased the Longboard Island Lager or would have paid significantly less for it had he known that it was brewed in the continental United States. Therefore, Mr. Broomfield suffered injury in fact and lost money as a result of Defendant's misleading, false, unfair, and fraudulent practices, as described herein. Despite being misled by Defendant, Mr. Broomfield wishes to and is likely to continue purchasing the Kona Brewing Co. Beers in the future if they were brewed in Hawaii. To this day, Mr. Broomfield regularly shops at stores where Kona Brewing Co. Beers are sold. On some of these occasions, Mr. Broomfield would like to buy the Kona Brewing Co. Beers, but has refrained from doing so because he cannot rely with any confidence on Defendant's representations regarding the Hawaii-origin of the beer, especially since he was deceived in the past by Defendant. While Mr. Broomfield currently believes that the Kona Brewing Co. Beers are not brewed in Hawaii, he lacks personal knowledge as to Defendant's brewing practices, which may change over time, leaving room for doubt in his mind as to whether Kona Brewing Co. Beers are brewed in Hawaii. This uncertainty, coupled with his desire to purchase the Kona Brewing Co. Beers, is an ongoing injury that can and would be rectified by an injunction enjoining Defendant from making the false and/or misleading representations alleged herein.

14.     Plaintiff Simone Zimmer is a citizen of the United States and the State of California, and she currently resides in the County of San Bernardino.  Plaintiff Zimmer has regularly purchased the Kona Brewing Co. Beers over the relevant Class Period, including, but not limited to, six-packs of the Fire Rock Pale Ale, the Big Wave Golden Ale, and the Island Hopper Variety twelve-pack (which includes Big Wave Golden Ale, Longboard Island Lager, Fire Rock Pale Ale, and Castaway IPA).  Ms. Zimmer's most recent purchase of the Kona Brewing Co. Beers was the Island Hopper Variety twelve-pack in or around January 2017.  During the relevant Class Period, Ms. Zimmer purchased the Kona Brewing Co. Beers at various retailers in San Bernardino, California, including Ralph's and Rite-Aid.  In purchasing the Kona Brewing Co. Beers, Ms. Zimmer saw and relied on the packaging of the Kona Brewing Co. Beers.  Specifically,

-5-

Ms. Zimmer saw and relied on the following illustrations and representations on the packaging of the Fire Rock Pale Ale: an erupting volcano, an ocean, and "Fire Rock Pale Ale."  Ms. Zimmer also saw and relied on the following illustrations and representations on the packaging of the Big Wave Golden Ale: blue water, waves, an outrigger canoe, and "Big Wave Golden Ale."  In addition, Ms. Zimmer also saw and relied on the following illustrations and representations on the packaging of the Island Hopper Variety Pack: the ocean, the volcano in the background, the images of the four different beers, and an image of a map of the major Hawaiian Islands, which depicts the location of the Kona Brewing Co. Brewery on the Big Island.  Based on these representations, Ms. Zimmer believed that each of the Kona Brewing Co. Beers she purchased was brewed in Hawaii.  However, unbeknownst to Ms. Zimmer, the Kona Brewing Co. Beers she purchased were not brewed in Hawaii, but instead were brewed in the continental United States.

15.    Ms. Zimmer would not have purchased the Kona Brewing Co. Beers or would have paid significantly less for the Kona Brewing Co. Beers had she known that the Kona Brewing Co. Beers were brewed in the continental United States.  Therefore, Ms. Zimmer suffered injury in fact and lost money as a result of Defendant's misleading, false, unfair, and fraudulent practices, as described herein. Despite being misled by Defendant, Ms. Zimmer wishes to and is likely to continue purchasing the Kona Brewing Co. Beers in the future if they were brewed in Hawaii. To this day, Ms. Zimmer regularly shops at stores where Kona Brewing Co. Beers are sold. On some of these occasions, Ms. Zimmer would like to buy the Kona Brewing Co. Beers, but refrains from doing so because she cannot rely with any confidence on Defendant's representations regarding the Hawaii-origin of the beer, especially since she was deceived in the past by Defendant. While Ms. Zimmer currently believes that the Kona Brewing Co. Beers are not brewed in Hawaii, she lacks personal knowledge as to Defendant's brewing practices, which may change over time, leaving room for doubt in her mind as to whether Kona Brewing Co. Beers are brewed in Hawaii. This uncertainty, coupled with her desire to purchase the Kona Brewing Co. Beers, is an ongoing injury that can and would be rectified by an injunction enjoining Defendant from making the false and/or misleading representations alleged herein.

1

**DEFENDANTS**

2        16.    Defendant Craft Brew Alliance, Inc. (d/b/a Kona Brewing Co.) is a Washington

3 corporation with its principle place of business at 929 North Russell Street, Portland, Oregon

4 97227-1733.  Defendant Craft Brew Alliance, Inc. acquired Kona Brewing Co., Inc., in 2010.[3]

5 According to a December 9, 2015 filing with the Oregon Secretary of the State, Defendant Craft

6 Brew Alliance, Inc. is responsible for the production, marketing, and sales of craft brewed beer.

7                        **FACTUAL ALLEGATIONS**

8 **A.        Background**

9        17.    Kona Brewing Co., Inc. began brewing beer in Hawaii in 1994.[4]

10        18.    Defendant is a publicly traded company and it "is the sixth largest craft brewing

11 company in the U.S. and a leader in brewing, branding, and bringing to market some of the world-

12 class American craft beers."[5]  In addition to acquiring Kona Brewing Co., Inc. in 2010, Defendant

13 operates the following brands: Red Hook, Widmer Brothers, Omission, and Square Mile Cider

14 Company.

15        19.    A spokesperson for Defendant was quoted in an Associated Press article admitting

16 that all packaged Kona Brewing Co. Beers are produced in Oregon, Washington state, New

17 Hampshire, and Tennessee.  The spokesperson also admitted that a Kailua-Kona, Hawaii brewery

18 produces draft beer that's sold in Kona Brewing pubs and elsewhere in the islands.[6]

19        20.    In fact, Defendant's Hawaiian brewery only has a 10,000 barrel[7] capacity per year.[8]

20 This is in comparison to a 630,000 barrel capacity at their Oregon brewery, a 220,000 barrel

21

22 [3] Craft Brew Alliance, Inc., Annual Report (Form 10-K) p. 1 (Mar. 31, 2011).

23 [4] Craft Brew Alliance, Inc., Annual Report (Form 10-K) p. 4 (Mar. 16, 2017) (hereinafter "2016
10-K").

24 [5] *Id.* at 2.

25 [6] http://bigstory.ap.org/article/5a1d5beaa14e4ebd86aa6641c1540503/suit-kona-brewing-dupes-
drinkers-seeking-hawaii-made-beer (last visited on April 7, 2017).
26

27 [7] According to standard measurements, one barrel (or keg) of beer is equivalent to approximately
165 twelve ounce bottles.

28 [8]  2016 10-K at 19.

-7-

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

capacity at their Washington brewery, a 100,000 barrel capacity at the Tennessee brewery and a 215,000 barrel capacity at their New Hampshire brewery.[9]   Defendant then distributes its beer throughout the continental United States through a distribution agreement with Anheuser-Busch, LLC.[10]

21.     As of December 21, 2016, Anheuser-Busch, LLC owned approximately 31.5% of Craft Brew Alliance, Inc.[11]   Anheuser-Busch is the world's largest producer of alcoholic beverages and it controls approximately 45 percent of the U.S. beer market.[12]

22.     The Kona Brewing Co. Beers are sold across California and the United States at grocery chains, pharmacy chains, myriad liquor stores and mom and pop stores, and large retail outlets including, but not limited to, Walgreens Pharmacy, Rite-Aid Pharmacy, CVS Pharmacy, Safeway, Ralphs, 7-Eleven, Walmart, BevMo!, Target, and Buy–Rite Liquors.  The Kona Brewing Co. Beers consist of at least the following ten varieties:

a.  Longboard Island Lager;
b.  Big Wave Golden Ale;
c.  Fire Rock Pale Ale;
d.  Wailua Wheat Ale;
e.  Hanalei Island IPA;
f.  Castaway IPA;
g.  Lavaman Red Ale;
h.  Lemongrass Luau;
i.  Koko Brown; and
j.  Pipeline Porter.

