UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| THEODORE BROOMFIELD, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>CRAFT BREW ALLIANCE, INC., *et al.*,<br><br>    Defendants. | Case No. 5:17-cv-01027-BLF |

DECLARATION OF STEFAN BOEDEKER
IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

**Table of Contents**

1 Introduction ............................................................................................................................. 1
2 Beer Preferences of California Respondents ........................................................................... 1
3 Economic Loss Estimate for California Respondents ............................................................. 3
4 Summary and Conclusion ........................................................................................................ 6

## Table of Figures

Figure 1:  Beers Recognized by Survey Participants in California ................................................. 2

Figure 2:  Beers Purchased by Survey Respondents in California ................................................. 2

Figure 3:  Beers Purchased by Survey Respondents in California, Who Purchased Kona Longboard or Kona Hanalei ................................................................................................. 3

Figure 4   Demand for Kona Longboard Brewed in Hawaii and Brewed in Tennessee (Californian Kona Purchasers Only) ................................................................................. 5

Figure 5:  Demand for Kona Hanalei Brewed in Hawaii and Brewed in Tennessee (Californian Kona Purchasers Only) ................................................................................. 5

**DECLARATION OF STEFAN BOEDEKER**

# 1  Introduction

1. On March 29, 2018, I submitted a Declaration that explained the methodology for my choice based conjoint analysis, and which resulted in a finding of an economic loss of 12.7% for a nationwide class of consumers.

2. After considering my deposition testimony from June 20, 2018, it came to my attention that while the economic loss or price premium of 12.7% for a nationwide class was calculated, it was not calculated specifically for a California class.

3. 525 out of 1,190 respondents in my survey were residents of California. The scope of respondents was weighted more heavily towards California residents because I was aware that this case may involve a California class in addition to a nationwide class. 525 California respondents is a large enough sample to produce reliable results with respect to a price premium calculation for a California class, which – as shown below (see Paragraph 16) – is evidenced by the fact that the results of the study show statistically indistinguishable results for the National Class and the California Class.

4. While all the data had been collected in the empirical study presented in my March 29, 2018 Declaration, including responses from California participants, I had not computed a price premium specific to a California class. Therefore, at the request of Plaintiffs' counsel, I have calculated the economic loss just for California respondents, i.e., for a California class. I have used the same data used in my March 29, 2018 Declaration and I have not undertaken any calculations other than applying a filter for California respondents only. Every other aspect of my analysis remains unchanged.

# 2  Beer Preferences of California Respondents

5. As with all respondents to my conjoint survey, which is described in my March 29, 2018 Declaration, California respondents were asked which brand they recognized (Figure 1) and which brands they bought most recently (Figure 2, Figure 3).

*Figure 1:    Beers Recognized by Survey Participants in California*



*Source: Conjoint Survey*

*Figure 2:    Beers Purchased by Survey Respondents in California*



*Source: Conjoint Survey*

*Figure 3:*   *Beers Purchased by Survey Respondents in California, Who Purchased Kona Longboard or Kona Hanalei*



*Source: Conjoint Survey*

# 3   Economic Loss Estimate for California Respondents

6. In my March 29, 2018 Declaration, I explained the concept of choice based conjoint analysis, the theoretical framework for calculating economic loss, and how the choice based conjoint analysis I performed in this case is a reliable methodology for calculating economic loss based on Plaintiffs' theory of harm in this case. The only difference is that in this Declaration I have included a line of computer code that filters out the survey data *for* California survey respondents only. Once this filter was applied, the exact same set of analyses were conducted and the exact same models were applied to the survey data limited to California participants only.

7. The application of the data filter resulted in the creation of a dataset with California participants, all of whom were part of the original dataset. Therefore, all my opinions and conclusions remain unchanged.

8. As discussed in my report from March 29, 2018, the estimated willingness-to-pay is derived from the utility that respondents gain from purchasing a Kona beer that claims to be brewed in Hawaii compared to obtaining an otherwise identical Kona beer that does

not make that claim. To be clear, this value is *not* an average value that would be different for all class members – rather, it is the equilibrium price calculated based on consumers' responses to varying choice menus in the conjoint analysis designed to derive one numerical figure to value the claim. The interpretation of this figure is the amount consumers paid when purchasing a Kona beer making a particular claim compared to an otherwise identical Kona beer without such a claim.

