# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| THEODORE BROOMFIELD, ET AL., <br> Plaintiffs, <br> v. <br> CRAFT BREW ALLIANCE, INC., et al., <br> Defendants. | Case No. 17-cv-01027-BLF <br><br> **ORDER DENYING ADMINISTRATIVE MOTION TO SEAL** <br><br> [Re: ECF 84] |

Before the Court is Defendant Craft Brew Alliance, Inc.'s ("Defendant") Administrative Motion to File Under Seal portions of its Opposition/Response to Plaintiff's Motion to Certify Class (ECF 85). *See* ECF 84. Defendant seeks to file under seal dozens of paragraphs and figures included in a supporting expert report and rebuttal expert report, as well as several paragraphs in a supporting declaration. In its Motion, Defendant states that it requests to seal portions of the relevant documents "because they contain documents or information designated by CBA as 'CONFIDENTIAL' under the Protective Order" (ECF 53) in place in this case. Mot. at 2. In its Declaration in support of its Motion, Defendant argues that it seeks to place these documents under seal "because they include information designated by [Defendant] as 'confidential' under the Protective Order," and because "the material has been designated as proprietary and confidential by CBA." Decl. of Tammy B. Webb, ECF 84-1, ¶¶ 3–4. Defendant makes no other arguments in support of its motion, and makes no specific arguments as to each portion of the documents sought to be sealed.

In order to file documents under seal, parties must comply with Civ. L.R. 79-5. That rule states that the movant must file a declaration "establishing that the document sought to be filed under seal, or portions thereof, are sealable." *Id.* 79-5(d)(1)(A). Moreover, Rule 79-5 requires movants to

comply with Civ. L.R. 7-11, which states that an administrative motion must "set forth specifically . . . the reasons supporting the motion." *Id.* 7-11(a). Under these rules, "[r]eference to a . . . protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof are sealable." *Id.* 79-5(d)(1)(A). Instead, the movant must set forth sufficient reasons why filing the documents or portions thereof is allowable under governing law. Finally, the movant must submit a proposed order "which lists in table format each document or portion thereof that is sought to be sealed." *Id.* 79-5(d)(1)(B).

Defendant has failed to comply with numerous requirements set forth in these rules, the most important of which being that it provide specific reasons why each portion of the documents it wishes to seal is in fact sealable. For this reason, the Court DENIES Defendant's administrative motion to file under seal without prejudice. Defendant is ORDERED to file unredacted versions of the relevant documents by **August 23, 2018**, or, in the alternative, to file a renewed administrative motion to seal in compliance with the local rules of this Court by **August 23, 2018**. If Defendant chooses to file another administrative motion to seal, it need not provide chambers copies to the Court.

**IT IS SO ORDERED.**

Dated: August 16, 2018

BETH LABSON FREEMAN
United States District Judge