# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| THEODORE BROOMFIELD, ET AL., Plaintiffs, v. CRAFT BREW ALLIANCE, INC., et al., Defendants. | Case No. 17-cv-01027-BLF **ORDER GRANTING ADMINISTRATIVE MOTION TO SEAL** [Re: ECF 87] |

Before the Court is Defendant Craft Brew Alliance, Inc.'s ("Defendant") Administrative Motion to File Under Seal portions of its Opposition/Response to Plaintiffs' Motion to Certify Class (ECF 85). *See* ECF 87. The time for Plaintiffs to file an opposition has passed and Plaintiffs have not opposed. *See* Civ. L.R. 7-11(b). For the reasons discussed below, Defendant's motion to seal is GRANTED.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097. In addition, sealing motions filed in this district must be "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b). A party moving to seal a document in whole or in part must file a declaration establishing that the

identified material is "sealable." Civ. L.R. 79-5(d)(1)(A). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." *Id.*

## II. DISCUSSION

Defendant seeks to seal the following exhibits in support of its Opposition to Plaintiff's Motion to Certify Class: Exhibit C, Andrew Y. Lemon's Expert Report (ECF 85-4); Exhibit O, Andrew Y. Lemon's Sur-Rebuttal Expert Report (ECF 85-16); and Exhibit Q, the declaration of Edwin A. Smith (ECF 85-18). The Court has reviewed Defendant's sealing motion (ECF 87) and the declaration submitted in support thereof (Declaration of Tammy Webb ("Webb Decl."), ECF 87-1). The Court's ruling on the sealing requests are set forth in the table below. The Court finds that Defendant has articulated compelling reasons and good cause for sealing and that the proposed redactions are narrowly tailored.

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| 85-4 | Andrew Y. Lemon's Expert Report | GRANTED as to ¶¶ 74–84, 199; Figs. 1, 2, 4A–F, 5A–F, 6A–F, 7A–C, 11, 14A–E, 15A–E, 16A–F, 17A–F, 18A–E, 19A–E | The proposed redacted portions contain confidential business information relating to Defendant's competitive beer pricing, disclosure of which would harm Defendant. These portions also contain third-party confidential information, disclosure of which would harm the third-party. Webb Decl., ECF 87-1 ¶ 5. |
| 85-16 | Andrew Y. Lemon's Sur-Rebuttal Expert Report | GRANTED as to ¶¶ 37–38, 59 | The proposed redacted portions contain confidential business information relating to Defendant's competitive beer pricing, disclosure of which would harm Defendant. Webb Decl., ECF 87-1 ¶ 5. |
| 85-18 | Declaration of Edwin A. Smith | GRANTED as to ¶¶ 3–7 | The proposed redacted portions contain confidential business information relating to Defendant's advertising and marketing budget, disclosure of which would harm Defendant. Webb Decl., ECF 87-1 ¶ 6. |

### III. ORDER

For the foregoing reasons, the sealing motion at ECF 87 is GRANTED. Because Defendant has already filed unredacted versions of the relevant exhibits under seal and redacted versions on the public docket, no further action is required.

**IT IS SO ORDERED.**

Dated: August 22, 2018

_____
BETH LABSON FREEMAN
United States District Judge