# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| THEODORE BROOMFIELD, ET AL., <br> Plaintiffs, <br> v. <br> CRAFT BREW ALLIANCE, INC., <br> Defendant. | Case No. 17-cv-01027-BLF <br><br> **ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO SEEK RECONSIDERATION OF COURT'S ORDER GRANTING CLASS CERTIFICATION** <br><br> [Re: ECF 97] |

On September 25, 2018, this Court granted Plaintiffs Theodore Broomfield and Simone Zimmer's ("Plaintiffs") motion for class certification. *See* ECF 94 ("Order"). Presently before the Court is Defendant Craft Brew Alliance, Inc.'s ("Defendant") motion for leave to seek reconsideration of that order. ECF 97 ("Mot."). The Civil Local Rules provide that no response need be filed and no hearing need be held with respect to a motion for leave to file a motion for reconsideration. Civ. L.R. 7-9(d). However, Plaintiffs have filed an opposition to Defendant's motion, ECF 98 ("Opp."), which the Court has also considered.

A motion for leave to file a motion for reconsideration may be filed prior to the entry of a final judgment in the case. Civ. L.R. 7-9(a). "The moving party must specifically show reasonable diligence in bringing the motion" and one of the following circumstances:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or

dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b).

In addition, "[n]o motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered." Civ. L.R. 7-9(c). Whether to grant leave to file under Rule 7-9 is committed to the Court's sound discretion. *See Montebueno Mktg., Inc. v. Del Monte Corp.-USA*, 570 F. App'x 675, 676 (9th Cir. 2014). A motion for reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

Defendant brings this motion for leave under Civ. L.R. 7-9(b)(3) only, arguing that the Court failed to consider the following dispositive facts and arguments: "(1) Boedeker's damages model was invalid given the marketplace instability and (2) Boedeker's model did not account for quantity, much less hold it constant or fixed." Mot. at 1.

The Court finds that Defendant made each of these arguments in its opposition to the motion for class certification. *See* Opp. to Class Cert. at 23–24, ECF 85 (arguing that Plaintiffs' expert Boedeker "does not dispute that the beer market is unstable" and thus that his model is inappropriate); *id.* at 21–24 (arguing that Boedeker failed to analyze supply side in part because he did not "rely on any historical sales or pricing data"). The Court explicitly considered each of these arguments and rejected it. *See* Order at 30–31 (recounting each side's arguments regarding marketplace stability and incorporation of supply side); *id.* at 34 (devoting almost an entire page to addressing the argument regarding the "dynamism of the marketplace"); *id.* at 31–33 (devoting two full pages to discussing inclusion of supply side). Thus, although Defendant clearly disagrees with this Court's ruling on certification, Defendant has not demonstrated "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before" issuance of the Certification Order. Civ. L.R. 7-9(b)(2)-(3).

For the foregoing reasons, Defendant's motion for leave to file a motion for reconsideration of the Court's Order Granting Motion to Certify Class is DENIED.

**IT IS SO ORDERED.**

Dated: October 16, 2018

_____
BETH LABSON FREEMAN
United States District Judge