**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| THEODORE BROOMFIELD, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CRAFT BREW ALLIANCE, INC., *et al.*, <br><br> Defendants. | CASE NO.: 5:17-cv-01027-BLF <br><br> **[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** AS MODIFIED |

# [~~PROPOSED~~] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiffs Theodore Broomfield and Simone Zimmer ("Plaintiffs") and Defendant Craft Brew Alliance, Inc. ("Defendant" or "CBA") have entered into a Settlement Agreement, which, together with the exhibits attached thereto, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice as to CBA upon the terms and conditions set forth therein (the "Settlement Agreement").

The Court has before it Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion") (ECF No. 115). After reviewing the Motion, the Settlement Agreement and exhibits thereto, the arguments and authorities presented by the Parties and their counsel at the Preliminary Approval Hearing held on June 13, 2019 and the record in the Action, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. Terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement Agreement, unless otherwise defined herein.

2. The Parties have moved the Court for an order approving the Settlement of the Action in accordance with the Settlement Agreement, which, together with the documents incorporated therein, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice, and the Court having read and considered the Settlement Agreement and having heard the Parties, hereby preliminarily approves the Settlement Agreement in its entirety subject to the Final Approval Hearing referred to in Paragraph 20 of this Order.

3. This Court finds that it has jurisdiction over the subject matter of this Action and over all Parties to the Action.

4. The Court finds that, subject to the Final Approval Hearing, the Settlement Agreement is fair, reasonable, and adequate, within the range of possible approval, and in the best interests of the Settlement Class defined below. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action, and provides substantial relief to the Settlement Class without the risks, burdens, costs, or delay associated with

1  continued litigation, trial, and/or appeal. The Court also finds that the Settlement Agreement: (a) is
2  the result of arm's-length negotiations between experienced class action attorneys; (b) is sufficient
3  to warrant notice of the Settlement and the Final Approval Hearing to be disseminated to the
4  Settlement Class; (c) meets all applicable requirements of law, including Federal Rule of Civil
5  Procedure 23 and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, the U.S.
6  Constitution, and the Northern District of California's Procedural Guidance for Class Action
7  Settlements; and (d) is not a finding or admission of liability by CBA or any other person(s), nor a
8  finding of the validity of any claims asserted in the Action or of any wrongdoing or any violation
9  of law.

**Certification of the Settlement Class**

11  5.    For purposes of settlement only: (a) Faruqi & Faruqi, LLP and the Wand Law
12  Firm, P.C. are appointed Class Counsel for the Settlement Class; and (b) Plaintiffs Theodore
13  Broomfield and Simone Zimmer are appointed Class Representatives for the Settlement Class.
14  The Court finds that these attorneys are competent and capable of exercising the responsibilities of
15  Settlement Class Counsel and that Plaintiffs will adequately protect the interests of the Settlement
16  Class defined below.

17  6.    For purposes of settlement only, the Court conditionally certifies the following
18  Settlement Class as defined in the Settlement Agreement:

> All Persons who purchased any four-pack, six-pack, twelve-pack or twenty-four pack of Kona Beers in the United States, its territories, or at any Untied States military facility, during the Class Period.

For the purposes of this definition, individuals living in the same household shall be deemed to be a single Class Member.

Kona Beers are defined as all 4-pack, 6-pack, 12-pack, or 24-pack of Longboard Island Lager, Hanalei IPA, Castaway IPA, Big Wave Golden Ale, Lemongrass Luau, Wailua Wheat, Fire Rock Pale Ale, Pipeline Porter, Lavaman Red Ale, Koko Brown Ale, Kua Bay IPA, Gold Cliff IPA, Kanaha Blonde Ale, Liquid Aloha Variety Pack, Island Hopper Variety Pack, Happy Mahalo

Variety Pack, and Wave Rider Tandem Pack. Excluded from this definition are all Kona Beers that are sold without packaging (i.e., loose bottles, loose cans, and draft beer).

Excluded from the Settlement Class are: (a) CBA's employees, officers and directors, (b) distributors, retailers or re-sellers of Kona Beers, (c) governmental entities, (d) persons who timely and properly exclude themselves from the Settlement Class as provided herein, (e) the Court, the Court's immediate family, and Court staff, and (f) counsel of record for the Parties and their respective law firms.

7. The Court finds, subject to the Final Approval Hearing referred to in Paragraph 20 below, that, solely within the context of and for the purposes of settlement only, the Settlement Class satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, specifically, that: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of fact and law common to the Settlement Class; (c) the claims of the Class Representatives are typical of the claims of the members of the Settlement Class; (d) the Class Representatives and Class Counsel will fairly and adequately protect the interests of the members of the Settlement Class; (d) common questions of law or fact predominate over questions affecting individual members; and (e) a class action is a superior method for fairly and efficiently adjudicating the Action.

