**FARUQI & FARUQI, LLP**
Timothy J. Peter (admitted *pro hac vice*)
1617 JFK Boulevard, Suite 1550
Philadelphia, PA 19103
Telephone: (215) 277-5770
Facsimile: (215) 277-5771
E-mail: tpeter@faruqilaw.com

*Attorney for Plaintiffs and the Classes*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| THEODORE BROOMFIELD, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CRAFT BREW ALLIANCE, Inc., *et al.*, <br><br> Defendant. | Case No: 5:17-cv-01027-BLF <br><br> **DECLARATION OF TIMOTHY J. PETER IN SUPPORT OF PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FEE AWARD AND CLASS REPRESENTATIVE SERVICE AWARDS** <br><br> Date: December 19, 2019 <br> Time: 1:30 p.m. <br> Courtroom: 3 – 5th Floor <br> Judge: Hon. Beth Labson Freeman |

I, Timothy J. Peter, declare as follows:

1. I am an attorney at law, licensed to practice in the Commonwealth of Pennsylvania. On July 25, 2017 this Court granted by Application for Admission of Attorney Pro Hac Vice before this Court (ECF No. 33). I am a Partner at Faruqi & Faruqi, LLP (the "Faruqi Firm"), counsel of record for Plaintiffs in the above-captioned matter. Further, pursuant to the Court's Order Granting Motion to Certify Class, I have been appointed by the Court as Class Counsel pursuant to Fed. R. Civ. P. 23(g) in the above-captioned action (ECF No. 94). During my time at the Faruqi Firm, I served in various capacities, including Chair of the firm's Consumer Litigation Department and one of the lead attorneys on this matter.

2. I have personal knowledge of the matters stated herein and, if called upon, could and would competently testify thereto. I was actively involved in the litigation of this action from the inception and I have reviewed my office's files and records relating to this case prior to the submission of this declaration. If called as a witness, I could and would competently testify thereto under oath.

3. I submit this declaration in support of Plaintiffs' Notice of Motion and Motion for Attorneys' Fees and Costs and Class Representative Service Awards ("Motion"). Unless otherwise noted, all capitalized terms have the same definition as provided in the Settlement Agreement, attached hereto as **Exhibit A**.

I. **Overview of Class Counsel's Investigations, Correspondence with Defendant, Negotiations with Defense Counsel, and Preliminary Approval**

4. Plaintiffs and Class Counsel began investigating Defendant's[1] labeling and advertising of the Products on and around February 2017. Class Counsel's investigations included, but was not limited to, the following:

    a. Obtaining and reviewing the Kona Beers, including review of their labeling, packaging, and other forms of advertisements and promotions related to the

---

[1] Unless otherwise defined, capitalized terms used herein have the same meaning as defined in the Settlement Agreement.

Products;

b. Obtaining and reviewing electronic images of CBA's website and other electronic marketing platforms;

c. Obtaining and reviewing relevant legal precedent regarding similar misleading representations on product labels;

d. Obtaining and reviewing relevant filings and applications made by Defendant for the Products with the Alcohol and Tobacco Tax and Trade Bureau;

e. Obtaining and reviewing financial information regarding the Products and Defendant;

f. Extensive legal research to evaluate the prospective merits and weaknesses of the case;

g. Preparation and review of the initial complaint and ancillary documents; and

h. Analysis of potential class-wide damages.

5. Following Class Counsel's and Plaintiffs' investigation into the case, Plaintiffs defeated Defendant's attempt to dismiss this action. Shortly following this victory, Plaintiffs successfully moved for reconsideration of the Court's order, which determined that Plaintiffs lacked standing to pursue injunctive relief.

6. Following these victories and several iterations of the complaint and other pleadings, Class Counsel subsequently propounded and responded to discovery requests and further reviewed extensive discovery to assess the merits of the claims and determine how to best serve the interests of putative class members. Class Counsel further took and defended eight corporate, client, and expert depositions. Throughout this process, Class Counsel avoided the need for costly discovery disputes.

7. Equipped with pertinent documents and knowledge gained from the discovery process, Class Counsel spent expensive time and resources preparing for class certification. These efforts were effective, as Class Counsel successfully certified two classes and opposed Defendant's Rule 23(f) petition and its motion for reconsideration of the Court's class certification order.

