**FARUQI & FARUQI, LLP**
Benjamin Heikali (SBN 307466)
Joshua Nassir (SBN 318344)
10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90024
Telephone: (424) 256-2884
Facsimile: (424) 256-2885
E-mail: bheikali@faruqilaw.com
          jnassir@faruqilaw.com

**FARUQI & FARUQI, LLP**
Timothy J. Peter (admitted *pro hac vice*)
1617 JFK Boulevard, Suite 1550
Philadelphia, PA 19103
Telephone: (215) 277-5770
Facsimile: (215) 277-5771
E-mail: tpeter@faruqilaw.com

*Attorneys for Plaintiffs and the Settlement Class*

**THE WAND LAW FIRM, P.C.**
Aubry Wand (SBN 281207)
400 Corporate Pointe, Suite 300
Culver City, California 90230
Telephone: (310) 590-4503
Facsimile: (310) 590-4596
E-mail: awand@wandlawfirm.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| THEODORE BROOMFIELD, *et al.*,<br><br>      Plaintiffs,<br><br>   v.<br><br>CRAFT BREW ALLIANCE, INC., *et al.*,<br><br>      Defendants. | CASE NO.: 5:17-cv-01027-BLF<br><br>**DECLARATION OF AUBRY WAND IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS AND CLASS REPRESENTATIVE SERVICE AWARDS**<br><br>Date: December 19, 2019<br>Time: 1:30 p.m.<br>Courtroom: 3 – 5th Floor<br>Judge: Hon. Beth Labson Freeman |

## DECLARATION OF AUBRY WAND

I, Aubry Wand, hereby declare as follows:

1.     I am an attorney at law, licensed to practice in the State of California. I am the principal of the Wand Law Firm, P.C. ("WLF"). WLF, along with Faruqi & Faruqi LLP ("F&F"), serve as co-counsel of record for Plaintiffs in the above-captioned action. In granting preliminary approval, the Court appointed WLF and F&F as counsel for the settlement class (hereinafter referred to as "Class Counsel").

2.     I directly participated in all material aspects of this litigation and make this declaration on the basis of personal firsthand knowledge. If called as a witness, I could and would readily and competently testify to all matters stated within.

3.     I make this declaration in support of Plaintiffs' Motion for Attorneys' Fees and Costs and Class Representative Service Awards.

## QUALIFICATIONS

4.     I received a B.A. from the University of Pennsylvania in 2007 in English and Political Science. I received a J.D. from UC Hastings College of the Law in 2011. I became a member of the State Bar of California in December 2011, and I have been an active member in good standing continuously since then. In 2012, I completed a judicial clerkship for the Honorable Colette Y. Garibaldi, of the First Circuit Court, State of Hawaii. I am currently an active member and in good standing of the State Bar of Hawaii.

5.     I have been practicing as a litigation attorney, focusing primarily on protecting the rights of employees and consumers, continuously since 2012.

6.     From 2012 to 2015, I worked as an associate at a law firm that focused on litigating class action cases in the employment context.

7.     I founded WLF in the beginning of 2016. Since then, WLF has been dedicated almost exclusively to litigating cases on behalf of consumers and employees. I am the firm's managing partner and am responsible for all litigation decisions.

8.     I have been named a "Rising Star" in 2018 and 2019 for the Southern California Super Lawyers magazine.

9.    Over the past several years, WLF has successfully recovered substantial compensation on behalf of employees. For example, in 2018 WLF prevailed on a FEHA discrimination claim on behalf of an employee in a private arbitration after completing a six-day hearing. WLF has also served as lead counsel in numerous wage-and-hour class actions in which millions of dollars have been recovered for thousands of employees. For example, in 2018, WLF resolved a wage-and-hour class action for $2.1 million in *Hopper-Porter v. Desert Regional Medical Center, Inc.*, Riverside Superior Court Case No. RIC1610095, and in 2019, WLF settled a wage-and-hour class action for $4.45 million in *Carrillo v. Merchant of Tennis, Inc.*, Los Angeles Superior Court Case No. BC707896.

