**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| THEODORE BROOMFIELD, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CRAFT BREW ALLIANCE, INC., *et al.*, <br><br> Defendants. | CASE NO.: 5:17-cv-01027-BLF <br><br> **[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS AND CLASS REPRESENTATIVE SERVICE AWARDS** <br><br> Date: December 19, 2019 <br> Time: 1:30 p.m. <br> Courtroom: 3 – 5th Floor <br> Judge: Hon. Beth Labson Freeman |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS AND CLASS REPRESENTATIVE SERVICE AWARDS**

Plaintiffs Theodore Broomfield and Simone Zimmer ("Plaintiffs") have moved for an award of attorneys' fees and costs and for class representative service awards ("Motion"). ECF No. 121. The Court heard oral argument on the Motion on December 19, 2019 at 1:30 p.m. Having considered the Motion, all exhibits and attachments thereto, the record in this matter, and the briefs and arguments of counsel, the Court hereby **GRANTS** the Motion and **ORDERS** as follows:

**ATTORNEYS' FEES**

1. Under the Settlement, Plaintiffs request $2,900,000 in attorneys' fees and costs, which shall be paid by Defendant separate and apart from the money made available to satisfy payments to the Class and to cover settlement administration costs. Settlement Agreement, ¶¶ 106, 108.[1]

2. After deducting litigation costs in the amount of $329,973.59, Plaintiffs seek $2,570,026.41 in attorneys' fees.

3. Plaintiffs are entitled to attorneys' fees pursuant to Fed. R. Civ. P. 23(h), both because the Settlement Agreement authorizes such fees and because the California statutes on which Plaintiffs bring this case authorize an award of attorneys' fees and costs to a prevailing party. *See* Cal. Civ. Code § 1780(e) and Cal. Code of Civ. Proc. § 1021.5. A plaintiff who obtains a successful settlement, such as the one presented here, is a prevailing party. *Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506 F.3d 832, 844 (9th Cir. 2007) ("Under California law, '[i]t is undisputed that relief obtained through a settlement may qualify a plaintiff as the prevailing party.'") (citation omitted).

---

[1] Unless otherwise defined, capitalized terms used herein have the same meaning as defined in the Settlement Agreement.

4.       The Court has discretion to assess the reasonableness of an attorneys' fees request under either the lodestar method or the percentage of the recovery method. *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 949 (9th Cir. 2015).

5.       Because this is a claims-made settlement, it is difficult to quantify the upper bounds of the monetary relief afforded to the Class. It is also difficult to ascertain with precision the monetary value of the injunctive relief provided under the Settlement. Consequently, the Court will apply the lodestar method. *See In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 570 (9th Cir. 2019) (approving of lodestar method when "it is difficult to estimate the settlement value's upper bounds."); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998) (affirming choice of lodestar method where calculation of value of common fund was uncertain).

6.       "The lodestar method requires 'multiplying the number of hours the prevailing party reasonably expended on the litigation (as supported by adequate documentation) by a reasonable hourly rate for the region and for the experience of the lawyer.'" *Online DVD-Rental*, 779 F.3d at 949 (internal quotation marks omitted).

7.       According to the Declarations of Timothy J. Peter and Aubry Wand (collectively "Class Counsel"), and the exhibits attached to those Declarations, Class Counsel have devoted approximately 3,284 hours to this litigation and have a total lodestar of $1,813,458.75 as of the date of the filing of the Motion, calculated in accordance with hourly rates that are consistent with prevailing rates in this community.

8.       With respect to Class Counsel's hours, "[a]n attorney's sworn testimony that, in fact, it took the time claimed . . . is evidence of considerable weight on the issue of the time required[.]" *Blackwell v. Foley*, 724 F. Supp. 2d 1068, 1081 (N.D. Cal. 2010) (internal quotation marks omitted). Consistent with this Court's Standing Order Re Civil Cases, Class Counsel have summarized their billing on a timekeeper by timekeeper basis by category of major tasks devoted to the litigation. *See* Declaration of Timothy J. Peter ("Peter Decl.")., Ex. D; Declaration of Aubry Wand ("Wand Decl."), ¶ 18. These records do not include the time that Class Counsel will need to devote to post-settlement supervision. Peter Decl., ¶ 20; Wand Decl., ¶ 23. Based on the documentation of Class Counsel, and in light of success achieved by them over the course of this

thoroughly contested litigation, the Court concludes that the hours expended by Class Counsel in this matter are reasonable.

9. The Court also finds that the requested hourly rates for Class Counsel are reasonable. In making this determination, the Court has considered similar rates for Class Counsel approved by courts in California and other jurisdictions in previous cases. Peter Decl., ¶¶ 23-24; Wand Decl., ¶¶ 16-17; *see also United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990) ("Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determination in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate.").

