UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THEODORE BROOMFIELD, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CRAFT BREW ALLIANCE, INC., <br><br> Defendant. | Case No. 17-cv-01027-BLF <br><br> **ORDER GRANTING PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF DECLARATION OF STEFAN BOEDEKER** <br><br> [Re: ECF 122] |

Before the Court is Plaintiffs' administrative motion to file under seal portions of the declaration of Stefan Boedeker, which is being filed in support of Plaintiffs' Motion for Attorneys' Fees and Costs and Class Representative Service Awards (ECF 121). ECF 122. For the reasons that follow, the motion to seal is GRANTED.

I. **LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

1    Parties moving to seal documents must also comply with the procedures established by
2    Civ. L.R. 79-5.  Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request
3    that establishes the document is "sealable," or "privileged or protectable as a trade secret or
4    otherwise entitled to protection under the law."  "The request must be narrowly tailored to seek
5    sealing only of sealable material, and must conform with Civil L.R. 79-5(d)."  Civ. L.R. 79-5(b).
6    In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly
7    tailored to seal only the sealable material" which "lists in table format each document or portion
8    thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the
9    document" that indicates "by highlighting or other clear method, the portions of the document that
10   have been omitted from the redacted version."  Civ. L.R. 79-5(d)(1)(d).  "Within 4 days of the
11   filing of the Administrative Motion to File Under Seal, the Designating Party must file a
12   declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material
13   is sealable."  Civ. L.R. 79-5(e)(1).

## II.   DISCUSSION

The Court has reviewed Plaintiffs' sealing motion and the declarations submitted in support thereof.  The Court finds that Plaintiffs have articulated compelling reasons to seal certain portions of the requested document.  The proposed redactions are narrowly tailored.  The Court's ruling on the sealing request is set forth in the table below.

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| 121-9 | Declaration of Stefan Boedeker | GRANTED as to the highlighted portions at ¶ 12(a) and (c); ¶ 13, Table 1; ¶ 14 and Table 2; ¶ 15 and Table 3; ¶ 16 and Table 4; and ¶ 17, Table 5. | If filed publicly, this confidential and competitively sensitive information could be used to the disadvantage of Craft Brew Alliance ("CBA") by competitors, as it reveals information related to CBA's sales data and potential methodology in calculating future revenue.  Webb Decl. ¶ 5. ECF 123.  In particular, CBA's competitors could use this confidential information to undermine CBA's pricing and financial plans and practices. |

### III. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Plaintiff's motion to seal at ECF 122. No further action is necessary.

**IT IS SO ORDERED.**

Dated: September 9, 2019

_____
BETH LABSON FREEMAN
United States District Judge