**B.      The packaging and marketing of the Kona Brewing Co. Beers are misleading to reasonable consumers**

23.     The packaging and marketing of the Kona Brewing Co. Beers are misleading to reasonable consumers, including Plaintiffs and other Class members.

---

[9] *Id.*

[10] *Id.* at 7.

[11] *Id.* at 10.

[12] http://www.chicagotribune.com/business/ct-megabrew-ab-inbev-sabmiller-merger-20161010-story.html (last visited on April 7, 2017).

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

24.     Defendant deceptively advertises the Kona Brewing Co. Beers as craft beer brewed in Hawaii in order to exploit strong consumer sentiment for Hawaiian-made goods, such as beer.

25.     In order to maximize profits, Defendant has capitalized on the Hawaiian brand image of Kona Brewing Company.  The overall brand image of the Kona Brewing Co. Beers revolves around their purported Hawaiian origins.  In order to create the impression that the Kona Brewing Co. Beers are brewed in Hawaii, Defendant makes references to and depicts images of Hawaiian landmarks, traditions, history, and culture.  In essence, Defendant intentionally misleads consumers into believing that a small brewery in Hawaii – which it owns and operates – brews all of the Kona Brewing Co. Beers that Defendant sells on the mainland.  This is untrue.

***Representations on all Kona Brewing Co. Beers:***

26.     The false and misleading representations that are on all of the Kona Brewing Co. Beers' packaging and marketing include, but are not limited to, the following:

> a.  On the top of the packaging of the twelve-packs, an image of a map of the major Hawaiian Islands, which depicts the location of the Kona Brewing Co. Brewery on the Big Island;[13]
>
> b.  An image of the Hawaiian island chain embossed into the front of each bottle;
>
> c.  The phrase "Liquid Aloha" embossed into the front of each bottle;
>
> d.  On the top of the packaging of the twelve-packs, the following statement: "We invite you to visit our ***brewery*** and pubs whenever you are in Hawaii. MAHALO!" (emphasis added);[14] and
>
> e.  Images of orchid flowers and palm trees on the packaging.

27.     Furthermore, Defendant has implemented a multi-million dollar integrated marketing campaign which further reinforces the notion that the Kona Brewing Co. Beers are brewed in Hawaii. Among this campaign is a series of 30-second "Dear Mainland" television commercials which were shot in Hawaii in a lushly tropical backdrop. The commercials feature

---

[13] See representative image, infra, paragraph 32.

[14] See representative image, infra, paragraph 32.

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

two Hawaiian residents drinking Kona beer, addressing the mainland United States and offering comical island-style alternatives to common mainland customs. The commercials conclude with close up images of Kona beer bottles and the phrase "Kona Brewing Co. Kona Hawaii" prominently across the screen:[15]



_____

[15] https://www.youtube.com/watch?v=PAJdan1yZH8 (last visited on April 7, 2017).

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT



**_Additional representations on Kona Brewing Co. Beers:_**

28. Each of the Kona Brewing Co. Beers also include false and misleading representations that reinforce the overall image that the beer is brewed in Hawaii:

Longboard Island Lager

29. The name Long Board Island Lager refers to longboard surfing, a type of surfing that was born in Hawaii. When one thinks of Hawaii, surfing and the ocean are two images that immediately come to mind.

30. The packaging of this beer includes an image of Waikiki Beach, longboard surfboards, and individuals surfing in front of Diamond Head, a landmark near Waikiki Beach in Oahu, Hawaii. Above the handle of the packaging for the six-pack, it prominently states, "THIRST'S UP!"

31. On the packaging, there is a map image of Oahu, Hawaii, next to which it states:

 "THE BEACH WHERE IT BEGAN

Thanks to a legendary local Hawaiian, Longboards have been a constant feature at Waikiki Beach fir over 90 years. The great Duke Kahanamoku, father of modern surfing and Olympic Gold Medalist padded his hand-shaped, wooden board – a whopping 16 feet long and weighing 114 pounds – out into the surf to ride the

waves off Waikiki.  This behemoth was dubbed a Longboard and the ancient Polynesian sport of surfing was reborn.  Today, in the shadow of Diamond Head, under swaying palm trees, Waikiki Beach is still the spot to learn the tradition of Longboard surfing.  Here you can catch set after set of rolling waves until the sun fades below the horizon, and then it's time for a beer!

THIRST'S UP!

Kona Brewing Co. pays tribute to the big board of surfing and this famous Hawaiian beach with our refreshing Longboard Island Lager. This crisp, pale gold lager is made with premium pale malt and aromatic hops brewed in a traditional lager style.  Like the last wave of the day at your favorite surf break, Longboard is a smooth and easy going brew that you can enjoy time and time again.  Thirst's up!"

32.     Nowhere on the packaging does it disclose that the Longboard Island Lager beer is brewed anywhere else but Hawaii.  Rather, the only address listed on the packaging is "75-5629 Kuakini Highway, Kailua-Kona, Hawaii 96740."[16]



---

[16] https://www.walmart.com/ip/Kona-Brewing-Co.-Longboard-Island-Lager-Beer-12-fl-oz-6-pack/20695856 (last visited on April 7, 2017).

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT







-13-

Big Wave Golden Ale

33.     The name Big Wave Golden Ale refers to the big waves off of Hawaii's beaches and the influence of the ocean in Hawaiian life.

34.     The packaging includes an image of four individuals in an outrigger canoe, a traditional Polynesian canoe, riding a wave in Makaha beach.

35.     On the handle of the packaging for the six-pack it prominently states, "CATCH A WAVE!"

36.     On the packaging there is a map image of Oahu, Hawaii, next to which it states:

"HAWAIIAN SWEET SPOT

The waves in Hawaii are legendary.  In the winter months, the island's north and west coasts see big waves that often climb to 40 feet, with huge curls of white water breaking just off shore.  This is just one reason why surfers, body boarders, paddlers and those of just willing to watch from the beach make this pilgrimage.  There is no other place on earth like Hawaii.  The north shore of Oahu gets all the attention (as it should), but the waves at Makaha are just as sweet.  This is the place

-14-

where the first surf competition in Hawaii was held in 1954 and continues to attract world class pros to ride the giants of winter surf.

CATCH A WAVE!

Our brewers wanted to make a beer that went down easy after a day out on the water.  Big Wave Golden Ale is just the ticket.  Big Wave is a lighter bodied golden ale with a tropical hop aroma and flavor – a smooth, easy drinking refreshing ale.  The use of caramel malt contributes to the golden hue of this beer and our special blend of hops provides a bright quenching finish."

37.     Nowhere on the packaging does it disclose that the Big Wave Golden Ale beer is brewed anywhere else but Hawaii.  Rather, the only address listed on the packaging is "75-5629 Kuakini Highway, Kailua-Kona, Hawaii 96740."[17]



---

[17] https://www.walmart.com/ip/Kona-Brewing-Co.-Big-Wave-Golden-Ale-Beer-12-fl-oz-6-Pack/38498865 (last visited on April 7, 2017).