9. The conjoint analysis allows the researcher to estimate a demand curve for a specific combination of attributes. Based on the monotonic property of the price part-worths, interpolation between the price-market share combinations allows the researcher to estimate the demand curve for market shares from 0 to 100 and every price between a discrete range. A change in the level of one or more of the attributes would result in a different demand curve.

10. *Ceteris paribus*, when we assume the but-for world where the consumer is told about the falsity of a particular claim, the levels of the attributes change, and the Kona beer becomes less attractive to consumers and the demand curve shifts downward.

11. In order to make consumers whole after they had been harmed by false advertising, we need to shift the demand curve in the but-for world vertically so that we reach the actual market equilibrium on the actual demand curve.

12. The market simulation results show the market share for a Kona product that is advertised (for example) with the claim that it is brewed in Hawaii and sold at a set price in the actual world. The conjoint analysis indicates that consumers would pay a lower price for the same Kona product not brewed in Hawaii to achieve the same market share. Therefore, this result clearly indicates that the removal of the attribute represented by the claim (e.g., brewed in Hawaii) has turned the product into a less attractive product for the consumer and the aggregate demand shifted downward resulting in the lower price.

13. Figure 4 shows the demand curves of Californian Kona purchasers for Kona Longboard when brewed in Hawaii (blue dots and dark gray demand curve) and when brewed in Tennessee (orange dots and light gray demand

curve). At a price point of $10.99, California consumers would require a compensation of 10.2% of the purchase price to be made whole.

*Figure 4    Demand for Kona Longboard Brewed in Hawaii and Brewed in Tennessee (Californian Kona Purchasers Only)*



*Source: Conjoint Survey*

14. Figure 5 shows the same demand for Kona Hanalei. At a price point of $10.99, California consumers would require a compensation of 10% of the purchase price to be made whole.

*Figure 5:   Demand for Kona Hanalei Brewed in Hawaii and Brewed in Tennessee (Californian Kona Purchasers Only)*



*Source: Conjoint Survey*

**DECLARATION OF STEFAN BOEDEKER**

15. In my market simulations, I have varied the levels of attributes and prices, resulting in a discrete number of possible combinations. For each attribute combination, I computed two demand curves to assess if a drop in the demand curve resulted in an economic loss for a set of price points. In these simulations, I varied whether to include or exclude the five price points, as described in my March 29, 2018 Declaration, for three of the 10 competing brands thereby resulting in 80 permutations.[1] The economic loss estimated for these 80 permutations ranges from 9.6% to 15.7%, with a median of 11.7% and an average of 12%.

## 4   Summary and Conclusion

16. There is a median economic loss of 11.7% and an average economic loss of 12% for the California class.

17. Because the 12% average economic loss for the California Class and the 12.7% average economic loss for the nationwide class fall within the range of 9.6% to 15.7%, class-wide damages in California and nationwide are not statistically significantly different from each other, and this is an indicator of the statistical reliability of the chosen approach.

18. The conclusions set forth in my March 29, 2018 Declaration remain unchanged. This declaration is being provided to supplement my initial findings and conclusions regarding the economic loss of a National class to a California Class using the same conjoint study but restricted to participants from California only.

19. My testimony is based upon the information and data presently available to me. Additional and/or different information may be obtained, and I therefore reserve the right to amend or modify my testimony accordingly.

---

[1] I include or exclude Sierra Nevada, Corona and Sam Adams, resulting in 2*2*2*2*5 permutations for the economic loss analysis. The price and competitor beer permutations in the analysis constitute a subset of all possible combinations and including more permutations or a different subset of permutations would not alter my opinions and conclusions from the March 29, 2018 Declaration. Further, during my deposition, I was asked if these additional price points for competitor beers were included in calculating the price premium, as set forth in my March 29, 2018 Declaration. I was unable to answer the question with certainty at the time without the benefit of having exhibits and data available. I now confirm that I included these price points in calculating the nationwide price premium, as set forth in my March 29, 2018 Declaration.

20. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 29th day of June 2018, at Los Angeles, CA.

*[signature]*

Stefan Boedeker