8. If the Settlement Agreement does not receive the Court's final approval, if final approval is reversed on appeal, or if the Settlement Agreement is terminated or otherwise fails to become effective, the Court's grant of conditional class certification of the Settlement Class shall be vacated, the Parties shall revert to their positions in the Action as they existed prior to the Settlement Agreement, and the Class Representatives and the Class Members will once again bear the burden to prove their claims at trial.

### Notice and Administration

9. The Court approves, as to form, content, and distribution, the Notice Plan set forth in the Settlement Agreement, including the Claim Form attached to the Settlement Agreement as **Exhibit 1**, all forms of Notice to the Settlement Class as set forth in the Settlement Agreement and **Exhibits 2 and 3** thereto, and finds that such Notice is the best notice practicable under the

circumstances, and that the Notice complies fully with the requirements of the Federal Rules of Civil Procedure. The Court further finds that the Notice is reasonably calculated to, under all circumstances, reasonably apprise members of the Settlement Class of the pendency of this Action, the terms of the Settlement Agreement, and the right to object to the Settlement and to exclude themselves from the Settlement Class. The Court also finds that the Notice constitutes valid, due and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process. The Court further finds that the Notice Plan fully complies with the Northern District of California's Procedural Guidance for Class Action Settlements.

10.     The Parties have jointly selected a reputable settlement administration company, CPT Group, Inc. ("CPT"), to serve as the Settlement Administrator. The Court hereby appoints and authorizes CPT to be the Settlement Administrator, and thereby to perform and execute the notice responsibilities set forth in the Settlement Agreement.

11.     The Parties, without further approval from the Court, are hereby permitted to revise the Claim Form and forms of Notice to the Settlement Class (Exhibits 1 through 3 of the Settlement Agreement) in ways that are appropriate to update those documents for purposes of accuracy or formatting, so long as they are consistent in all material respects with the Settlement Agreement and this Order.

12.     The Court finds that CBA has fully complied with the notice provisions of the Class Action Fairness Act of 2005, 28 U.S.C, § 1715, as described in the Declaration of Tammy B. Webb.

### Submission of Claims and Requests for Exclusion from Class

13.     Class Members who wish to receive benefits under the Settlement Agreement must complete and submit a timely and valid Claim Form in accordance with the instructions contained therein. All Claim Forms must be postmarked or electronically submitted by October 7, 2019 ("Claims Deadline".)

14.     Any person falling within the definition of the Settlement Class may, upon valid and timely request, exclude him or herself or "opt out" from the Settlement Class. Any such person may do so if, on or before October 7, 2019 ("Objection/Exclusion Deadline"), they comply

with the exclusion procedures set forth in the Settlement Agreement. Any members of the Class so excluded shall neither be bound by the terms of the Settlement Agreement nor entitled to any of its benefits.

15.     Class Members who fail to submit a valid and timely request for exclusion shall be bound by all terms of the Settlement Agreement and the Final Judgment (if issued), regardless of whether they have requested exclusion from the Settlement Agreement, regardless of whether they have submitted a Claim Form, and regardless of whether that Claim Form has been deemed valid.

### **Objections and Appearances**

16.     Any Class Member who has not timely filed a Request for Exclusion may object to the fairness, reasonableness, or adequacy of the Settlement Agreement, to a Final Judgment being entered dismissing the Action with prejudice, to the attorneys' fees and costs sought by Class Counsel, or to the service awards sought for the Class Representatives in the amounts as set forth in the Notice and Settlement Agreement.

17.     Any Class Member who wishes to object must do so by on or before the Objection/Exclusion Deadline of October 7, 2019. Settlement Class Members shall submit written objection to the Court, either by (1) mailing them to the Class Action Clerk, United States District Court for the Northern District of California, 280 South 1st Street, Courtroom 3, San Jose, CA 95113, or (2) filing them in person at any location of the United States District Court for the Northern District of California or via the ECF electronic filing system.