8. Beginning in January 24, 2019 and after Class Counsel's investigations and

2

DECLARATION OF TIMOTHY J. PETER IN SUPPORT OF PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FEE AWARD AND CLASS REPRESENTATIVE SERVICE AWARDS; CASE NO. 5:17-CV-01027-BLF

discovery, the Parties participated in a day-long mediation session with Bruce A. Edwards of JAMS in San Francisco, California. Despite not reaching a settlement during this mediation, Class Counsel continued to engage in settlement discussions outside of mediation. The Parties further continued to exchange documents and information regarding their respective positions.

9. The Parties participated in a second mediation session with Mr. Edwards on March 6, 2019. The session lasted approximately 12 hours and the Parties were able to reach a settlement in principle at the conclusion of the mediation. The Parties negotiated Class Counsel's attorneys' fees and costs only after reaching agreement on the monetary and injunctive relief for the Class.

10. Due to the amount and scope of discovery exchanged and taken, both before, during, and after the Parties began discussing settlement, Plaintiffs were well-apprised of the salient legal and factual issues before reaching the decision to settle this matter. From these efforts, investigations, negotiations, and considerations, Class Counsel and Plaintiffs firmly believe that the Settlement Agreement best protects the Settlement Class through injunctive relief, as a deterrent measure, and in the form of immediate monetary relief. While Class Counsel remains confident that Plaintiffs have a strong likelihood of prevailing on the merits of the case, Class Counsel fully supports and endorses the Settlement Agreement as fair, adequate, and reasonable after weighing of the risks and benefits of continued litigations in conjunction with the immediacy of relief to the Settlement Class. Class Counsel considered, among other things, the risks and expenses of further litigation, the prospect of losing on the merits, and the complexities associated with the present state of law. Class Counsel also considered the benefits that the Settlement Agreement would provide to the Settlement Class, and to the public, and the value of immediate monetary relief and equitable relief.

11. Class Counsel remained ready to litigate the attorneys' fees issue if the Parties could not reach an agreement.

12. The Settlement Agreement was preliminary approved by the Court on June 14, 2019, setting the final approval hearing December 19, 2019, with one minor change requested by the Court regarding the identification of any objectors' previous class objections. The Settlement Agreement attached as **Exhibit A** implements the Court's requested changes. Attached as **Exhibit**

3

DECLARATION OF TIMOTHY J. PETER IN SUPPORT OF PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FEE AWARD AND CLASS REPRESENTATIVE SERVICE AWARDS; CASE NO. 5:17-CV-01027-BLF

**B** to this Declaration is a true and correct copy of the Preliminary Approval Order.

## II.  Background and Experience of Class Counsel

13.  Faruqi & Faruqi, LLP is a national law firm, with offices in New York, Georgia, Pennsylvania, California, and Delaware. The firm's practice focuses primarily on complex class action litigation covering consumer, antitrust, financial, corporate governance, and securities matters. Faruqi & Faruqi has extensive experience in the litigation and settlement of complex class actions, including numerous food labeling consumer class actions. These experiences and skills were crucial to forming the well-supported Settlement Agreement in this case.

14.  From my time with Faruqi & Faruqi, I have served as counsel in at least 13 consumer class action cases, including:

   a.  *Saidian v. Krispy Kreme Doughnut Corp.*, No. 2:16-cv-08338 (C.D. Cal. Nov. 9, 2016);

   b.  *Forcellati, et al. v. Hyland's, Inc., et al.*, No. 2:12-cv-01983 (C.D. Cal. Nov. 8, 2012);

   c.  *Kadkhoda* v. *My Pillow, Inc.*, No. 2:16-cv-02216 (C.D. Cal. Mar. 31, 2016);

   d.  *Van Mourik v. Big Heart Pet Brands, Inc.*, No. 3:17-cv-03889 (N.D. Cal. July 10, 2017);

   e.  *Saghian v. Sun-Maid Growers of California*, No. 2:17-cv-05013 (C.D. Cal. July 7, 2017);

   f.  *Hashtpari v. Utz Quality Foods, Inc.*, No. 2:16-cv-3453 (C.D. Cal. May 18, 2016);

   g.  *Webb Jr. v. Dr Pepper Snapple Group, Inc., et al.*, No. 4:17-cv-00624 (W.D. Mo. July 27, 2017);