10.    WLF also has extensive experience litigating consumer class actions.

11.    On August 22, 2017, Judge Orrick of the U.S. District Court for the Northern District of California, granted final approval to, and appointed my office (along with co-counsel) as class counsel in a consumer class action entitled *Knapp v. Art.com, Inc.*, Case No. 3:16-cv-00768-WHO, which involved a nationwide settlement on behalf of approximately 2 million class members, based on allegations that the defendant engaged in deceptive sales practices.

12.    On July 29, 2019, Judge Lorenz of the U.S. District Court for the Southern District of California, granted final approval to, and appointed my office (along with co-counsel) as class counsel in a consumer class action entitled *Dashnaw, et al. v. New Balance Athletics, Inc.*, Case No. 3:17-cv-00159-L-JLB, which involved settlement of a California class of nearly one million class members, based on allegations that the defendant engaged in deceptive "Made in USA" representations with respect to some its shoes.

13.    WLF is currently litigating consumer class actions in state and federal courts throughout the country, including in California, Hawaii, and New York.

## **LODESTAR**

14.    To date, I have spent 1197.80 hours on this case. However, I have reduced 28 hours of travel time by 50% (to 14 hours), and am thus seeking compensation for 1183.80 hours. At a requested rate of $600 per hour, my lodestar is $710,280 ($600 x 1183.80 hours). The basis for my requested hourly rate and the time that I spent on this matter is explained below.

## A.      Hourly Rate

15.     I respectfully request that the Court approve a rate of $600 per hour in this case. First, I am informed and believe that this rate is consistent with the Northern District of California legal market for attorneys who manage complex class actions. Based on my knowledge, experience, and research, my requested rate of $600 per hour is within the range of market rates charged for similar work by attorneys of equivalent experience, skill, and expertise. I became familiar with these rates by discussing rates and fees with other class action attorneys and reviewing other attorneys' fees awards and declarations regarding prevailing market rates filed by attorneys receiving similar fees. Here are a few examples: *Koller et al. v. Med Foods, Inc., et al.*, Case No. 3:14-CV-2400-RS (N.D. Cal. Aug. 29, 2018) (approving rates of $950-$975 for partners and $775 for associate that had practicing for 9 years); *Kumar v. Salov North America Corp.*, Case No. 14-cv-2411 (N.D. Cal. Jul. 7, 2017) (approving rates of $925-$950 for partners and $725 for associate that had practicing for 8 years); *Fitzhenry-Russell v. Keurig Dr Pepper Inc., et al*, Case No. 5:17-cv-00564 (N.D. Cal. Feb 03, 2017) (ECF Nos. 327-1, 350) (approving partner rates up to $894 and associate rates up to $658); *In re Optical Disk Drive Prod. Antitrust Litig.*, No. 3:10-MD-2143 RS, 2016 WL 7364803, at *8 (N.D. Cal. Dec. 19, 2016) (approving partner rates up to $950 and associate rates up to $605 finding that "these ranges are within the ranges accepted by other Courts in this District and market surveys."); *Gutierrez v. Wells Fargo Bank, N.A.*, No. C 07-05923 WHA, 2015 WL 2438274, at *5 (N.D. Cal. May 21, 2015) (approving partner rates up to $975 and associate rates up to $495 in a consumer class action).