10. Class Counsel's requested hourly rates are also in line with rates approved for attorneys in other similar class actions in the Northern District of California as referenced in Class Counsel's declarations. *See, e.g.*, *Koller et al. v. Med Foods, Inc., et al.*, Case No. 3:14-CV-2400-RS (N.D. Cal. Aug. 29, 2018) (approving rates of $950-$975 for partners and $775 for associate that had practicing for 9 years); *Kumar v. Salov North America Corp.*, Case No. 14-cv-2411 (N.D. Cal. Jul. 7, 2017) (approving rates of $925-$950 for partners and $725 for associate that had practicing for 8 years); *Fitzhenry-Russell v. Keurig Dr Pepper Inc., et al*, Case No. 5:17-cv-00564 (N.D. Cal. Feb 03, 2017) (ECF Nos. 327-1, 350) (approving partner rates up to $894 and associate rates up to $658); *In re Optical Disk Drive Prod. Antitrust Litig.*, No. 3:10-MD-2143 RS, 2016 WL 7364803, at *8 (N.D. Cal. Dec. 19, 2016) (approving partner rates up to $950 and associate rates up to $605 finding that "these ranges are within the ranges accepted by other Courts in this District and market surveys."); *Gutierrez v. Wells Fargo Bank, N.A.*, No. C 07-05923 WHA, 2015 WL 2438274, at *5 (N.D. Cal. May 21, 2015) (approving partner rates up to $975 and associate rates up to $495 in a consumer class action).

11. Accordingly, the Court concludes that Class Counsel's lodestar of $1,813,458.75 is reasonable. The requested attorneys' fees of $2,570,026.41, however, represent approximately a 1.42 multiplier of Class Counsel's lodestar figure. Although the lodestar figure is "presumptively reasonable," the "district court may then adjust the resulting [lodestar] figure upward or downward to account for various factors […] including the quality of the representation, the benefit obtained

for the class, the complexity and novelty of the issues presented, and the risk of nonpayment." *In re Hyundai*, 926 F.3d at 570 (citing *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975)).

12. The Court has considered the foregoing factors and finds that an upward adjustment of a 1.42 multiplier of Class Counsel's lodestar is appropriate. In particular, the Court finds: (a) Class Counsel displayed skill and zealously litigated this case on behalf of the Class in the face of a well-resourced Defendant that was represented by highly competent counsel; (b) the Settlement provides benefits to a nationwide Class in the form of considerable monetary and injunctive relief; (c) the case involved the prosecution and management of a national class action that presented several complex issues of law and fact; and (d) Class Counsel undertook representation of this matter on a pure contingency-fee basis, expending time and out-of-pocket costs, with no guarantee of any recovery.

13. The Court also recognizes that a 1.42 multiplier is not uncommon for consumer class actions pending in California state courts, *see*, *e.g.*, *Wershba v. Apple Computer, Inc.*, 91 Cal. App. 4th 224, 255 (2001) ("Multipliers can range from 2 to 4 or even higher."), and district courts sitting in this Circuit, *see*, *e.g.*, *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051 n.6 (9th Cir. 2002) (multipliers "ranging from one to four are frequently awarded . . . when the lodestar method is applied."). Accordingly, the Court finds that a 1.42 multiplier on Class Counsel's lodestar is reasonable and appropriate.

14. The Court is not required to cross-check Class Counsel's lodestar. *In re Hyundai*, 926 F.3d at 571 ("we do not require courts employing the lodestar method to perform a 'crosscheck' using the percentage method. This would make 'little logical sense,', because 'the lodestar method yields a fee that is presumptively [reasonable].'") (citation omitted).

15. However, Plaintiffs assert that a percentage of the recovery cross-check supports the reasonableness of the requested attorneys' fees. Plaintiffs submit that when taking into account the money available to satisfy Class Member Claims (estimated at $10,000,000), the costs of class notice and settlement administration (at least $395,000), the attorneys' fees and costs (up to

1  $2,900,000), and the value of the injunctive relief (estimated at least $24,881,137), the total
2  monetary value of the Settlement is estimated at $38,176,137. Motion at 13-14.

3        16.    The Court finds that the foregoing estimated value of the Settlement is reasonable.
4  With respect to the monetary compensation to the Class, in a claims-made settlement such as this,
5  where Class Members are eligible to receive cash payments if they submit a valid Claim Form, the
6  Court should look to the funds made available to the Class, not the amount actually claimed by the
7  Class. *See Williams v. MGMPathe Commc'ns Co.*, 129 F.3d 1026, 1027 (9th Cir. 1997); *Miller v.*
8  *Ghirardelli Chocolate Co.*, No. 12-CV-04936-LB, 2015 WL 758094, at *5 (N.D. Cal. Feb. 20,
9  2015) ("Ninth Circuit precedent requires courts to award class counsel fees based on the total
10 benefits being made available to class members rather than the actual amount that is ultimately
11 claimed."). Here, each Class Member who submits a timely and valid Claim Form will receive a
12 maximum amount of $10 per household without proof of purchase or $20 per household with
13 proof of purchase. Settlement Agreement, ¶ 77(b), (c). If more than 1 million Claims are
14 submitted, Defendant has the option to terminate the Settlement. *Id.*, ¶ 77(d). Based on this, the
15 Court agrees that Plaintiffs' method of calculation – multiplying the $10 available to each Class
16 Member without proof of purchase by one million Claims – is a reasonable valuation of the total
17 funds available to the Class.