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT



Fire Rock Pale Ale

38.     The name Fire Rock Pale Ale refers to volcanoes and the geographical uniqueness of Hawaii.

39.     The packaging has an image of two individuals observing lava flow into the Pacific Ocean from the Kilauea Volcano, one of Hawaii's active volcanoes, at the Hawaii Volcanoes National Park.

40.     On the handle of the packaging for the six-pack it prominently states, "GO WITH THE FLOW!"

41.     On the packaging there is a map image of the Big Island of Hawaii, next to which it states:

"THE BIG ISLAND GETS BIGGER

The southern point of The Big Island of Hawaii is punctuated by two active volcanoes, Mauna Loa and Kilauea. Eruptions from the east rift zone of Kilauea, the longest continuously erupting volcano, send rivers of red hot lava down its slopes to plunge into the Pacific Ocean. Steam clouds billow from the shore as the

-16-

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

lava hits the water. The best way to experience this spectacle is at sunset, when the lava glows against the darkening sky and can be seen for miles. The island is expanding thanks to this force of nature, and Hawaii is one of the few accessible places in the world where you can watch it happen before your eyes.

GO WITH THE FLOW!

Northwest of Kilauea Volcano on the Kona Coast is the Kona Brewery, home of the Fire Rock Pale Ale. A copper colored ale made from roasted malts and a selection of five premium hops with a smooth Hawaiian style all its own. Inspired by the island environment, Fire Rock is smooth, yet bold in flavor and aroma.

42.     Nowhere on the packaging does it disclose that the Fire Rock Pale Ale beer is brewed anywhere else but Hawaii.  Rather, the only address listed on the packaging is "75-5629 Kuakini Highway, Kailua-Kona, Hawaii 96740.[18]



---

[18] https://www.walmart.com/ip/Kona-Brewing-Co.-Fire-Rock-Pale-Ale-12-oz-6pk/38361225 (last visited on April 7, 2017).

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

1

2


3

4

5

6

7

8

9

10

11

12


13

14

15

16    Wailua Wheat Ale

17        43.     The name Wailua Wheat Ale refers to the Wailua Falls, a landmark in Maui,

18    Hawaii.

19        44.     The packaging includes the image of a woman standing in the pool at the base of

20    the Wailua waterfalls, with the waterfall and a lush green landscape in the background.

21        45.     On the handle of the packaging for the six-pack it prominently states, "PARADISE

22    FOUND."

23        46.     On the packaging there is a map image of Maui, next to which it states:

24         "LAID BACK IN TIME

25         Imagine travelling along a 90 year-old winding road on the north coast of Maui,
          crossing one-lane stone bridges that take you back to old Hawaii.  This simple
26         "highway" is known as the Road to Hana, a historic fishing village and the birth
          place of a Hawaiian Queen. This journey grips the edge of the island with ocean
27         views and cascading waterfalls around nearly every bend.  Wailua Falls is one of
          these spectacular sights.  The falls plunge 95 feet into a natural pool, cradled in the

28

-18-

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

surrounding volcanic rock. Take a dip in the cool, refreshing water, under the canopy of palm trees, and you will feel the timelessness of this Hawaiian paradise.

PARADISE FOUND

Wailua is Hawaiian for two fresh water streams mingling.  This was just the inspiration we needed to create our Wailua Wheat Ale.  This refreshing, gold colored ale blends with the crisp, slightly sweet citrus flavor of tropical passionfruit, known locally as Lilikoi. This thirst quenching Kona Brew is the perfect companion to a day in the sun – even if you are not on Maui. Just sit back, relax and enjoy paradise anytime!"

47.     Nowhere on the packaging does it disclose that the Wailua Wheat Ale beer is brewed anywhere else but Hawaii.  Rather, the only address listed on the packaging is "75-5629 Kuakini Highway, Kailua-Kona, Hawaii 96740."[19]



---

[19] https://www.walmart.com/ip/Kona-Brewing-Co.-Wailua-Wheat-Ale-12-fl-oz-12-pack/48057804 (last visited on April 7, 2017).

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

Hanalei Island IPA

48.     The name Hanalei Island IPA refers to Hanalei, a town in Kauai, Hawaii.

49.     The packaging includes an image of kayakers on the ocean in front of a town and mountains.

50.     On the handle of the packaging for the six-pack it prominently states, "EASY DOES IT."

51.     On the packaging there is a map image of Kauai, next to which it states::

"PADDLER'S PARADISE

On the north coast of Kauai, the perfect crescent shape of Hanalei Bay tucks up against lush, green mountains streaked with waterfalls fed by the warm Pacific rain. This is the Hawaii of your dreams.  Launch your kayak into the calm blue waters at the historic pier and take in the iconic view of white sand beaches, the small village of Hanalei, and Makana Mountain (famously known as Bali Hai) towering above you.  Paddling from this bay out to the Nā Pali Coast or up the Hanalei River you will discover more natural wonders that can only be seen as you glide through the water.  With the sun above and your troubles behind, you might just feel like this place is as close to paradise as you'll ever get.

EASY DOES IT

Our easy-drinking Hanalei Island IPA is our brewer's homage to the Garden Isle and the Hawaiian classic drink, POG.  Passionfruit, orange, and guava balance the subtle bitterness of aromatic Azacca and Galaxy hops to deliver a coppery, laidback, session-style ale, bright with tropical flavors and just 4.5% ABV. After all, a day on the bay calls for something that's relaxed and smooth, like our namesake, and refreshing enough to remind you that you're in the South Pacific. And even if you aren't, with this Kona Brew in hand, Hawaii is only a sip away. Easy does it."

52.     Nowhere on the packaging does it disclose that the Hanalei Island IPA beer is brewed anywhere else but Hawaii.  Rather, the only address listed on the packaging is "75-5629 Kuakini Highway, Kailua-Kona, Hawaii 96740."[20]

_____

[20] https://www.brewbound.com/news/craft-brew-alliance-launches-new-kona-hanalei-island-ipa-california (last visited on April 7, 2017).

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

Castaway IPA

53.     The packaging includes an image of an individual in an outrigger canoe, a traditional Polynesian canoe, riding over a breaking wave towards a sea cliff.

54.     The name Castaway IPA refers to the many explorers traveling the treacherous route between the islands of Oahu and Molokai, who were "cast away" and lost during their excursion.

55.     On the handle of the packaging for the six-pack it prominently states, "SET SAIL FOR ADVENTURE!"

56.     On the packaging there is a map image of Oahu and Molokai, next to which it states:

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

1   "THE FIRST ISLAND HOPPERS

2   Hand-carved, wooden outrigger canoes once carried Hawaiians from island to
3   island, where massive waves would crash over their hulls and toss them toward the
    horizon.  The Ka'iwi Channel, or "Channel of Bones," between Oahu and Molokai
4   was a particularly treacherous route. The steep, emerald green volcanic sea cliffs
5   off the north shore of Molokai loomed over these early island explorers as they
    searched for safe harbors from the shark-infested waters. Only the strongest
6   survived these perilous trips, many were cast away and lost. Today, this 26-mile
    wide passage challenges champion swimmers and paddlers who continue to race
7   against the high winds and strong currents, earning worldwide admiration and
    acclaim.
8
    SET SAIL FOR ADVENTURE!
9
10  It is those early island explorers, and the new ones too, that inspired us to make an
    equally spirited IPA.  Take a sip of this copper-colored India Pale Ale and you'll
11  taste bold, citrusy hops with a touch of tropical mango and passion fruit balanced
    by the rich caramel malts. Castaway IPA has a clean, crisp finish that's as fresh as
12  the wind in your face when you set sail for adventure."