18.     To validly object, the objection must comply with the objection procedures set forth in the Settlement Agreement, and include the following: (1) a caption or title that identifies it as "Objection to Class Settlement in *Broomfield v. Craft Brew Alliance, Inc*., No. 5-17-cv-01027-BLF" (2) the Settlement Class Member's name, address, telephone number, and if available, email address, and if represented by counsel, the foregoing information for his/her counsel; (3) whether the Settlement Class Member, or his or her counsel, intends to appear at the Final Approval Hearing; (4) whether the objection applies only to the Settlement Class Member, to a specific subset of the Settlement Class, or to the entire Settlement Class; (5) a clear and concise statement of the Settlement Class Member's Objection, including all bases and legal grounds for the

1  Objection; (5) documents sufficient to establish the person's standing as a Settlement Class
2  Member, i.e., verification under penalty of perjury as to the person's purchase of Kona Beers or a
3  Proof of Purchase; ~~and (6) a list of any other objections submitted by the Settlement Class~~
4  ~~Member, or his/her counsel, to any proposed class action settlements submitted in any court,~~
5  ~~whether state or federal, in the United States for the previous five (5) years. If the Settlement Class~~
6  ~~Member or his/her counsel has not objected to any other class action settlement in any other court~~
7  ~~in the previous five (5) years, he or she shall affirmatively state so.~~

8  19.    Class Members who fail to file and serve timely written objections in compliance with the requirements of the foregoing paragraph and the Settlement Agreement shall be deemed to have waived any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement Agreement and to any of the following: (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be given final approval by the Court; (b) whether a judgment and order of dismissal with prejudice should be entered; (c) whether to approve the Fee Award to Class Counsel; and (d) whether to approve the payment of an Class Representative Incentive Awards to the Class Representatives.

**Final Approval Hearing**

20.    The Final Approval Hearing shall be held before this Court on December 19, 2019, at 1:30 p.m. in Courtroom 3 at the Robert F. Peckham Federal Building, located at 280 South 1st Street, Courtroom 3 San Jose, CA 95113, to determine: (a) whether the proposed Settlement Agreement is fair, reasonable, and adequate and should be given final approval by the Court; (b) whether a final judgment and order of dismissal with prejudice should be entered; (c) whether to approve the payment of the Fee Award to Class Counsel; and (d) whether to approve the payment of the Class Representative Service Awards to the Class Representatives.

21.    Plaintiffs and Class Counsel shall file their Motion for Final Approval by no later than ~~Proposed Date:~~ October 28, 2019.

22.    Plaintiffs and Class Counsel shall file their Fee Application by no later thirty-five (35) calendar days before the Objection/Exclusion Deadline and the Claim Deadline.

**Related Orders**

23. All further proceedings in the Action are ordered stayed until Final Judgment or termination of the Settlement Agreement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate final approval of the Settlement Agreement.

24. Class Members shall be bound by all determinations and judgments in the Action concerning the Action and/or Settlement Agreement, whether favorable or unfavorable.

25. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement Agreement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

26. Any Settlement Class Member who does not submit a timely and valid Claim Form: (a) shall be forever barred from receiving any monetary payment under the Settlement; (b) shall be bound by the provisions of the Settlement Agreement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Final Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class Member.

27. If the Settlement receives Final Approval, all Settlement Class Members shall forever be barred and enjoined from directly or indirectly filing, commencing, instituting, prosecuting, maintaining, or intervening in any action, suit, cause of action, arbitration, claim, demand, or other proceeding in any jurisdiction, whether in the United States or elsewhere, on their own behalf or in a representative capacity, that is based upon or arises out of any or all of the Released Claims against CBA and the other Released Parties, as more fully described in the Settlement Agreement.

28. If the Settlement Agreement is not approved by the Court in complete accordance with its terms, each party will have the option of having the Action revert to its status as if the Settlement Agreement had not been negotiated, made, or filed with the Court. In such event, the Parties will retain all rights as if the Settlement Agreement was never agreed upon.

29.     In the event that the Settlement Agreement is terminated pursuant to the provisions of the Settlement Agreement or for any reason whatsoever the approval of it does not become Final then: (a) the Settlement Agreement shall be null and void, including any provision related to the award of attorneys' fees, costs and expenses, and shall have no further force and effect with respect to any party in this Action, and shall not be used in this Action or in any other proceeding for any purpose; (b) all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to any person or party hereto, shall not be deemed or construed to be an admission by any party of any act, matter, or proposition, and shall not be used in any manner or for any purpose in any subsequent proceeding in this Action or in any other action in any court or other proceeding, provided, however, that the termination of the Settlement Agreement shall not shield from subsequent discovery any factual information provided in connection with the negotiation of this Settlement Agreement that would ordinarily be discoverable but for the attempted settlement; (c) other than as expressly preserved by the Settlement Agreement in the event of its termination, the Settlement Agreement shall have no further force and effect with respect to any party and shall not be used in the Action or any other proceeding for any purpose; and (d) any party may elect to move the Court pursuant to the provisions of this paragraph, and none of the non-moving parties (or their counsel) shall oppose any such motion.

**IT IS SO ORDERED.**

DATED:  June 14, 2019

_/s/ Beth Labson Freeman_
Honorable Beth Labson Freeman
United States District Judge