   h.  *Hafer, et al.* v. *Nestle U.S.A., Inc.*, No. BC649863 (Cal. Sup. Ct., L.A. Cty., Mar. 20, 2017);

   i.  *Naimi v. Starbucks Corporation, et al.*, No. 2:17-cv-0648 (C.D. Cal. Sep. 1, 2017);

   j.  *Cabrera v. Bayer Healthcare LLC, et al.*, No. 2:17-cv-08525 (C.D. Cal. Nov. 22, 2017);

   k.  *Joseph v. The J.M. Smucker Company*, No. 2:17-cv-08735 (C.D. Cal. Dec. 4, 2017);

4

DECLARATION OF TIMOTHY J. PETER IN SUPPORT OF PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FEE AWARD AND CLASS REPRESENTATIVE SERVICE AWARDS; CASE NO. 5:17-CV-01027-BLF

l. *In re Hudson's Bay Company Data Security Incident Consumer Litigation*, Docket No. 1:18-cv-08472 (S.D.N.Y. Sept 18, 2018);

m. *Zaragoza v. Apple Inc.*, No. 5:18-cv-06139 (N.D. Cal. Oct. 5, 2018);

n. *Maeda v. Pinnacle Foods, Inc.*, No. 1:18-cv-00459 (D. Haw. Nov. 26, 2018);

o. *Correia v. Johnson & Johnson Consumer Inc.,* No. 2:18-cv-09918 (C.D. Cal. Nov. 27, 2018);

p. *Reifman v. Canary Connect, Inc.*, No. 18-cv-11365 (S.D.N.Y. Dec. 5, 2018); and

q. *Buxbaum v. Godiva Chocolatier, Inc.*, No. 3:19-cv-00558 (N.D. Cal. Jan. 31, 2019).

15. Furthermore, since 2011, Faruqi & Faruqi has served as lead or co-lead counsel in the following consumer class action cases:

a. *In re: Michaels Stores Pin Pad Litig.*, Case No. 1:11-CV-03350 CPK (N.D. Ill. June 8, 2011);

b. *In re Haier Freezer Consumer Litig.*, No. C11-02911 (N.D. Cal. Aug. 17, 2011);

c. *Loreto v. Coast Cutlery Co.*, No. 11-3977 (D.N.J. Sep. 8, 2011);

d. *Rodriguez v. CitiMortgage, Inc.*, No. 1:11-cv-04718 (S.D.N.Y. Nov. 14, 2011);

e. *Avram v. Samsung Elecs. Am., Inc.*, No. 11-6973 (D.N.J. Jan 3, 2012);

f. *Rossi v. Procter & Gamble Co.*, No. 11-7238 (D.N.J. Jan. 31, 2012);

g. *Dzielak v. Whirlpool Corp.*, No. 2:12-cv-0089 (D.N.J. Feb. 21, 2012);

h. *Jovel et al., v. i-Health, Inc.*, No 1:12-cv-05614 (E.D.N.Y. Mar. 27, 2012);

i. *Dei Rossi v. Whirlpool Corp.*, No. 12-125 (E.D. Cal. Apr. 19, 2012);

j. *In re Scotts EZ Seed Litig.*, No. 7:12-cv-4727 (VB) (S.D.N.Y. Sept. 19, 2012);

k. *In re Sinus Buster Prods. Consumer Litig.*, No. 12-2429 (E.D.N.Y. Dec. 17, 2012);

l. *In re Alexia Foods, Inc. Litigation*, Case No. 4:11-cv-06119 PJH (N.D. Cal. Dec. 12, 2013);

m. *Bates v. Kashi Co., et al.*, No. 11-CV-1967-H BGS (S.D. Cal. Sept. 2, 2014);

n. *In re 5-Hour Energy Mktg. & Sales Practices Litig.*, No. MDL 13-2438 (C.D. Cal. Sep. 4, 2014);