16.     Second, this rate is higher than, but I believe consistent with, my hourly rate previously approved by California courts. My hourly rate for 2018 was, as a general matter, $525 per hour, which was approved by several California courts in wage-and-hour class actions:

| Case Name | Hourly Rate | Year |
|---|---|---|
| *Morales v. OPARC*, San Bernardino Superior Court Case No. CIVDS1622051. | $525 | 2018 |
| *Luis Aguilar v. Hook Burger LLC*, Los Angeles County Superior Court, Case No. BC608694 | $525 | 2018 |

| | | |
|---|---|---|
| *Delgado v. Cienega Medical Spa, Inc.,* Los Angeles County Superior Court, Case No. BC637702 | $525 | 2018 |
| *Vinnitsky v. LA Overnight, LLC*, Los Angeles County Superior Court, Case No. BC655314 | $525 | 2018 |
| *Hopper-Porter v. Desert Regional Medical Center, Inc.,* Riverside Superior Court Case No. RIC1610095 | $525 | 2018 |

17.     More recently, on June 27, 2019, Judge Cohn of the San Bernardino Superior Court, approved my requested hourly rate of $550 per hour in the wage-and-hour class action entitled *Backus v. Schireson Bros., Inc.*, Case No. CIVDS1809620. I believe an increase from the foregoing rate is appropriate given the fact that this action was pending in San Bernardino County, which I am informed and believe, has a substantially lower market rate than the San Francisco Bay Area, where this action is venued.

**B.      Hours Devoted**

18.     Consistent with this Court's Standing Order Re. Civil Cases, I have reviewed my contemporaneous time records and summarized the hours expended by category of major tasks devoted to this case in the following chart.

| Task | Rate | Hours | Lodestar |
|---|---|---|---|
| Pre-Complaint Investigation and Complaints | $600 | 79.50 | $47,700 |
| Case Management Documents and Work | $600 | 37.50 | $22,500 |
| Written Discovery, Document Production and Review, Depositions, and Expert Work | $600 | 451.60 | $270,960 |
| Opposition to Motion to Dismiss and Reconsideration of MTD Order | $600 | 67.20 | $40,320 |
| Motion for Class Certification and Opposition to Motion for Reconsideration | $600 | 177.90 | $106,740 |
| Opposition to Rule 23(f) Petition | $600 | 42.10 | $25,260 |
| Motion for Preliminary Approval of Settlement | $600 | 41.10 | $24,660 |
| Motion for Attorneys' Fees and Costs and Service Awards | $600 | 23.30 | $13,980 |
| Motion for Final Approval of Settlement | $600 | 21.20 | $12,720 |

| | | | |
|---|---|---|---|
| Settlement Efforts | $600 | 81.80 | $49,080 |
| Communication With Opposing Counsel and Third Parties | $600 | 40.50 | $24,300 |
| Client Communication | $600 | 38.20 | $22,920 |
| Travel Time | $600 | 28.00 | $16,800 |
| Miscellaneous | $600 | 67.90 | $40,740 |
| **Total** | **N/A** | **1197.80** | **$718,680** |

19.     Although the categories listed in the above chart should be relatively self-explanatory, I will provide a more detailed explanation of the work encompassed within some of these categories for context:

- **Pre-Complaint Investigation and Complaints**: includes initial factual and legal research and investigation, and drafting three iterations of the complaint.

- **Case Management Documents and Work**: includes time devoted to case management issues, such as drafting and reviewing pleadings, notices, reports, stipulations, and other documents filed or otherwise entered into in this case.

- **Motions**: the specific motions listed include research, drafting briefs (opening briefs, opposition briefs, and reply briefs where applicable), and preparation for and attendance at hearings, where applicable.

- **Settlement Efforts**: includes drafting mediation briefs, communications with the mediator, preparation for and attendance at two mediation sessions, negotiations with defense counsel, drafting and revising the Settlement Agreement and related exhibits, and communicating with the Settlement Administrator and Class Members.

- **Miscellaneous**: includes research on array of matters, such as standing, appeals, settlements in other cases, discovery issues, procedural issues, etc., and factual research regarding matters such as SEC documents and other public filings of Defendant,

20.     Class Counsel worked hard to move this case forward in an efficient manner. Although Class Counsel vigorously litigated this case behalf of the Class, we were also mindful of avoiding unnecessary battles that would create work, but not necessarily advance the case. For example, we were able to work out discovery disputes with Defendant without having to engage in costly discovery motions. This philosophy of zealous but professional litigation generally guided Class Counsel's approach throughout the case.