18       17.    The Court finds that the costs of providing notice and administering the Settlement
19 in the amount of $395,000 should be included when calculating the value of the Settlement.
20 *Online DVD-Rental*, 779 F.3d at 953 ("The district court did not abuse its discretion in calculating
21 the fee award as a percentage of the total settlement fund, including notice and administrative
22 costs, and litigation expenses"). Similarly, the $2,900,000 in attorneys' fees and costs that
23 Defendant has agreed to pay should be included when calculating the value of the Settlement.
24 *Staton v. Boeing Co.*, 327 F.3d 938, 975 (9th Cir. 2003) ("[W]here the defendant pays the
25 justifiable cost of notice to the class . . . it is reasonable . . . to include that cost in a putative
26 common fund benefiting the plaintiffs for all purposes, including the calculation of attorneys'
27 fees.").

28

18.     Lastly, it is appropriate to consider the value of the injunctive relief. *See Pokorny v. Quixtar, Inc.*, No. C-07-0201-SC, 2013 WL 3790896, at *1 (N.D. Cal. July 18, 2013) ("The court may properly consider the value of injunctive relief obtained as a result of settlement in determining the appropriate fee."). On this point, Plaintiffs proffer the declaration of Stefan Boedeker, who has applied the 12.7% price premium he previously calculated at the contested class certification stage, to projected nationwide revenue of the Kona Beers for the years 2020-2023 (the four-year time period of the injunctive relief), and determined that the value of the injunctive relief is between $24,881,137 and $52,809,883, depending on how the projected revenue is measured. Motion at 13; Declaration of Stefan Boedeker, ¶¶ 12-18. The Court finds that $24,881,137, which is the most conservative valuation submitted by Plaintiffs, represents a reasonable estimate of the monetary value of the injunctive relief.

19.     Accordingly, the Court finds that the Settlement is reasonably valued at $38,176,137. The attorneys' fees of $2,570,026.41 represents 6.7% of the Settlement, which is less than the 25% benchmark in the Ninth Circuit. *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989). Even if the Court excluded the monetary value of the injunctive relief, the Settlement is still reasonably valued at $13,295,000; thus, the requested fees would represent 19% of the Settlement, which is still below the 25% benchmark.

20.     Therefore, the Court concludes that Plaintiffs are entitled to and awarded $2,570,026.41 in attorneys' fees under the lodestar method with a 1.42 multiplier. Cross-checking this award under the percentage of the recovery supports this award.

## LITIGATION COSTS

21.     Plaintiffs are entitled to reimbursement of their reasonable litigation expenses. *In re Omnivision Tech., Inc.*, 559 F. Supp. 2d 1036, 1048 (N.D. Cal. 2008) (allowing recovery of "expenses relat[ing] to photocopying, printing, postage and messenger services, court costs, legal research on Lexis and Westlaw, experts and consultants, and the costs of travel for various attorneys and their staff throughout the case.") (citing *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994)).

22. Class Counsel have incurred out-of-pocket costs totaling $329,973.59. Peter Decl., ¶ 27; Wand Decl., ¶ 26. Based on the documentation provided by Class Counsel, the Court concludes that the litigation expenses for which Plaintiffs seek reimbursement were reasonably incurred, were necessary to the effective representation of the Class, and would normally be charged to a fee-paying client. Accordingly, Plaintiffs are entitled to and awarded $329,973.59 in litigation expenses.

## CLASS REPRESENTATIVE SERVICE AWARDS

23. The Court finds that the requested Class Representative Service Awards in the amount of $5,000 to each of the two Plaintiffs are reasonable and appropriate.

24. As a general matter, plaintiffs in class actions are entitled to reasonable service awards. *Staton*, 327 F.3d at 977. The Court finds that each of the Plaintiffs have devoted a considerable amount of time to this case, have diligently represented the Class, and without their assistance, this Settlement would not have been reached. Declaration of Theodore Broomfield, ¶¶ 5-6; Declaration of Simone Zimmer, ¶¶ 5-6. The Court also finds that this Settlement is not contingent on the requested service awards, and thus, there is no conflict of interest between Plaintiffs and the Class. Settlement Agreement, ¶¶ 113-114. The Court also finds that $5,000 is typical and presumptively reasonable based on Plaintiffs' efforts and the result achieved for the Class. *See, e.g., Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 958 (9th Cir. 2009) (class representative service awards "are fairly typical in class action cases"); *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 266 (N.D. Cal. 2015) (collecting cases and observing that "[in the Northern District of California], a $5,000 payment is presumptively reasonable."). Accordingly, each of the two Plaintiffs are entitled to and awarded $5,000 in service awards.

//
//
//
//
//
//

# CONCLUSION

25. For the foregoing reasons, the Court approves and awards: (1) attorneys' fees and expenses in the amount of $2,900,000, and (2) a class representative service award of $5,000 to each of the two Plaintiffs. These payments shall be paid by Defendant to Plaintiffs and Class Counsel in accordance with the timeframes set forth in the Settlement Agreement.

**IT IS SO ORDERED.**

DATED: _____

Honorable Beth Labson Freeman
United States District Court Judge