13      57.     Nowhere on the packaging does it disclose that the Castaway IPA beer is brewed

14  anywhere else but Hawaii.  Rather, the only address listed on the packaging is "75-5629 Kuakini

15  Highway, Kailua-Kona, Hawaii 96740."[21]

16

17

18

19

20

21

22

23

24

25

26  _____

27  [21] https://beerinhawaii.com/2014/03/21/kona-brewings-castaway-ipa-gets-bottled/ (last visited
    April 7, 2017); https://www.walmart.com/ip/Kona-Brewing-Co.-Aloha-Series-Koko-Brown-Ale-
28  12-fl-oz-6-pack/25568789 (last visited April 7, 2017)

-22-

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

Lavaman Red Ale

58.     The name Lavaman Red Ale refers to the Lavaman Waikoloa triathlon that is held on the Big Island of Hawaii.

59.     The packaging includes an image of a man running through towards a volcano – clearly a reference to the famous triathlon.

60.     Nowhere on the packaging does it disclose that the Lavaman Red Ale beer is brewed anywhere else but Hawaii.  Rather, the only address listed on the packaging is "75-5629 Kuakini Highway, Kailua-Kona, Hawaii 96740."[22]

_____

[22] http://www.target.com/p/kona-lava-man-6pk-bottles/-/A-51256065 (last visited on April 7, 2017).

-24-

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19  Lemongrass Luau

20        61.     The name Lemongrass Luau refers to a luau, a traditional Hawaiian feast or party.

21        62.     The packaging includes an image of three women dancing hula in traditional

22  Hawaiian clothing on a beach with the sunset and mountains in the background.

23        63.     On the handle of the packaging for the six-pack it prominently states, "ALWAYS

24  ALOHA."

25

26

27

28

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

64. Nowhere on the packaging does it disclose that the Lemongrass Luau beer is brewed anywhere else but Hawaii. Rather, the only address listed on the packaging is "75-5629 Kuakini Highway, Kailua-Kona, Hawaii 96740."[23]



[23] https://beerinhawaii.com/2016/05/31/kona-brewing-releases-lemongrass-luau-bottles/ (last visited on April 7, 2017).

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

Pipeline Porter

65.     The name Pipeline Porter refers to one of the world's most famous surf breaks, the Banzai Pipeline, which is located on the north shore of Oahu.

66.     The packaging includes an image of a surfer standing on the beach in front of a crashing wave, about to paddle out into the surf.

67.     Nowhere on the packaging does it disclose that the Pipeline Porter beer is brewed anywhere else but Hawaii.  Rather, the only address listed on the packaging is "75-5629 Kuakini Highway, Kailua-Kona, Hawaii 96740."



-27-

1   Koko Brown

2       68.     The name Koko Brown refers to Koko Crater, a landmark in Oahu, Hawaii.

3       69.     The packaging includes an image of a man standing on a paddle board in the ocean

4   with a mountain in the background and coconut trees in the foreground.

5       70.     On the handle of the packaging for the six-pack it prominently states, "CRACK

6   OPEN ALOHA."

7       71.      On the packaging there is a map image of Oahu, Hawaii.

8       72.     Nowhere on the packaging does it disclose that the Koko Brown beer is brewed

9   anywhere else but Hawaii.[24]

10



27  _____

28  [24] http://www.binnys.com/beer/Kona_Koko_Brown_51828.html (last visited April 7, 2017).

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

73.     In sum, the prominent references to and images of Hawaiian landmarks, traditions, history, and culture, taken in isolation and as a whole, are clearly designed to create the false impression that the Kona Brewing Co. Beers are brewed in Hawaii.

**C.     Defendant has manifested its intention of deceiving consumers into believing that the Kona Brewing Co. Beers are brewed in Hawaii**

74.     Defendant has acknowledged, through various public statements and documents, its intent to create the impression that the Kona Brewing Co. Beers are brewed in Hawaii and then imported to the continental United States.

75.     Craft Brew Alliance, Inc.'s Chief Marketing Officer admitted so on the company's third quarter 2016 earnings call by stating: "I'd also like to remind everyone again about why the Kona brand is special among the over 5,000 craft brands available in the U.S.  First, *the Kona brand plays like a craft brand imported from Hawaii* and has the benefit of being a lifestyle, a craft and an important play . . . Kona's performance in California highlights *Kona's ability trends in craft localness and play as an imported craft brand from Hawaii*."[25] (emphases added).

76.     Furthermore, in the company's fourth quarter 2014 earnings call, Craft Brew Alliance, Inc.'s Chief Marketing Officer also admitted that: "First, Kona, our lead brand is *positioned as a craft [beer] imported from Hawaii*.  Kona is Liquid Aloha and embodies the culture and spirit of the people of Hawaii."[26] (emphasis added).

77.     Kona Brewing company's president has also succinctly described the intent behind Defendant's advertising: "[w]e're delivering more of that sense of place that Kona is known for, and I think this new bottle and package really brings Hawaii home . . . The new labels really mimic the vivid hues I'm lucky enough to see every day in Hawaii.  My favorite design element is

---

[25] https://seekingalpha.com/article/4019249-craft-brew-alliances-brew-ceo-andrew-thomas q3-2016-results-earnings-call-transcript (last visited on April 7, 2016).

[26] https://seekingalpha.com/article/2978286-craft-brew-alliances-brew-ceo-andy-thomas-on-q4-2014-results-earnings-call-transcript?part=single (last visited on April 7, 2016).

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

the embossed island chain with Liquid Aloha on the shoulder of the bottle—it makes for a more tactile experience because you can literally feel Hawaii as you drink a Kona brew."[27]

78.     As demonstrated in their SEC filings, Defendant is acutely aware of the significance of the Hawaii-brand image of Kona Brewing Co. Beers and the tremendous impact that image has on their bottom line.  For example, Defendant states, "Our distinctive brand portfolio is positioned to address significant changes in consumer trends, including increased demand for innovative flavors and styles, a growing interest in sustainability, and the increasing importance of local relevance.  As an example, Kona Brewing is one of the most distinctive craft brewers, with a broad portfolio of beers that reflect a uniquely Hawaiian flavor profile, a recognized track record in sustainable business practices, and deep ties to its local community as Hawaii's oldest and largest craft brewery."[28]

**D.     Defendant's misrepresentations regarding where Kona Brewing Co. Beers are brewed are material**

79.     The Hawaii-brand image in the context of marketing and consumer purchase decisions is extremely powerful.  Consumers purchase items, and are willing to pay more for items, because they are from Hawaii.  Defendant is well aware of this.

80.     Craft Brew Alliance, Inc.'s CEO noted during the company's fourth quarter 2015 earnings call that: "Better ingredients, knowing where the beer came from, the activity or the inclusion of that brand within that local community, that all carries a premium with it . . . ."[29]

81.     In a November 2011 article in Hawaii Business Magazine, Jeff Leichleiter, general manager for Tim's Cascade Snacks (a mainland company), which sells Hawaiian style chips, was quoted as saying, "We know 'Luau Barbeque Rings' doesn't make sense, but 98 percent of the country doesn't know . . . The Hawaii image is a powerful brand – and it's done well for us."[30]

---

[27] http://www.prweb.com/releases/2013/4/prweb10633226.htm (last visited on April 7, 2017).

[28] 2016 10-K at 3.

[29] https://seekingalpha.com/article/3953186-craft-brew-alliance-incorporateds-brew-ceo-andy-thomas-q4-2015-results-earnings-call (last visited April 7, 2017).

[30] http://www.hawaiibusiness.com/not-made-in-hawaii/ (last visited April 7, 2017).