5

DECLARATION OF TIMOTHY J. PETER IN SUPPORT OF PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FEE AWARD AND CLASS REPRESENTATIVE SERVICE AWARDS; CASE NO. 5:17-CV-01027-BLF

o. *Potzner v. Tommie Copper Inc., et al.,* No. 7:15-cv-03183 (S.D.N.Y. Jan. 4, 2016);

p. *In re: Arby's Restaurant Group, Inc. Data Security Litigation*, Case No. 1:17-cv-1035-WMR (Mar. 22, 2017);

q. *Broomfield v. Craft Brew Alliance, Inc., et al.*, No. 5:17-cv-01027 (N.D. Cal. Apr. 7, 2017);

r. *Park, et al. v. Zuffa LLC*, Case No. 2:17-cv-02282-APG-VCF (D. Nev. 2017);

s. *Mack v. LLR, Inc., et al.*, No. 5:17-cv-00853 (C.D. Cal. June 2, 2017); and

t. *In re Hudson's Bay Company Data Security Incident Consumer Litigation*, Docket No. 1:18-cv-08472 (S.D.N.Y. Sept 18, 2018).

16. Therefore, Class Counsel is and was capable of, and committed to, prosecuting this action vigorously on behalf of the Settlement Class. Attached hereto as **Exhibit C** is a true and correct copy of Faruqi & Faruqi, LLP's firm resume. The section covering Class Counsel's experience in consumer class action cases can be found on pages 8-10.

### III.  Class Counsel's Lodestar and Expenses

17. From Plaintiffs and Class Counsel's initial investigations of the case, Class Counsel anticipated the need to, and was ready to, spend hundreds of hours litigating this case. This litigation carried the risk that Plaintiffs might not prevail on their claims, due to the complex nature of the factual and legal claims at issue. This risk bore the possibility that Class Counsel would receive no compensation for its time, effort, and resources. Despite these risks, Class Counsel continued to prosecute the case on behalf of Plaintiffs and the Settlement Class.

18. Indeed, Faruqi & Faruqi, LLP is well-aware of the substantial costs involved with such litigation, having previously litigated, certified, and settled a highly similar class action regarding geographical misrepresentations on a beer product.

19. As of February 13, 2017, the total hours billed by Faruqi & Faruqi for this case is 2,100.65 hours. The total lodestar based on the firm's current rates is $1,103,178.75 as of the same date. As is the general practice of most law firms, each of the attorneys and support staff at the Faruqi Firm are responsible for keeping track of their billable time. I have personally reviewed all of the Faruqi Firm's time entries and have used billing judgment to ensure that duplicative or

unnecessary time has been excluded and that only time reasonably devoted to the litigation has been included. Class Counsel further worked in cooperation with one another to ensure case management, including dividing tasks and avoiding duplicative work between the two firms. The time and descriptions displayed in the Faruqi Firm's billing records were regularly and contemporaneously recorded by me and other timekeepers/employees of the firm and have been maintained in the computerized records at the Faruqi Firm.

20. Class Counsel's lodestar does not include the additional time that they will need to devote to implementing the Settlement (should the Court grant final approval), which will include assisting Class Members with claims, communicating with CBA and the Settlement Administrator and overseeing settlement administration generally, work spent on any appeal if necessary, and taking further steps to close out the litigation. Class Counsel estimates that, based on previous experiences, these efforts will likely require 100 hours of additional work.

21. In accordance with this Section VII of this Court's Standing Order RE Civil Cases, Class Counsel has attached as **Exhibit D** a chart summarizing the hours expended on the tasks in this case. The hourly rate referenced in the chart is based on the firm's current hourly billing rates.[2] Class Counsel's hourly rates on this case ranged from $400-825.

22. Provided below is a time report reflecting the total hours spent by the Faruqi Firm's attorneys and support staff, including their respective hourly rates and lodestar:

---

[2] The Supreme Court and other courts have held that the use of current rates is proper since such rates compensate for inflation and the loss of use of funds. *See Missouri v. Jenkins*, 491 U.S. 274, 283-84 (1989).