21.     Class Counsel also worked in cooperation with one another to endeavor to divide tasks, ensure efficient case management, and avoid duplicative work.

22.     I spent approximately 28 hours flying on seven occasions to and from Los Angeles to the Bay Area, for a meeting with witnesses, two court hearings, two mediation sessions, an in-person meeting at opposing counsel's SF office, and one deposition. I have conservatively accounted for total travel time to and from Los Angeles to the Bay Area as 3 hours per trip (even though total travel time far exceeds 3 hours). I also traveled from Los Angeles to Portland for one deposition, and accounted for total travel time as 7 hours (even though total travel time far exceeds 7 hours). From this, I have further cut this time in half, and am therefore only seeking compensation for 14 hours in travel time.

23.     If the Court grants final approval, these hours also do not account for the work that WLF will need to devote to post-settlement supervision. Based on my experience, Class Counsel will need to devote a considerable amount of time as we continue to finalize the settlement process and close the litigation. For example, Class Counsel will need to assist Class Members with inquiries and otherwise oversee the settlement administration process. Although there have been no objections to the Settlement to date, this time may be considerably higher if any objections are filed.

**C.     Contingent Risk**

24.     WLF took this case on a contingent basis and has devoted a substantial amount of time and energy into litigating this case all while receiving no payment and in the face of considerable risk. At the time WLF decided to pursue this litigation, any monetary recovery was far from certain. WLF knew that Defendant would devote significant resources to this litigation and would retain skilled attorneys who would (and did) mount a vigorous defense. WLF also knew that there were risks regarding the viability of Plaintiffs' claims, whether Plaintiffs would be able to obtain the evidence to support their claims, and whether Plaintiffs would be able to successfully certify a class. And even if a settlement or favorable judgment was reached, payment would be deferred for a considerable period of time – in this case, approximately three years since the initial investigation of this action. During this time period, WLF has devoted over one

thousand hours of time and expended over $160,000 in out-of-pocket costs, to successfully prosecute this action.

25.     In addition, by pursuing this litigation and devoting the significant resources that this litigation required, WLF necessarily had to forego developing and working on other fee generating matters. This was particularly true during the time period of intense litigation, such as opposing CBA's motion to dismiss, briefing Plaintiffs' motion for class certification, opposing CBA's Rule 23(f) petition for appeal to the Ninth Circuit, and negotiating a detailed settlement agreement.

## LITIGATION COSTS

26.     The out-of-pocket litigation costs that WLF incurred in prosecuting this action are itemized below:

| Description | Amount |
|---|---|
| Filing/service of process fees (including service of subpoenas) | $807.50 |
| Postage/copying/printing costs | $550.00 |
| Pacer research fees | $80.00 |
| Travel expenses to hearings, depositions, and meetings with clients and opposing counsel | $2,487.07 |
| Meals (during depositions and client meetings) | $190.42 |
| Deposition transcripts | $10,693.79 |
| Mediation fees (JAMS, Inc.) | $8,338.06 |
| Expert witness fees (Berkeley Research Group, JMD Stat Consulting, Inc., John Palmer, and Economics & Technology, Inc.) | $137,599.56 |
| **Total** | **$160,746.40** |

//

//

//

//

27.     In total, WLF has incurred $160,746.40 in costs litigating this case. These costs do not include additional costs that may be incurred, such as costs to attend the final approval hearing. I believe all of the foregoing costs were reasonable and necessary to litigate this case. I can provide invoices if requested by the Court.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 2, 2019 at Culver City, California.

*/s/ Aubry Wand*
Aubry Wand

DECLARATION OF AUBRY WAND ISO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS
AND CLASS REPRESENTATIVE SERVICE AWARDS; CASE NO. 5:17-CV-01027-BLF