-30-

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

82.     In that same article, James "Jimmy" Chan, the owner of Hawaiian Chip Co., was quoted as saying, "If your product is made in Hawaii, I think that's instantly added value to the product . . . People tend to understand that, if it's made here, it will cost more . . . ."[31]

83.     The director of retail operations for Big Island Candies (a Hawaii company), Lance Duyao, stated, "One thing that kept us afloat and sustained us is that we are careful about our expansion.  Quality is so important to us.  We don't want to spread ourselves thin by opening too many locations.  Nothing is made anywhere else but here. And when people order stuff online and see that the box is actually postmarked in Hilo, there is an incredible value to that."[32]

E.     **The location of beer brewing significantly affects the taste and quality of Kona Brewing Co. Beers**

84.     Water makes up more than 90 percent of beer and the type of water used greatly influences the taste and quality of the beer, just as climate and terroir greatly influence the taste and quality of wine.[33]

85.     According to Kona's president, "All of the water used to brew beer in Kona is Hawaii County water, naturally percolated through the porous lava rock that makes up the island. Hawaii County water is hard and high in calcium and chloride, and fortunately, these characteristics are great for making beer."[34]

86.     Defendant does not use water from Hawaii in brewing the Kona Brewing Co. Beers.  Rather, the water used to make the Kona Brewing Co. Beers all comes from the continental United States.  On information and belief, Defendant uses water at the site of the brewery (e.g., from Oregon, Washington, Tennessee, and New Hampshire).[35]

---

[31] *Id.*

[32] http://www.hawaiibusiness.com/made-in-hawaii/ (last visited on April 7, 2017).

[33] https://beerandbrewing.com/VUKd4igAABcrKdWe/article/brewing-water (last visited on April 7, 2017).

[34] http://www.sdcoastkeeper.org/act/media-center/press-releases/kon-brewings-liquid-aloha-festival-raises-more-than-18000-for-san-diego-coastkeeper (last visited April 7, 2017)

[35] Moreover, Kona Brewing Co. Beers do not contain hops – another critical ingredient in beer – from Hawaii.

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

**F.**     **Plaintiffs and Class members were deceived and harmed**

87.     During the relevant statute of limitations period, Plaintiffs each separately purchased at least one of the Kona Brewing Co. Beers at retail stores located in the State of California.

88.     Plaintiffs and other Class members purchased the Kona Brewing Co. Beers relying on the content of the packaging described above,[36] and reasonably believing that the Kona Brewing Co. Beers were brewed in Hawaii. Plaintiffs' and Class members' reasonable beliefs that the Kona Brewing Co. Beers they purchased were brewed in Hawaii were significant factors in each of their decisions to purchase the Kona Brewing Co. Beers. Plaintiffs and Class members would not have purchased the Kona Brewing Co. Beers, or would have paid significantly less for the Kona Brewing Co. Beers, had they known the true location of brewing of the Kona Brewing Co. Beers.

89.     Plaintiffs and Class members did not know, and had no reason to know, that the Kona Brewing Co. Beers were not brewed in Hawaii because of how the Kona Brewing Co. Beers are deceptively packaged and advertised to create the impression that they are brewed in Hawaii.

90.     Defendant knows, knew or should have known that Plaintiffs and other Class members did and would rely on the packaging and advertising of the Kona Brewing Co. Beers in purchasing the Kona Brewing Co. Beers, and would reasonably believe that the Kona Brewing Co. Beers were brewed in Hawaii.

91.     Because the Kona Brewing Co. Beers are not brewed in Hawaii as reasonably expected by Plaintiffs and other consumers, Defendant's branding of the Kona Brewing Co. Beers was and continues to be misleading and deceptive.

92.     Each Class member has been exposed to the same or substantially similar deceptive practice, as each of the Kona Brewing Co. Beers (1) have the same core misleading statements and images concerning Hawaii, and (2) have additional misleading representations based on

---

[36] *See*, *supra*, paragraphs 12-15.

themes/concepts centered around Hawaiian landmarks, traditions, history, and culture.  All of the Kona Brewing Co. Beers create the similar impression that they are each brewed in Hawaii.

93.     Plaintiffs and other consumers have paid a premium for the Kona Brewing Co. Beers.  Plaintiffs and other consumers would have paid significantly less for the Kona Brewing Co. Beers had they known that the Kona Brewing Co. Beers were not brewed in Hawaii, but were instead brewed in the continental United States.  In the alternative, Plaintiffs and other consumers would not have purchased the Kona Brewing Co. Beers at all had they known that the Kona Brewing Co. Beers were not brewed in Hawaii, but were instead brewed in the continental United States.   Therefore, Plaintiffs and other consumers purchasing the Kona Brewing Co. Beers suffered injury in fact and lost money as a result of Defendant's false, unfair, and fraudulent practices, as described herein.

94.     As a result of its misleading business practice, and the harm caused to Plaintiffs and other consumers, Defendant should be enjoined from deceptively representing that the Kona Brewing Co. Beers are brewed in Hawaii.  Furthermore, Defendant should be required to pay for all damages caused to misled consumers, including Plaintiffs.

95.     Despite being misled by Defendant, Plaintiffs wish to and are likely to continue purchasing the Kona Brewing Co. Beers in the future if they were brewed in Hawaii. To this day, Plaintiffs regularly shop at stores where Kona Brewing Co. Beers are sold. On some of these occasions, Plaintiffs would like to buy the Kona Brewing Co. Beers, but refrain from doing so because they cannot rely with any confidence on Defendant's representations regarding the Hawaii-origin of the beer, especially since they were deceived in the past by Defendant. While Plaintiffs currently believe that the Kona Brewing Co. Beers are not brewed in Hawaii, they lack personal knowledge as to Defendant's brewing practices, which may change over time, leaving room for doubt in their minds as to whether Kona Brewing Co. Beers are brewed in Hawaii. This uncertainty, coupled with their desire to purchase the Kona Brewing Co. Beers, is an ongoing injury that can and would be rectified by an injunction enjoining Defendant from making the false and/or misleading representations alleged herein.

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

## CLASS ACTION ALLEGATIONS

96.     Plaintiffs bring this class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, individually and on behalf of all members of the following Nationwide Class, California Subclass, and California Consumer Subclass.

**Nationwide Class**

All persons in the United States who purchased any of the Kona Brewing Co. Beers within the relevant statute of limitations periods.

**California Subclass**

All persons, who are California residents who purchased any of the Kona Brewing Co. Beers, or who purchased any of the Kona Brewing Co. Beers within the State of California, during the relevant statute of limitations periods.

**California Consumer Subclass**

All persons, who are California residents who purchased any of the Kona Brewing Co. Beers, or who purchased any of the Kona Brewing Co. Beers within the State of California, for personal, family, or household purposes during the relevant statute of limitations periods.

97.     Excluded from the Classes are the following individuals and/or entities: Defendant and its parents, subsidiaries, affiliates, officers and directors, current or former employees, and any entity in which Defendant has a controlling interest; all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

98.     Plaintiffs reserve the right to modify or amend the definition of the proposed Classes after having had an opportunity to conduct discovery.

99.     Plaintiffs are members of all Classes.

100.     <u>Numerosity:</u> The proposed Classes are so numerous that joinder of all members would be impractical. For the year ended December 31, 2016, Defendant shipped 397,400 barrels[37] of Kona brand beer.  Furthermore, Kona Brewing Co. Beers are sold across California and the United States at grocery chains, pharmacy chains, myriad liquor stores and mom and pop

---

[37] This equates to 65,571,000 12-ounce bottles of Kona Brewing Co. Beers.

stores, and large retail outlets including, but not limited to, Walgreens Pharmacy, Rite-Aid Pharmacy, CVS Pharmacy, Safeway, Ralphs, 7-Eleven, BevMo!, Walmart, Target, and Buy–Rite Liquors.  The number of individuals who purchased the Kona Brewing Co. Beers within the United States and the State of California during relevant time period is at least in the thousands. Accordingly, Class members are so numerous that their individual joinder herein is impractical. While the precise number of Class members and their identities are unknown to Plaintiffs at this time, these Class members are identifiable and ascertainable through Defendant's records and other records and proofs of purchase.