7

DECLARATION OF TIMOTHY J. PETER IN SUPPORT OF PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FEE AWARD AND CLASS REPRESENTATIVE SERVICE AWARDS; CASE NO. 5:17-CV-01027-BLF

| PROFESSIONAL* | HOURS | RATE | LODESTAR |
|---|---:|---:|---:|
| STUART GUBER (P) | 6.80 | $825 | $5,610.00 |
| TIMOTHY PETER (P) | 492.60 | $700 | $344,820.00 |
| BARBARA ROHR (P) | 22.00 | $550 | $12,100.00 |
| BENJAMIN HEIKALI (P) | 633.60 | $575 | $364,320.00 |
| JOSEPHINE REINA (A) | 94.00 | $450 | $42,300.00 |
| ALEX HELLER (P) | 2.25 | $475 | $1,068.75 |
| JOSHUA NASSIR (A) | 572.90 | $400 | $229,160.00 |
| DEREK BEHNKE (PL) | 4.50 | $400 | $1,800.00 |
| BRIAN GIACALONE (PL) | 17.95 | $375 | $6,731.25 |
| SUSANNA MARTON (PL) | 252.50 | $375 | $94,687.50 |
| ANTHONY ALOISE (PL) | 1.55 | $375 | $581.25 |
| **TOTALS** | 2,100.65 | | $1,103,178.75 |

*(P) - Partner; (SC) - Senior Counsel
(OC) - Of Counsel; (A) - Associate
(PL) - Paralegal

23. I believe our rates are reasonable pursuant to following authorities and evidence of the Faruqi Firm's previously approved rates in other class actions, including matters in this District:

   a. *In re Lidoderm Antitrust Litigation*, Case No. 14-md-02521-WHO (Apr. 3, 2014) (ECF Nos. 1024-1, 1055) (approving Faruqi & Faruqi 2018 partner rates up to $900, associate rates up to $590, and $400 for paralegal rates);

   b. *Douglas v. Witney, et al.*, Case No., 3:16-cv-00921 (N.D. Cal. Feb 24, 2016) (ECF Nos. 52-1, 60) (approving Faruqi & Faruqi 2016 partner rates up to $775, associate rates up to $400, and paralegal rates up to $375)

   c. *In re: Arby's Restaurant Group, Inc. Data Security Litigation*, Case No. 1:17-cv-1035-WMR (N.D. Ga. Mar. 22, 2017) (ECF Nos. 190-191) (approving Faruqi & Faruqi 2019 partner rates up to $825, associate rates up to $450, and paralegal rates up to $310);

   d. *In re: Scotts EZ Seed Litigation*, Case No. 7:12-cv-04727-VB-PED (S.D.N.Y. June

8

DECLARATION OF TIMOTHY J. PETER IN SUPPORT OF PLAINTIFFS' NOTICE OF MOTION AND MOTION
FOR FEE AWARD AND CLASS REPRESENTATIVE SERVICE AWARDS; CASE NO. 5:17-CV-01027-BLF

15, 2015) (ECF Nos. 351-2, 367) (approving partner rates up to $950, associate rates up to $555, and paralegal rates up to $375);

e. *In Re: The Home Depot, Inc. Shareholder Derivative Litigation*, No. 1:15-cv-2999-TWT, ECF No. 82-2, 84 (N.D. Ga. 2017) (approving Faruqi & Faruqi 2018 partner rates up to $ 850, associate rates up to $580, and paralegal rates up to $310).

f. *Astiana v. Kashi Co.*, No. 11-CV-1967-H (BGS), 2014 U.S. Dist. LEXIS 127624 (S.D. Cal. Sept. 2, 2014) (approving Faruqi & Faruqi 2014 partner rates up to $875, associate rates up to $510, paralegal rates up to $315 and time of Faruqi & Faruqi in granting plaintiffs' motion for final approval and for award of attorneys' fees, costs, and incentive awards, as established in ECF No. 229-4);

g. *Cox v. Clarus Marketing Group, LLC.*, 291 F.R.D. 473, 483 (S.D. Cal. 2013) (approving the 2013 hourly rates of Class Counsel, including Faruqi & Faruqiwsaw 2013 partner rates of $625-$850, associate rates of $390-$535, and paralegal rates of $265-$300 (as presented in ECF No. 30-5 in Case No. 3:11- cv-02711-H-RBB), stating that "hourly rates charged by the attorneys appear reasonable in light of the experience of counsel and complexities of this case.");

h. *Basaraba v. Greenberg*, No. CV 13-5061 PSG (SHX), 2014 WL 12591627, at *5 (C.D. Cal. Nov. 12, 2014) (approving Faruqi & Faruqi 2014 partner rates up to $750, associate rates up to $565, and paralegal rates up to $315);