101.   <u>Common Questions Predominate:</u> There are questions of law and fact common to the proposed Classes that will drive the resolution of this action and will predominate over questions affecting only individual Class members.  These questions include, but are not limited to, the following:

a.   Whether Defendant misrepresented material facts and/or failed to disclose material facts in connection with the packaging, marketing, distribution, and sale of the Kona Brewing Co. Beers;

b.   Whether Defendant's use of false or deceptive packaging and advertising constituted false or deceptive advertising;

c.   Whether Defendant engaged in unfair, unlawful and/or fraudulent business practices;

d.   Whether Defendant's unlawful conduct, as alleged herein, was intentional and knowing;

e.   Whether Plaintiffs and the Classes are entitled to damages and/or restitution, and in what amount;

f.   Whether Defendant is likely to continue using false, misleading or unlawful conduct such that an injunction is necessary; and

g.   Whether Plaintiffs and the Classes are entitled to an award of reasonable attorneys' fees, interest, and costs of suit.

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

102.    Defendant engaged in a common course of conduct giving rise to violations of the legal rights sought to be enforced uniformly by Plaintiffs and Class members.  Similar or identical statutory and common law violations, business practices, and injuries are involved.  The injuries sustained by members of the proposed Classes flow, in each instance, from a common nucleus of operative fact, namely, Defendant's deceptive packaging and advertising of the Kona Brewing Co. Beers.  Each instance of harm suffered by Plaintiffs and Class members has directly resulted from a single course of illegal conduct.  Therefore, individual questions, if any, pale in comparison to the numerous common questions presented in this action.

103.    Superiority: Because of the relatively small size of the individual Class members' claims, no Class member could afford to seek legal redress on an individual basis.  Furthermore, individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  A class action is superior to any alternative means of prosecution.

104.    Typicality: The representative Plaintiffs' claims are typical of those of the proposed Classes, as all members of the proposed Classes are similarly affected by Defendant's uniform unlawful conduct as alleged herein.

105.    Adequacy: Plaintiffs will fairly and adequately protect the interests of the proposed Classes as their interests do not conflict with the interests of the members of the proposed Classes they seek to represent, and they have retained counsel competent and experienced in class action litigation.  The interests of the members of the Classes will be fairly and adequately protected by the Plaintiff and his counsel.

106.    This lawsuit is maintainable as a class action under Federal Rule of Civil Procedure 23(b)(2) because Defendant acted, or failed to act, on grounds generally applicable to Plaintiffs and the proposed Classes, supporting the imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes.

**FIRST CLAIM FOR RELIEF**
**Violation of California's Consumers Legal Remedies Act ("CLRA"),**
**California Civil Code §§ 1750, *et seq*.**
(*for the California Consumer Subclass*)

107.    Plaintiffs repeat the allegations contained in paragraphs 1-106 above as if fully set forth herein.

108.    Plaintiffs bring this claim individually and on behalf of the members of the proposed California Consumer Subclass against Defendant.

109.    The Kona Brewing Co. Beers are "goods" within the meaning of Cal. Civ. Code § 1761(a), and the purchases of such Kona Brewing Co. Beers by Plaintiffs and members of the California Consumer Subclass constitute "transactions" within the meaning of Cal. Civ. Code § 1761(e).

110.    Cal. Civ. Code § 1770(a)(2) prohibits "misrepresenting the source, sponsorship, approval, or certification of goods or services."  By marketing the Kona Brewing Co. Beers with their current packaging and advertisements, Defendant has represented and continues to represent that the source of the Kona Brewing Co. Beers is Hawaii, when it is not. Therefore, Defendant has violated section 1770(a)(2) of the CLRA.

111.    Cal. Civ. Code § 1770(a)(4) prohibits "using deceptive representations or designations of geographical origin in connection with goods or services."  By marketing the Kona Brewing Co. Beers with their current packaging and advertisements, Defendant has used deceptive representations and designations of the beer's geographical origin (Hawaii).  Therefore, Defendant has violated section 1770(a)(4) of the CLRA.

112.    Cal. Civ. Code § 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have . . . ."  By marketing the Kona Brewing Co. Beers with their current packaging and advertisements, Defendant has represented and continues to represent that the beer has characteristics (that it is brewed in Hawaii) which it does not have. Therefore, Defendant has violated section 1770(a)(5) of the CLRA.

113.    Cal. Civ. Code § 1770(a)(7) prohibits "[r]espresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are

of another." By marketing the Kona Brewing Co. Beers with their current packaging and advertisements, Defendant has represented and continues to represent that the beer is of a particular style (that it is brewed in Hawaii) when it is of another (brewed in the continental USA). Therefore, Defendant has violated section 1770(a)(7) of the CLRA.

114.     Cal. Civ. Code § 1770(a)(9) prohibits "[a]dvertising goods or services with intent not to sell them as advertised." By packaging and marketing the Kona Brewing Co. Beers with popular images of Hawaii and statements concerning Hawaiian landmarks, history, traditions, and culture so much so that a reasonable consumer would believe that the beer was brewed in Hawaii, and then intentionally not selling the beer as beers brewed in Hawaii, Defendant has violated section 1770(a)(9) of the CLRA.

115.     At all relevant times, Defendant has known or reasonably should have known that the Kona Brewing Co. Beers were not craft beers brewed in Hawaii, but instead were brewed in the continental United States, and that Plaintiffs and other members of the California Consumer Subclass would reasonably and justifiably rely on the packaging and other advertisements in purchasing the beer.

116.     Plaintiffs and members of the California Consumer Subclass have reasonably and justifiably relied on Defendant's misleading, and fraudulent conduct when purchasing the Kona Brewing Co. Beers. Moreover, based on the materiality of Defendant's fraudulent and misleading conduct, reliance on such conduct as a material reason for the decision to purchase the beer may be presumed or inferred for Plaintiffs and members of California Consumer Subclass.

117.     Plaintiffs and members of the California Consumer Subclass have suffered and continue to suffer injuries caused by Defendant because they would not have purchased the Kona Brewing Co. Beers or would have paid significantly less for the Kona Brewing Co. Beers had they known that Defendant's conduct was misleading and fraudulent.

118.     Under Cal. Civ. Code § 1780(a), Plaintiffs and members of the California Consumer Subclass are seeking injunctive relief pursuant to the CLRA, preventing Defendant from further wrongful acts and unfair and unlawful business practices, as well as restitution, disgorgement of profits, and any other relief this Court deems proper.

-38-

119.   Pursuant to Cal. Civ. Code § 1782, on February 28, 2017, counsel for Plaintiff Zimmer mailed a notice and demand letter by certified mail, with return receipt requested, to Defendant. Defendant received the notice and demand letter on March 3, 2017.  On February 22, 2017, counsel for Plaintiff Broomfield mailed a notice and demand letter by certified mail, with return receipt requested, to Defendant.  Defendant received the notice and demand letter on February 25, 2017.  Because Defendant has failed to fully rectify or remedy the damages caused after waiting more than the statutorily required 30 days after it received the notice and demand letters, Plaintiffs are timely filing this Complaint for damages pursuant to the CLRA.

**SECOND CLAIM FOR RELIEF**
**Violation of California's Unfair Competition Law ("UCL"),**
**California Business & Professions Code §§ 17200*, et seq.***
***(for the California Subclass and California Consumer Subclass)***

120.   Plaintiffs repeat the allegations contained in paragraphs 1-119 above as if fully set forth herein.

121.   Plaintiffs bring this claim individually and on behalf of the members of the proposed California Subclass and California Consumer Subclass against Defendant.