i. *In re Alexia Foods, Inc. Litigation*, Case No. 4:11-cv-06119 PJH, ECF No. 66, (N.D. Cal. Dec. 12, 2013). (approving Faruqi & Faruqi's 2013 partner rates of $650-$875, associate rates of $390-$450 and time of the firm in granting plaintiffs' motion for final approval and for award of attorneys' fees, costs, and incentive awards, as set forth in ECF No. 55-2.);

j. *In re Haier Freezer Consumer Litigation*, Case No. C 11-02911 EJD, ECF No. 90, (N.D. Cal. Oct. 25, 2013) (approving Faruqi & Faruqi's 2013 partner rates of $645-$850, associate rates of $375-$535, paralegal rates of $250-$265, and time of Faruqi & Faruqi in granting plaintiffs' motion for final approval and for award of attorneys'

fees, costs, and incentive awards, as set forth in ECF No. 87-3.);

k. *Rossi v. Proctor & Gamble Co.*, Civil Action No. 11-7238 (JLL), 2013 U.S. Dist. LEXIS 143180, at *30 (D.N.J. Oct. 3, 2013) (finding the 2013 hourly partner rates of $650-$850, associate rates of $375-$535, paralegal rates of $235-265 as reasonable (as set forth in ECF No. 76-4), stating that they "are based on a reasonable hourly billing rate for such services given the geographical area, the nature of the services provided and the experience of the lawyer."); and

l. *In Re Overhill Farms, Inc., Shareholders Litigation*, Master Caption No. A-13-681991-C (Nev. Dist. Ct. May 17, 2013) ("*Overhill*") (approving Faruqi & Faruqi 2014 partner rates of $650-$875, associate rates of $375-$475, and paralegal rates of $245-$315).

24. Comparable hourly rates have been deemed reasonable by various courts in the Northern District of California and other courts for reasonably comparable services, including the following:

a. *Jackie Fitzhenry-Russell v. Keurig Dr Pepper Inc., et al.*, Case No. 5:17-cv-00564 (N.D. Cal. Feb 03, 2017) (ECF Nos. 327-1, 350) (approving partner rates up to $894 and associate rates up to $658);

b. *In re Optical Disk Drive Prod. Antitrust Litig.*, No. 3:10-MD-2143 RS, 2016 WL 7364803, at *8 (N.D. Cal. Dec. 19, 2016) (approving partner rates up to $950 and associate rates up to $605, holding that "these ranges are within the ranges accepted by other Courts in this District and market surveys.");

c. *Suzuki v. Hitachi Glob. Storage Techs., Inc.*, No. C 06-7289 MHP, 2010 WL 956896, at *4 (N.D. Cal. Mar. 12, 2010) (finding, in a case regarding consumer misrepresentation, "reasonable attorneys fees based on rates of $650 for partner services and $500 for associate attorney services[.]");

d. *Gutierrez v. Wells Fargo Bank, N.A.*, No. C 07-05923 WHA, 2015 WL 2438274, at *5 (N.D. Cal. May 21, 2015) (approving partner rates up to $975 and associate rates up to $495 in a consumer class action);

  e. *In re Amgen Inc. Sec. Litig.*, No. CV 7-2536 PSG (PLAX), 2016 WL 10571773, at *9 (C.D. Cal. Oct. 25, 2016) (approving "a billing rate ranging from $750 to $985 per hour for partners, $500 to $800 per hour for 'of counsels'/senior counsel, and $300 to $725 per hour for other attorneys.");

  f. *In re Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litig.*, No. 10-ml-02151-NS (FMOx), Dkt. No. 3933 (C.D. Cal. June 24, 2013) (finding that "[c]lass counsel's experience, reputation, and skill, as well as the complexity of the case" justified their rates that ranging up to $950);

  g. *Negrete v. Allianz Life Ins. Co. of N. Am.*, 2015 WL 12592726, at *13 (C.D. Cal. Mar. 17, 2015) (finding Class Counsel's hourly rates ranging up to $905 "reasonable for complex class action litigation in Los Angeles.");

  h. *Kearney v. Hyundai Motor Am.*, 2013 U.S. Dist. LEXIS 91636, at *24-28 (C.D. Cal. June 28, 2013) (approving hourly rates of $650 to $800 for class counsel in a nationwide consumer class action on a contingent fee basis); and

  i. *Klee v. Nissan N. Am., Inc.*, No. CV 12-08238 AWT (PJWx), 2015 U.S. Dist. LEXIS 88270, at *38 (C.D. Cal. July 7, 2015) (finding that hourly rates ranging up to $695 for senior attorneys are reasonable).