122.   UCL §17200 provides, in pertinent part, that "unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising . . . ."

123.   Under the UCL, a business act or practice is "unlawful" if it violates any established state or federal law.

124.   Defendant's false and misleading advertising of the Kona Brewing Co. Beers therefore was and continues to be "unlawful" because it violates the CLRA, California's False Advertising Law ("FAL"), and other applicable laws as described herein.

125.   As a result of Defendant's unlawful business acts and practices, Defendant has unlawfully obtained money from Plaintiff, and members of both the California Subclass and California Consumer Subclass.

126.   Under the UCL, a business act or practice is "unfair" if the defendants' conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive,

-39-

1   and unscrupulous, as the benefits for committing such acts or practices are outweighed by the

2   gravity of the harm to the alleged victims.

3         127.   Defendant's conduct was and continues to be of no benefit to purchasers of the

4   Kona Brewing Co. Beers, as it is misleading, unfair, unlawful, and is injurious to consumers who

5   rely on the beer's packaging and marketing.  Creating consumer confusion as to the actual location

6   of brewing and the characteristics of the beer is of no benefit to consumers.   Therefore,

7   Defendant's conduct was and continues to be "unfair."

8         128.   As a result of Defendant's unfair business acts and practices, Defendant has and

9   continues to unfairly obtain money from Plaintiffs, and members of both the California Subclass

10  and California Consumer Subclass.

11        129.   Under the UCL, a business act or practice is "fraudulent" if it actually deceives or

12  is likely to deceive members of the consuming public.

13        130.   Defendant's conduct here was and continues to be fraudulent because it has the

14  effect of deceiving consumers into believing that the Kona Brewing Co. Beers are craft beers

15  brewed in Hawaii, when they are not.  Because Defendant misled Plaintiffs and members of both

16  the California Subclass and California Consumer Subclass, Defendant's conduct was "fraudulent."

17        131.   As a result of Defendant's fraudulent business acts and practices, Defendant has

18  and continues to fraudulently obtain money from Plaintiffs, and members of both the California

19  Subclass and California Consumer Subclass.

20        132.   Plaintiffs requests that this Court cause Defendant to restore this unlawfully,

21  unfairly, and fraudulently obtained money to Plaintiffs, and members of both the California

22  Subclass and California Consumer Subclass, to disgorge the profits Defendant made on these

23  transactions, and to enjoin Defendant from violating the UCL or violating it in the same fashion in

24  the future as discussed herein.  Otherwise, Plaintiffs, and members of both the California Subclass

25  and California Consumer Subclass, may be irreparably harmed and/or denied an effective and

26  complete remedy if such an order is not granted.

27

28

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

**THIRD CLAIM FOR RELIEF**
**Violation of California's False Advertising Law ("FAL"),**
**California Business & Professions Code §§ 17500, *et seq***
*(for the California Subclass and California Consumer Subclass)*

133.    Plaintiffs repeat the allegations contained in paragraphs 1-132 above as if fully set forth herein.

134.    Plaintiffs bring this claim individually and on behalf of the members of the proposed California Subclass and California Consumer Subclass against Defendant.

135.    California's FAL makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public . . . in any advertising device . . . or in any other manner or means whatever, including over the Internet, any statement, concerning . . . personal property or services professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

136.    Defendant has represented and continues to represent to the public, including Plaintiffs and members of both the California Subclass and California Consumer Subclass, through Defendant's deceptive packaging and marketing, that the Kona Brewing Co. Beers are craft beers brewed in Hawaii.  Defendant's representations are misleading because the Kona Brewing Co. Beers are not craft beers and are brewed in the continental United States.  Because Defendant has disseminated misleading information regarding the Kona Brewing Co. Beers, and Defendant knows, knew, or should have known through the exercise of reasonable care that the representation was and continues to be misleading, Defendant has violated the FAL.

137.    Furthermore, Defendant knows, knew or should have known through the exercise of reasonable care that such representation was and continues to be unauthorized and misleading.

138.    As a result of Defendant's false advertising, Defendant has and continues to fraudulently obtain money from Plaintiffs and members of both the California Subclass and California Consumer Subclass.

139.    Plaintiffs request that this Court cause Defendant to restore this fraudulently obtained money to Plaintiffs and members of both the California Subclass and California

Consumer Subclass, to disgorge the profits Defendant made on these transactions, and to enjoin Defendant from violating the FAL or violating it in the same fashion in the future as discussed herein.   Otherwise, Plaintiffs and members of both the California Subclass and California Consumer Subclass may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

**FOURTH CLAIM FOR RELIEF**
**Common Law Fraud**
*(for the Classes)*

140.    Plaintiffs repeat the allegations contained in paragraphs 1-139 above as if fully set forth herein.

141.    Plaintiffs bring this claim individually and on behalf of the members of the Classes against Defendant.

142.    Defendant has willfully, falsely, or knowingly packaged and marketed the Kona Brewing Co. Beers in a manner indicating that the Kona Brewing Co. Beers are craft beers brewed in Hawaii. However, the Kona Brewing Co. Beers are not craft beers and are not brewed in Hawaii and instead are brewed in the continental United States.   Therefore, Defendant has made misrepresentations as to the Kona Brewing Co. Beers.

143.    Defendant's misrepresentations are and were material (i.e., the type of misrepresentations to which a reasonable person would attach importance and would be induced to act thereon in making purchase decisions) because they relate to the characteristics of the beer and where the brewing of the beer that the consumer is receiving occurred.

144.    Defendant knew or recklessly disregarded the fact that the Kona Brewing Co. Beers are not craft beers and are not brewed in Hawaii.

145.    Defendant intends that Plaintiffs and others consumers rely on these representations, as evidenced by Defendant intentionally using packaging that invokes popular Hawaiian images, and makes references to Hawaiian landmarks, history, traditions, and culture. Furthermore, Defendant's admissions in paragraphs 74-78 confirm this intention.

146.    Plaintiffs and members of the Classes have reasonably and justifiably relied on Defendant's misrepresentations when purchasing the Kona Brewing Co. Beers and had the correct

1  facts been known, would not have purchased the Kona Brewing Co. Beers or would not have

2  purchased them at the prices at which they were offered.

3      147.   Therefore, as a direct and proximate result of Defendant's fraud, Plaintiffs and

4  members of the Classes have suffered economic losses and other general and specific damages,

5  including but not limited to the amounts paid for the Kona Brewing Co. Beers, and any interest

6  that would have accrued on those monies, all in an amount to be proven at trial.

7  **FIFTH CLAIM FOR RELIEF**<br>**Intentional Misrepresentation**<br>(***for the Classes***)

8

9      148.   Plaintiffs repeat the allegations contained in paragraphs 1-147 above as if fully set

10  forth herein.

11      149.   Plaintiffs bring this claim individually and on behalf of the members of the Classes

12  against Defendant.

13      150.   Defendant marketed the Kona Brewing Co. Beers in a manner indicating that the

14  Kona Brewing Co. Beers were craft beers brewed in Hawaii. However, the Kona Brewing Co.

15  Beers are not craft beers and not brewed in Hawaii and instead are brewed in the continental

16  United States.   Therefore, Defendant has made misrepresentations as to the Kona Brewing Co.

17  Beers.

18      151.   Defendant's misrepresentations regarding the Kona Brewing Co. Beers are material

19  to a reasonable consumer because they relate to the characteristics of the beer and the location of

20  the brewing of the beer received by consumers.  A reasonable consumer would attach importance

21  to such representations and would be induced to act thereon in making purchase decisions.