25. Based on my knowledge, experience, and research, the hourly rates charged by the Faruqi Firm are within the range of market rates charged for similar work performed by attorneys of equivalent experience, skill, and expertise. I became familiar with these rates by: (1) discussing fees with other class action attorneys; (2) reviewing prior attorneys' fees applications; (3) obtaining declarations regarding prevailing market rates filed by attorneys seeking similar fees; and (4) by researching surveys, articles, and legal opinions regarding the proper rates of fees for attorneys of similar skill and experience.

26. Furthermore, the nature of the contingency fee in this litigation provides little doubt that Class Counsel diligently worked to ensure efficiency in its work product due to the risk of not receiving compensation for the firm's time, labor, and resources. *See Moreno v. City of Sacramento* 534 F.3d 1106, 1112 (9th Cir. 2008) (stating that "lawyers are not likely to spend unnecessary time

on contingency fee cases in the hope of inflating their fees. The payoff is too uncertain, as to both the result and the amount of the fee. It would therefore be the highly atypical [risky, contingent] case where plaintiff's lawyer engages in churning."). Our legal services performed in conjunction with this litigation were wholly on a contingent fee basis. Therefore, Class Counsel has assumed the risk of nonpayment in litigating and prosecuting this action and have at all times ensured that sufficient resources were made available. Given the contingent nature of this case, Class Counsel risked nonpayment, particularly given that CBA was represented by a first-rate law firm with significant experience litigating consumer class actions that vigorously represented liability and class certification in this case.

27. Furthermore, the Faruqi Firm expended $169,227.19 in out-of-pocket costs and expenses associated with the prosecution of this case. Provided below is a summary listing of the costs and expenses incurred by the Faruqi Firm. These expenses include fees for filing, legal research, courier and mailing services, and telephonic and fax services. These expenses do not include the costs and expenses Class Counsel expects to incur after filing the instant approval and award motions:

| AMOUNT | DESCRIPTION |
|---|---|
| $4,451.25 | Total Filing Fees/Process Server Fees |
| $859.81 | Total Research Expenses |
| $144,925.81 | Total Professional Expenses (Expert) |
| $4,928.75 | Total Court Reporting Expenses |
| $8,542.40 | Total Catering/Meals/Travel Expenses (External) |
| $4,550.00 | Total IT Related Expenses |
| $336.00 | Total Production Copy Expenses |
| $128.20 | Total Telephone/Fax Expenses |
| $504.97 | Total Postage/FedEx Expenses |
| **$169,227.19** | **Total Expenses** |

28. As demonstrated in the Motion, the risk of non-payment inherent in contingency fee contracts represents a gamble that Class Counsel could be left unpaid. For this reason, courts have enhanced the fee award to compensate for this risk. Here, Class Counsel represented Plaintiffs and the Class on a contingent fee basis and has therefore undertook a risk of non-payment. Class Counsel took this risk, thereby making the decision to utilize the firm's time, money, and resources

on this litigation as opposed to other potential employment opportunities. This risk is amplified given the nature of a nationwide class action regarding complex claims and the risks of losing the case on the merits or a possible appeal.

29.     If Class Counsel did not reach the Settlement Agreement with Defendant, this case would have likely led to trial, thereby causing substantial increased costs to all parties that would not have been reimbursed without Plaintiffs prevailing.

30.     Finally, in support of Plaintiffs' service awards, while Plaintiffs have not (to their knowledge) personally experienced adverse consequences as a result of this case, it did garner a fair amount of media attention, as it was widely reported by local and mainstream media outlets

I declare under penalty of perjury under the laws of the United States of America and the Commonwealth of Pennsylvania that the foregoing is true and correct.

Executed this 2rd day of September, at Philadelphia, Pennsylvania.

                                                         /s/ Timothy J. Peter  
                                                         Timothy J. Peter

13

DECLARATION OF TIMOTHY J. PETER IN SUPPORT OF PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FEE AWARD AND CLASS REPRESENTATIVE SERVICE AWARDS; CASE NO. 5:17-CV-01027-BLF