22      152.   At all relevant times when such misrepresentations were made, Defendant knew

23  that the representations were misleading, or have acted recklessly in making the representations,

24  without regard to the truth.

25      153.   Defendant intends that Plaintiffs and others consumers rely on these

26  representations, as evidenced by Defendant's intentionally using packaging that invokes popular

27  Hawaiian images, and makes references to Hawaiian landmarks, history, traditions, and culture.

28  Furthermore, Defendant's admissions in paragraphs 74-78 confirm this intention.

-43-

154.    Plaintiffs and members of the Classes have reasonably and justifiably relied on Defendant's intentional misrepresentations when purchasing the Kona Brewing Co. Beers, and had the correct facts been known, would not have purchased the Kona Brewing Co. Beers or would not have purchased them at the prices at which they were offered.

155.    Therefore, as a direct and proximate result of Defendant's intentional misrepresentations, Plaintiffs and members of the Classes have suffered economic losses and other general and specific damages, including but not limited to the amounts paid for the Kona Brewing Co. Beers, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

### SIXTH CLAIM FOR RELIEF
### Negligent Misrepresentation
### (*for the Classes*)

156.    Plaintiffs repeat the allegations contained in paragraphs 1-155 above as if fully set forth herein.

157.    Plaintiffs bring this claim individually and on behalf of the members of the Classes against Defendant.

158.    Defendant marketed the Kona Brewing Co. Beers in a manner indicating that the Kona Brewing Co. Beers were craft beers brewed in Hawaii. However, the Kona Brewing Co. Beers are not craft beers and are not brewed in Hawaii and instead are brewed in the continental United States.   Therefore, Defendant has made misrepresentations as to the Kona Brewing Co. Beers.

159.    Defendant's misrepresentations regarding the Kona Brewing Co. Beers are material to a reasonable consumer because they relate to the characteristics of the beer and the location of the brewing of the beer received by the consumer.   A reasonable consumer would attach importance to such representations and would be induced to act thereon in making purchase decisions.

160.    At all relevant times when such misrepresentations were made, Defendant knew or had been negligent in not knowing that that the Kona Brewing Co. Beers were not craft beers brewed in Hawaii and instead were brewed in the continental United States.  Defendant had no

1  reasonable grounds for believing its misrepresentations were not false and misleading.

2  161.   Defendant intends that Plaintiffs and others consumers rely on these

3  representations, as evidenced by Defendant's intentionally using packaging that invokes popular

4  Hawaiian images, and makes references to Hawaiian landmarks, history, traditions, and culture.

5  Furthermore, Defendant's admissions in paragraphs 74-78 confirm this intention.

6  162.   Plaintiffs and members of the Classes have reasonably and justifiably relied on

7  Defendant's negligent misrepresentations when purchasing the Kona Brewing Co. Beers, and had

8  the correct facts been known, would not have purchased the Kona Brewing Co. Beers or would

9  not have purchased them at the prices at which they were offered.

10  163.   Therefore, as a direct and proximate result of Defendant's negligent

11  misrepresentations, Plaintiffs and members of the Classes have suffered economic losses and other

12  general and specific damages, including but not limited to the amounts paid for the Kona Brewing

13  Co. Beers, and any interest that would have accrued on those monies, all in an amount to be

14  proven at trial.

**SEVENTH CLAIM FOR RELIEF**
**Quasi Contract/Unjust Enrichment/Restitution**
(*for the Classes*)

17  164.   Plaintiffs repeat the allegations contained in paragraphs 1-163 above as if fully set

18  forth herein.

19  165.   Plaintiffs bring this claim individually and on behalf of the members of the Classes

20  against Defendant.

21  166.   As alleged herein, Defendant has intentionally and recklessly made misleading

22  representations to Plaintiffs and members of the Classes to induce them to purchase the Kona

23  Brewing Co. Beers.   Plaintiffs and members of the Classes have reasonably relied on the

24  misleading representations and have not received all of the benefits promised by Defendant.

25  Plaintiffs and members of the Classes therefore have been induced by Defendant's misleading and

26  false representations about the Kona Brewing Co. Beers, and paid for them when they would

27  and/or should not have or paid more money to Defendant for the beer than they otherwise would

28  and/or should have paid.

-45-

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

167.    Plaintiffs and members of the Classes have conferred a benefit upon Defendant as Defendant has retained monies paid to them by Plaintiffs and members of the Classes.

168.    The monies received were obtained under circumstances that were at the expense of Plaintiffs and members of the Classes – i.e., Plaintiffs and members of the Classes did not receive the full value of the benefit conferred upon Defendant.

169.    Therefore, it is inequitable and unjust for Defendant to retain the profit, benefit, or compensation conferred upon them without paying Plaintiffs and the members of the Classes back for the difference of the full value of the benefits compared to the value actually received.

170.    As a direct and proximate result of Defendant's unjust enrichment, Plaintiffs and members of the Classes are entitled to restitution, disgorgement, and/or the imposition of a constructive trust upon all profits, benefits, and other compensation obtained by Defendant from its deceptive, misleading, and unlawful conduct as alleged herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of the Classes, respectfully pray for following relief:

1.    Certification of this case as a class action on behalf of the Classes defined above, appointment of Plaintiffs as Class representatives, and appointment of their counsel as Class counsel;

2.    A declaration that Defendant's actions, as described herein, violate the claims described herein;

3.    An award of injunctive and other equitable relief as is necessary to protect the interests of Plaintiffs and the Classes, including, *inter alia*, an order prohibiting Defendant from engaging in the unlawful act described above;

4.    An award to Plaintiffs and the proposed classes of restitution and/or other equitable relief, including, without limitation, restitutionary disgorgement of all profits and unjust enrichment that Defendant obtained from Plaintiffs and the proposed classes as a result of its unlawful, unfair and fraudulent business practices described herein;

-46-

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

1        5.        An award of all economic, monetary, actual, consequential, and compensatory

2 damages caused by Defendant's conduct;

3        6.        An award of punitive damages;

4        7.        An award to Plaintiffs and their counsel of their reasonable expenses and attorneys'

5 fees;

6        8.        An award to Plaintiffs and the proposed classes of pre and post-judgment interest,

7 to the extent allowable; and

8        9.        For such further relief that the Court may deem just and proper.

9 

**DEMAND FOR JURY TRIAL**

10         Plaintiffs, on behalf of themselves and the proposed classes, hereby demand a jury trial

11 with respect to all issues triable of right by jury.

12

13 DATED:  December 15, 2017        **FARUQI AND FARUQI LLP**

14         By: */s/ Benjamin Heikali*

15         Benjamin Heikali (SBN 307466)

16         10866 Wilshire Boulevard, Suite 1470
        Los Angeles, CA 90024

17         Telephone: (424) 256-2884
        Facsimile: (424) 256-2885

18         E-mail: bheikali@faruqilaw.com

19         Timothy J. Peter (*pro hac vice*)

20         101 Greenwood Avenue, Suite 600
        Jenkintown, PA 19046

21         Telephone: (215) 277-5770
        Facsimile: (215) 277-5771

22         E-mail: tpeter@faruqilaw.com

23

24         **THE WAND LAW FIRM**

25         By: */s/ Aubry Wand*

26

27         Aubry Wand (SBN 281207)
        400 Corporate Pointe, Suite 300

28         Culver City, California 90230
        Telephone: (310) 590-4503

-47-

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

Facsimile: (310) 590-4596
E-mail: awand@wandlawfirm.com


*Attorneys for Plaintiffs Theodore Broomfield, Simone Zimmer and the putative class*

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List.

Dated:  December 15, 2017                    By: */s/ Benjamin Heikali*

Benjamin Heikali

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT